### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF SOUTH DAKOTA

Civil Action No. 2021-cv-_5072_____

BLACK HILLS CLEAN WATER ALLIANCE,
    Plaintiff

  v.

U.S. FOREST SERVICE, an agency of the United States;
U.S. DEPARTMENT OF AGRICULTURE, an agency of the United States,
   Defendants.

---

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

### I.  INTRODUCTION

1. Defendants U.S. Forest Service (Forest Service), and U.S. Department of Agriculture (USDA) are agencies of the United States that have violated federal law and wrongfully withheld records responsive to a written Freedom of Information Act ("FOIA") request made by Plaintiff Black Hills Clean Water Alliance ("BHCWA"). 5 U.S.C. § 552, *et seq.*

2. On October 20, 2020, BHCWA submitted a written request ("FOIA Request") to the Northern Hills District Office of the Black Hills National Forest that agency records related to exploratory gold drilling in the Northern Hills be produced in searchable pdf format and sent to BHCWA on a physical electronic media. Ex. 1.  On December 16, 2020, the Forest Service issued a letter responding to the FOIA Request that "concludes the Forest Service's response to your FOIA request." Ex. 2 at 2 (FOIA Determination).  A portion of the 2,627 responsive records identified in the agency search were posted to the agency website.  An undetermined number of pages were withheld, in full or by redactions, based on *en masse* assertions of FOIA exemptions.

The FOIA Determination failed to explain how the release of any information in the withheld agency records could result in a FOIA-cognizable harm.

3.    The Forest Service subsequently removed and altered an undetermined number of already-released agency records that were posted to the website.

4.    On March 16, 2021, BHCWA submitted a FOIA appeal. Ex. 3 (FOIA Appeal"). On July 8, 2021, after the appeal deadline had passed, the USDA Office of General Counsel ("USDA OGC") provided a letter containing "a partial response your Freedom of Information Act (FOIA) appeal dated and received on March 16, 2021, in the U.S. Department of Agriculture's Forest Service Washington Office FOIA Service Center." Ex.4 ("Partial Appeal Response") ("This partial response addresses the portion of your appeal concerning the 266 pages with portions redacted; please note that your appeal of adequacy of search will be addressed under separate cover."). Apart from the adequacy of search issue, the Partial Appeal Response also failed to resolve the form and format issue raised in the appeal, and again pointed BHCWA to an ephemeral agency website instead of complying with the request for searchable pdf copies of agency records be placed on a physical electronic media (DVD or flash drive) and mailed to BHCWA.

5.    The July 8 Partial Appeal Response stated that "This is the Agency's final determination of your FOIA appeal. You may seek judicial review of the determination in an appropriate United States District Court pursuant to 5 U.S.C. § 552(a)(4)(B)." Regardless of the agency's contradictory statements, the Defendants' failure to respond to the entirety of the appeal serves as constructive exhaustion of BHCWA's administrative remedies.

6.    Jurisdiction is proper in the District Court to address the Forest Service withholdings, as well as the pattern and practice of violating FOIA by withholding agency records with time-

sensitive information that BHCWA relies upon to inform itself of activities involving the National Forest System.  Defendants' pattern and practice of delay, ignoring FOIA mandates, and unlawfully withholding agency records from BHWCA involves arbitrary and capricious conduct that shields Forest Service consideration of private mining proposals in the Black Hills National Forest from public scrutiny.

7.    Ongoing litigation sets out nearly identical circumstances and Defendants' patterns, practices, and policies that delay and deny BHCWA's request for prompt FOIA access to agency records involving agency records containing information regarding mining in the Black Hill National Forest. *BHCWA v. Forest Service*, 5:20-cv-05034-JLV.  Objections regarding the Magistrate's Findings and Recommendations on cross motions for summary judgment were filed in that case on October 14, 2021. *Id*.

8.    Congress determined that FOIA litigation is subject to expedited consideration.  Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552 (a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.").  Federal Defendants are not allowed to claim insufficient appropriations as a basis to relieve a federal agency of the statutory duties imposed by FOIA or the duty to comply with judicial orders.

9.    By violating FOIA, Defendants have harmed BHCWA's statutory right that "upon any request for records [agencies] shall make the records promptly available to any person" unless subject to a recognized FOIA Exemption, regardless of the requester's purpose. 5 U.S.C. § 552(a)(3)(A).

10.   BHCWA respectfully requests an order finding that Defendants have violated FOIA, directing Defendants to make a prompt determination on BHCWA' FOIA Request that is supported by agency declarations documenting each search and each assertion of a FOIA Exemption, and compelling Defendants to promptly provide BHCWA a flash drive or DVD with searchable PDF copies of the responsive records by a date certain.

## II.  JURISDICTION AND VENUE

11.   This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform a duty).

12.   Defendants' failure to make a lawful determination on BHCWA' FOIA Request within twenty (20) working days of receipt by the Forest Service is construed as a denial of the FOIA Request and waives all further exhaustion of administrative appeals requirements that can otherwise apply in FOIA cases. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

13.   BHCWA's timely filed FOIA Appeal exhausted all administrative remedies.

14.   Defendants' Partial Appeal Response failed to "make a determination with respect to any appeal within twenty [working] days" of receipt of the appeal by Defendants and is properly construed as a denial of the FOIA Appeal and waives all administrative appeals requirements that can otherwise apply in FOIA cases. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(C)(i).

15.   Actual and constructive exhaustion of administrative remedies vests this District Court with jurisdiction to resolve all issues regarding the FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such

request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

16.    Venue in this Court is proper. 5 U.S.C. § 552(a)(4)(B).  BHCWA is a non-profit corporation with offices in Rapid City, South Dakota.  BHCWA's staff filed the FOIA Request at issue.  The records requested by this FOIA Request involve ongoing USDA and Forest Service regulatory authority over the Black Hills National Forest, and National Forest System lands throughout the nation.

17.    Venue is also appropriate under 28 U.S.C. § 1391 because Defendants are agencies of the United States with multiple offices located in South Dakota and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

18.    This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  The District Court "shall determine the matter *de novo*." 5 U.S.C. § 552(a)(4)(B).

19.    This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).  The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations.

20.    This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

21.    In addition to *de novo* review and authority to compel agency FOIA compliance, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make

binding recommendations to remedy an agency's potentially arbitrary and capricious circumstances surrounding the withholding of agency records.  5 U.S.C. § 552(a)(4)(F).

22.   "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

23.   The FOIA claims made in this Complaint are ripe for judicial review and BHCWA's harms can be remedied by an order of this Court.

### III. PARTIES

24.   Plaintiff Black Hills Clean Water Alliance ("BHCWA") is a non-profit conservation organization dedicated to preventing future radioactive and destructive mining in the Black Hills region to protect the region's valuable resources – especially water – for future generations. BHCWA's members include a diverse collection of citizens concerned about the health, environmental, and economic impacts that irresponsible mining projects would have on communities, people, economy, and natural resources.  BHCWA has offices in Rapid City, South Dakota.

25.   Any person who files a FOIA request is deemed to have standing to invoke the jurisdiction of the Federal Courts to carry out the judicial review provisions of FOIA.  BHCWA filed the FOIA Request at issue, a timely FOIA Appeal, and has standing to bring this FOIA suit.

26.   BHCWA brings this action on its own behalf and on behalf of its adversely affected members and supporters.  Specifically, the records sought in this action are requested in support of BHCWA and its members' efforts to monitor and engage in the Forest Service's consideration of proposed mineral mining and exploration projects in and around the Black Hills.  At least two such projects have begun permitting and/or initial project activities involving the Forest Service.

The Forest Service has issued a draft Environmental Assessment for a mining proposal known as the F3 Jenny Gulch project and set an arbitrary and capricious deadline for October 22, 2021 for BHCWA and members of the public to submit comments, even though the Forest Service has not fully complied with the FOIA Request.  Without prompt access Congress sought to ensure through the FOIA and subsequent amendments, BHCWA would not be timely alerted to - or have full information about - mining proposals that threaten irretrievable and irreversible damage to BHCWA's interests involving the Black Hills and the National Forest.  Without prompt FOIA access, BHCWA, BHCWA members, and BHCWA allies are unable to fully participate in public comment opportunities afforded by federal environmental, historic preservation, cultural resource, and public lands laws that are triggered by private mining proposals.

27.   BHCWA works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA.  BHCWA then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations.  BHCWA's successful efforts at educating the public on issues concerning federal government authorities, programs, and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities in and around the Black Hills.  BHCWA also uses the information that it acquires through FOIA to participate in federal, state, and local decision-making processes, to file administrative appeals and civil actions, and generally to ensure that local, state, and federal agencies comply with local, state, and federal environmental laws. Forest Service personnel in the Black Hills have engaged in potentially arbitrary and capricious conduct

to delay, and otherwise withhold, access to agency records responsive to BHCWA's FOIA

Request(s).

28.   BHCWA regularly uses FOIA as an important tool for gaining access to information

about agency activities.  BHCWA regularly uses FOIA to identify, contact, and potentially

associate with non-governmental persons who have provided input or comments to the Forest

Service regarding National Forest management.

29.   BHCWA compiles and analyzes information accessed via FOIA and disseminates that

information to its membership, the general public, and public officials through various sources

including publications, reports, its website and newsletter, general news media coverage, and

public presentations.  BHCWA's successful efforts at educating the public on issues concerning

federal government programs and activities that affect the environment contribute significantly

to the public's understanding of governmental operations and activities.

30.   BHCWA is harmed when it is denied prompt access to agency records to which it is

entitled by virtue of filing a written FOIA request.

31.   BHCWA intends to continue its use of FOIA to access agency records in the possession

of Defendants.  Specifically, BHCWA has concrete plans to continue submitting periodic FOIA

requests to the Forest Service and other federal agencies as the referenced mineral mining and

exploration efforts continue, and to follow up on the information learned while reviewing agency

records responsive to its FOIA Requests.

32.   One of the purposes of FOIA is to promote the active oversight role of public advocacy

incorporated in many federal laws applicable to federal agencies, including the Administrative

Procedure Act. *See,* 5 U.S.C. § 551, *et seq.*  The National Environmental Policy Act

implementing regulations explicitly reference FOIA as a means to access public records. 42

U.S.C. § 4332(C) (EIS shall be made available to public in accord with 5 U.S.C. § 552); 40

C.F.R. § 1506.6(f) (underlying documents required for NEPA compliance are "available to the

public pursuant to [FOIA], without regard to the exclusion for interagency memoranda where

such memoranda transmit comments of Federal agencies on the environmental impact of the

proposed action").  Prompt FOIA access to mining proposals is confirmed by Forest Service

regulations. 36 C.F.R. § 228.6 ("all information and data submitted by an operator pursuant to

the regulations in this part shall be available for examination by the public at the Office of the

District Ranger in accordance with the provisions of [7 C.F.R §§ 1.1-1.6 and 36 C.F.R. §§ 200.5-

200.10.").

33.    BHCWA uses FOIA to participate in NEPA processes, including those involving

mining proposals for the National Forest in order to monitor and publicize activities of federal

agencies, and to mobilize the public to participate in the management of public land and other

public resources that are often threatened by mining proposals.  BHCWA intends to continue

using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency

records, including information and data submitted by mining proponents, a practice Congress

intended to promote through the adoption of FOIA.  BHCWA has used, and intends to continue

using, FOIA requests that often provide the only means to timely identify and fully understand

mining projects in the Black Hills National Forest. Without prompt FOIA access, BHCWA, its

members, the public, Native American Tribes, and elected officials would not otherwise know

about mining proposals that threaten a range of interests in the Black Hills.

34.    BHCWA, its staff, and/or one or more of its members have and will suffer direct injury

by the Defendants' failure to comply with the statutory requirements of FOIA. A favorable

outcome of this litigation can redress that injury.  Defendants' refusals to provide timely FOIA

access to agency records involve arbitrary and capricious circumstances that prevent BHCWA's informed involvement in Defendants' self-imposed comment and objection deadlines that restrain BCHWA's opportunities to participate in administrative processes involving mining proposals.

35.    Defendant FOREST SERVICE is an agency as defined by 5 U.S.C. § 552(f)(1).  FOIA charges the Forest Service with the duty to provide public access to agency records in its possession or control.  Defendant Forest Service possesses records responsive to BHCWA's FOIA Request.  Defendant Forest Service has denied and continues to deny BHCWA access to agency records in contravention of federal law.

36.    Defendant USDA is an agency as defined by 5 U.S.C. § 552(f)(1).  FOIA charges the USDA Office of the Secretary with the duty to provide public access to agency records in its possession or control. The USDA and the Office of the Secretary possess records requested by BHCWA.  The Office of the Secretary is denying BHCWA access to its records in contravention of federal law.  The Office of the Secretary oversees the Office of General Counsel, which provides inside counsel services to the Forest Service, USDA, and other USDA components.

37.    When Defendants carry out FOIA duties involving FOIA Appeals and FOIA Exemptions (5 U.S.C. § 552(b)), the Office of the General Counsel acts as a FOIA Officer and acts outside the capacity of an attorney providing legal advice to a client in preparation for litigation.  The OGC is not named as defendant, at this time, and need not be named because it is a USDA component agency.  On information and belief, the Office of General Counsel possesses withheld agency records that the Forest Service identified as responsive to BHCWA's FOIA Request.  On information and belief, the Office of General Counsel did not conduct a search for

agency records created or obtained by Office of General Counsel personnel while reviewing mining proposals subject to the FOIA Request.

38.   Among other things, Defendants failed to lawfully make a final determination on BHCWA's FOIA Request within the statutory twenty working day limit.  As of the date of this filing, a final determination has not been made on the FOIA Appeal.  As of the date of this filing, Defendants have not fully addressed the search or the form/format aspects of the FOIA Appeal. As of the date of this filing, each Defendant (and/or their counsel) possesses, controls, and unlawfully withholds agency records responsive to BHCWA's FOIA Request that are not subject to a FOIA Exemption.

## IV.  SUMMARY OF LAW

39.   FOIA imposes statutory duties upon agencies to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the *fundamental 'right to know*.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶6 2007) (*emphasis supplied*).  Congressional actions taken to increase public access to agency records demonstrates that judicial interpretation and application of FOIA that limit public access must be applied sparingly. *Id*.

40.   In 2016, Congress enacted the FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016).  Like previous enactments, the 2016 legislation implemented several changes to FOIA that were designed to increase public access to government records. H.R. REP. NO. 391, 114th Cong., 2d Sess. 1, 7-8 [*4]  (2016); S. REP. NO. 4, 114th Cong., 1st Sess. 2-5 (2015).

41.   The FOIA Improvement Act addresses Congressional "concerns that some agencies [were] overusing FOIA exemptions that allow, but do not require, information to be withheld from disclosure." S. REP. NO. 4, 114th Cong., 1st Sess. 2 (2015); see also H.R. REP. NO. 391,

114th Cong., 2d Sess. 9 (2016) ("[T]here is concern that agencies are overusing these exemptions to protect records that should be releasable under the law.").

42.  In 2016, Congress added the distinct foreseeable harm requirement to foreclose the withholding of material unless the agency can "articulate both the nature of the harm [from release] and the link between the specified harm and specific information contained in the material withheld." H.R. REP. NO. 391, at 9.  The foreseeable harm requirement applies to all nine FOIA Exemptions.

43.  This lawsuit is necessary to vindicate BHCWA's right to prompt access to agency records, which is violated by Defendants' unlawful withholding of responsive agency records, in part, by failing to make a determination on BHCWA's FOIA Request within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i).

44.  This lawsuit is also necessary because Defendants have refused to provide estimated dates by which BHCWA's FOIA Request will be completed by fully resolving the FOIA Appeal, an agency duty Congress imposed in 2007 to remedy widespread and casual violations of FOIA deadlines. 5 U.S.C. § 552(a)(7).

45.   Administrative remedies are deemed exhausted whenever an agency fails to comply with an applicable time limit of FOIA. 5 U.S.C. § 552(a)(6)(C)(i).  Defendants' failure to comply with FOIA's time limits has constructively exhausted all of BHCWA's administrative remedies. BHCWA now turns to this Court to provide relief that ensures BHCWA, its membership, and the public have the prompt public access to agency records guaranteed by FOIA. 5 U.S.C. § 552(a)(6).

46.   FOIA is violated whenever an agency withholds an agency record that is not subject to a recognized FOIA Exemption. 5 U.S.C. § 552(a).  An agency's failure to comply with FOIA

deadlines exhausts all administrative remedies and puts all questions of FOIA compliance within the jurisdiction of the federal courts.

47.   FOIA is normally resolved on summary judgment, with the burden of proving FOIA compliance falling on the agency.  During this litigation, the government must carry its burden of demonstrating all elements of FOIA compliance.  The government may meet its litigation burdens by providing detailed affidavits and disclosing countervailing evidence in its possession, that address, among other things: a broad interpretation of the FOIA Request, lawful search, lawful cut-off date for each search, and the justification in a *Vaughn* index for withholding any agency record or part thereof.

## V.   STATEMENT OF FACTS

48.   On October 20, 2020, BHCWA submitted a written request for agency records ("FOIA Request") to the Northern Hills District Office of the Black Hills National Forest that relate to exploratory gold drilling in the Northern Hills. Ex. 1.

49.   The Forest Service received the FOIA Request on or about October 20, 2020.

50.   The Forest Service did not make a determination on the FOIA Request until after 20 working days of receiving the FOIA Request.  The 20th working day after October 20, 2020 fell on November 17, 2020.

51.   On December 16, 2020, the Forest Service issued a letter responding to the FOIA Request.  The December 16, 2020 letter stated documents were being withheld, in full and in part, and informed BHCWA that the December 20, 2020 letter "concludes the Forest Service's response to your FOIA request." Ex. 2 at 2.

52.   The FOIA Request specified "that paper copies be scanned and electronic records be provided on CD-ROM, DVD, flash drive, or other electronic media containing files in native

format and printed from native format into searchable pdfs." FOIA Request at 2.  The requested

form and format is readily producible and is consistently used by the agency in creating and

obtaining agency records.  There is no legally relevant reason BHCWA's form and format

request cannot be honored.

53.   The Forest Service did not provide a physical media with an electronic copy of the

agency disclosure; therefore, BHCWA does not have a DVD, Flash Drive, or other verifiably

correct, original agency production to provide to elected officials, administrative tribunals, or the

Court.  One of the reasons BHCWA requested a physical copy is to provide a verifiable record of

the FOIA disclosure for internal review, and for use and review during appeals, litigation, or

formal comment opportunities.  Another reason BHCWA requested a physical copy is to have a

means to provide the electronic records to persons in the community, many of whom do not have

high speed internet capable of downloading the large files the Forest Service created when

copying word processing and already searchable records into large image files.

54.   BHCWA posts the agency FOIA productions to a Google Drive, which is publicly

accessible by linking to this URL:

https://drive.google.com/drive/folders/1MCdhRZCYkvTgQcC1YR5K_1bfPMz9vU6y?us

p=sharing.  It is impossible to verify the accuracy and completeness of the files BHCWA

downloads, as the agency removes the released document from its website thirty days after

production.

55.   By providing copies of agency records as PDF images instead of searchable PDFs,

BHCWA's ability to review the agency records was hindered.  It appears that the Forest Service

used search software to assemble and review agency records, but the conversion to images

during FOIA processing prevents BHCWA staff from using search software. After-the-fact use

14

of the Optical Character Recognition function to create searchable PDFs from the images has proven unreliable and ineffective. The large file sizes prevented BHCWA's computers from applying Optical Character Recognition to the image files.

56.   Instead of heeding BHCWA's request and FOIA's mandate, Defendants' reproduced agency records into non-searchable PDF files and temporarily posted them to an agency website. Instead of denying the request, the FOIA Determination ignored the request and provided no basis for the determination. 7 C.F.R. § 1.5 (g)(3).  BHCWA's FOIA-cognizable interests were harmed and can be remedied by an order directing production in accordance with the form and format set out in the FOIA Request.

57.   On March 16, 2021, BHCWA submitted a FOIA appeal to the Forest Service. Ex. 3.

58.   On July 8, 2021, after the 20-working day deadline to resolve the appeal had passed, the USDA Office of General Counsel (USDA OGC) provided a letter containing "a partial response your Freedom of Information Act (FOIA) appeal dated and received on March 16, 2021, in the U.S. Department of Agriculture's Forest Service Washington Office FOIA Service Center." Ex.4. The letter stated, "This partial response addresses the portion of your appeal concerning the 266 pages with portions redacted; please note that your appeal of adequacy of search will be addressed under separate cover."

59.   Defendants' Partial Appeal Response also failed to resolve the form and format issue, and again pointed BHCWA to an ephemeral agency website instead of complying with the explicit request for searchable pdf copies of agency records be placed on a physical electronic media (DVD or flash drive) and mailed to BHCWA.

60.    The Partial Appeal Response also stated that "This is the Agency's final determination of your FOIA appeal. You may seek judicial review of the determination in an appropriate United States District Court pursuant to 5 U.S.C. § 552(a)(4)(B)."

61.    Regardless of the agency's contradictory statements, the failure to respond to the entirety of the appeal serves as constructive exhaustion of BHCWA's administrative remedies.

62.    As of close of business on October 20, 2021, BHCWA has not received a final determination on the FOIA Appeal.  As of this filing, Defendants have not provided an updated estimate for a final determination and release of agency records.

63.    Forest Service and USDA possess or control, and are withholding, agency records responsive to BHCWA's FOIA Request that are not subject to a FOIA exemption.  Forest Service withholding of agency records is unlawful.  Alternatively, responsive records were transferred to the USDA Office of General Counsel, an office serving as counsel to Forest Service while also resolving the FOIA Appeal, and therefore that office is also unlawfully withholding records responsive to BHCWA's FOIA Request.

64.    As of this filing, one or more Defendants continue to withhold agency records responsive to the FOIA Request.  Defendants have not made a final determination on the FOIA Appeal.  Defendants have provided no indication that a FOIA-compliant search was designed or implemented.  Defendants have not provided the "cut-off date" used for any search, thereby frustrating BHCWA's ability to file a follow-up FOIA request.  Defendants have provided no particularized basis for withholding any of the specific agency records being withheld in full or in part.

## FIRST CLAIM FOR RELIEF

### Violation of FOIA: Unlawfully Withholding Agency Records
### Responsive to FOIA Request

65.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

66.     Plaintiff submitted a written request for agency records within the possession, custody, and control of Defendants.

67.     Each Defendant is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore must make reasonable efforts to search for requested records upon a written request. 5 U.S.C. § 552(f)(1).

68.     Defendants violated FOIA and unlawfully withheld agency records by failing to produce the requested records and by failing to fully resolve the FOIA Appeal, which was filed on March 16, 2021, within the statutory period. 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(A)(ii).

69.     Defendants have not communicated to Plaintiff the scope of the documents they intend to produce and withhold in response to the FOIA Request by connecting the information to a harm that would warrant withholding any agency record or portion thereof.

70.     Defendants have not disclosed to Plaintiff all agency records responsive to the FOIA Request.

71.     Defendants continue to violate FOIA by failing to conduct and document a lawful search for responsive agency records, which is a condition precedent to a lawful determination. On information and belief, responsive agency records have been withheld due to an unlawfully narrow search that was not designed to identify all agency records. 5 U.S.C. §§ 552(a)(3)(B)-(C).

72.     Defendants violated FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendant has not demonstrated are subject to any FOIA

withholding provision by connecting the information to a foreseeable harm. 5 U.S.C. § 552(b); 5 U.S.C. § 552(a)(8)(A)(i). FOIA's enumerated Exemptions provide the exclusive basis for an agency to withhold agency records. 5 U.S.C. § 552(b). Defendants violated FOIA by failing to demonstrate the applicability of any FOIA exemption to any particular agency records. *Id.*

73.     Plaintiff has a statutory right to the records it seeks, and there is no legal basis for Defendant to assert that FOIA Exemptions apply to the withheld records. *See* 5 U.S.C. § 552(b).

74.     Plaintiff seeks remedy for its statutory right to promptly access all agency records, including those containing information obtained from or provided to non-agency third parties such as the mining proponents and their agents.

75.     Defendants continue to violate FOIA and unlawfully withhold records by not making responsive records promptly available to Plaintiff. 5 U.S.C. § 552(a).

76.     Defendants continue to violate FOIA by failing to release segregable nonexempt portions of agency records. 5 U.S.C. §§ 552(a)(8)(A), 552(b).

77.     Defendants refused to comply with the FOIA Request that sought production of searchable pdf copies on physical media despite the FOIA mandate that the agency shall honor "any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B).

78.     Defendants must pay Plaintiff the reasonable costs of litigation, including attorney fees, when Plaintiff prevails on its FOIA litigation. 5 U.S.C. § 552(a)(4)(E).

79.     At such time as appropriate, Plaintiff anticipates requesting entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

**REQUEST FOR RELIEF**

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A.     Enter Findings and Declare that Defendants violated FOIA by unlawfully withholding agency records responsive to Plaintiff's FOIA Request;

B.     Enter Findings and Declare that each Defendant violated its duty to comply with FOIA's statutory deadlines for resolving Plaintiff's FOIA Request and FOIA Appeal;

C.     Direct by injunction that each Defendant provide Plaintiff with a lawful litigation determination on all aspects of its FOIA Request, including a search declaration, *Vaughn* index, and production in the requested form and format, by a date certain;

D.     Direct by order that each Defendant conduct a lawful search for responsive records;

E.     Direct by order that each Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

F.     Direct by injunction that each Defendant promptly provide all agency records responsive to Plaintiff's FOIA Requests that are not subject to withholding due to an identified harm to one of the nine recognized FOIA exemptions;

G.     Direct by order that each Defendant provide Plaintiff with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

H.     Direct by order that each Defendant provide Plaintiff with all responsive agency records in the form and format specific in the FOIA Request, by a date certain within twenty

working days of any such order;

  I. Grant Plaintiff's cost of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

  J. Enter a finding that Defendants' conduct involves circumstances that raise questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and,

  K. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED October 21, 2021:

*s/ Bruce Ellison*
Bruce Ellison
P.O. Box 2508
Rapid City, SD 57109
605-348-1117
belli4law@aol.com

Jeffrey C. Parsons, Pro Hac Vice
Roger Flynn, Pro Hac Vice
Western Mining Action Project
P.O. Box 349
Lyons, CO 80540
303-823-5738
jeff@wmaplaw.org
roger@wmaplaw.org

Travis E. Stills, Pro Hac Vice
Energy & Conservation Law
1911 Main Ave., Suite 238
Durango, Colorado 8 1301
(970) 375-9231
stills@eclawoffice.org

Attorneys for Plaintiff

JS 44   (Rev. 04/21)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

---

**I. (a) PLAINTIFFS**

Black Hills Clean Water Alliance

**(b)** County of Residence of First Listed Plaintiff   Pennington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Burce Ellison, P.O. Box 2508 Rapid City, SD 57709 (605 348-1117 (pro hac vice: Travis Stills, Jeffery Parsons)

**DEFENDANTS**

United States Forest Service, United States Department of Agriculture

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☒ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

---

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S. C. 552
Brief description of cause:
Unlawful withholding of agency records responsive to a FOIA Request

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.          DEMAND $          CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE   Jeffery L. Viken          DOCKET NUMBER   5:20-CV-05034-JLV

---

DATE
October 21, 2021

SIGNATURE OF ATTORNEY OF RECORD
s/Bruce Ellison

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.