UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BLACK HILLS CLEAN WATER ALLIANCE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE,<br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE,<br><br>Defendants. | 5:21-CV-5072-LLP<br><br>ORDER |

Black Hills Clean Water Alliance ("BHCWA"), a non-profit conservation organization dedicated to protecting the Black Hills region's resources and preventing destructive mining in the region, brought suit against the United States Forest Service ("Forest Service") and the United States Department of Agriculture, seeking release of certain government records pursuant to the Freedom of Information Act ("FOIA").

## BACKGROUND

On October 20, 2020, BHCWA submitted a written request for agency records to the Northern Hills District office of the Black Hills National Forest that relate to exploratory gold drilling in the Northern Hills. A partial response to BHCWA's FOIA request was produced by the Forest Service on December 3, 2020. A final response was submitted on December 16, 2020.

BHCWA filed an administrative appeal to the Forest Service on March 16, 2020. A partial response to the appeal addressing portions redacted under Exemptions 5 and 6 was produced on July 8, 2021. A second response to BHCWA's appeal was produced on November 19, 2021, addressing the adequacy of the agency's search. A third response was produced on August 31, 2022.[1]

---

[1] On September 9, 2022, Defendants filed a motion for leave to supplement the record with information regarding the disclosures made on August 31, 2022. (Doc. 39.)

BHCWA filed this lawsuit on October 21, 2021, asserting that Defendants continued to unlawfully withhold agency records responsive to the FOIA request. (Doc. 1.)

After Defendants answered the Complaint, the Court issued an order for Discovery Report and Scheduling Information which, in part, directed the parties to meet and develop a discovery plan. (Doc. 11.) In The Report of the Parties' Planning Meeting, BHCWA listed eight subjects it wanted to explore through discovery. (Doc. 12.) Defendants stated that they did not believe discovery was required, and that the matters for which BHCWA sought discovery could be addressed through cross motions for summary judgment. (*Id.*) The Court set a shortened timeframe for discovery in the Rule 16 Scheduling Order. (Doc. 13.) The parties admit that they were both unsure about the deadline to complete discovery, but they could not agree on whether to ask the Court for an extension of the deadline. For various reasons, no motion was made by BHCWA to extend the discovery deadline, and discovery was not undertaken.

In a related case, this Court issued an Order on June 29, 2022, requiring the Forest Service to undertake additional searches. *See Black Hills Clean Water Alliance v. United States Forest Service, et al.*, 5:20-cv-05034, at Docket 48. One of the deficiencies identified in that case was that archived emails were not searched by the agency. In light of the June 29 Order in the related case, the Forest Service conducted a search of archived emails in this case. The information discovered in the agency's search was provided to BHCWA on August 31, 2022. BHCWA argues that this is further proof of the inadequacy of the agency's search in this case.[2]

On July 14, 2022, Defendants filed a motion for summary judgment. (Doc 19.) In order to establish the adequacy of their search, Defendants submitted the Declaration of Margaret Scofield. (Doc. 24.) In opposition to Defendants' motion for summary judgment, BHCWA raises a number of concerns about the Scofield Declaration and Defendants' responses to the FOIA request in this case. (Doc. 29.) One of BHCWA's main concerns is the adequacy of the Forest Service's search. In its brief, BHCWA requested leave to conduct some discovery about the adequacy of the search before this Court resolves the case by summary judgment or trial. (*Id.* at 10.)

---

[2] "[D]iscovery of additional documents is evidence that the search was not thorough." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1386 (8th Cir. 1985)

On September 6, 2022, the Court held a hearing on Defendants' motion for summary judgment. Addressing the issue of BHCWA's request for discovery, counsel for BHCWA explained that it likely could limit its discovery to two specific types of documents similar to those that they have obtained in other FOIA requests. Counsel described the documents as search forms used by the agency to "inform" the search, and emails sent out when coordinating the search. Examples of these documents produced by agencies in response to other FOIA requests cases are attached as Exhibit 2 to the Declaration of Bruce Ellison. (Doc. 32-2.)

Defendants continue to argue discovery is unnecessary and that the Court can resolve the case on summary judgment as the record stands.

## DISCUSSION

The Eighth Circuit has explained the burden placed on the government in seeking summary judgment in a FOIA action:

> Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester. In order to discharge this burden, the agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements. . . . An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith. . . . These affidavits are equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that identified documents are exempt.

*Miller v. U.S. Dep't of State,* 779 F.2d 1378, 1382–83 (8th Cir. 1985) (citations and internal punctuation omitted).

Despite the weight to be accorded to agency affidavits, "the burden remains on the government to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found." *Miller,* 779 F.2d at 1383. Once the agency has shown by convincing evidence that its search was reasonable, the burden is on the requester to rebut that evidence by showing the search was not conducted in good faith. *Id.* "Summary judgment would be improper if the adequacy of the agency's search were materially disputed on the record, for such a dispute would indicate that material facts were still in doubt." *Id.*

This Court reviews de novo the issue of the adequacy of the Forest Service's search for records responsive to BHCWA's request. 5 U.S.C. § 552(a)(4)(B).

The Court is aware of cases from various courts limiting discovery in FOIA cases. *See, e.g., Pinson v. U.S. Dep't of Justice*, 55 F.Supp.3d 80 (D.D.C. 2014). Indeed, the local rules of the United States District Court in the District of Columbia exempt FOIA actions from the requirements of initial disclosure under Rule 26(a)(1). *Id.* at 82, citing D.D.C. LCvR 26.2(a)(9). Recently, a district court in the District of Columbia described how courts in that District view the scope of discovery in FOIA cases:

> Discovery in FOIA cases is "rare," and when, as here, it is granted its scope is heavily circumscribed. *In re Clinton*, 973 F.3d 106, 110, 116–17 (D.C. Cir. 2020). Typically, discovery in FOIA matters is "limited to the scope of the agency's search and its indexing and classification procedures." *Heily v. U.S. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003); *see also Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) (explaining that discovery in FOIA matters is "limited to the adequacy of the agency's search and similar matters"); *Pub. Citizen Health Research Grp. v. FDA*, 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that FOIA discovery would be limited to "investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like"), *rev'd in part on other grounds*, 185 F.3d 898 (D.C. Cir. 1999); *Church of Scientology v. IRS*, 137 F.R.D. 201, 202 (D. Mass. 1991) (explaining that discovery in a FOIA case is limited to "certain factual issues, including the scope of the agency's search, its indexing and classification procedures"). So, "[w]hether a thorough search for documents has taken place and whether withheld items are exempt from disclosure are permissible avenues for discovery." *Niren v. Immigration & Naturalization Serv.*, 103 F.R.D. 10, 11 (D. Or. 1984) (concluding that the scope of discovery is limited in FOIA cases to "whether complete disclosure has been made by the agency in response to an individual's request for information."). Other appropriate lines of inquiry include how agency employees "conducted a search, which files were reviewed, what search terms were used, how the documents were produced to [the agency's FOIA specialist], whether any documents were withheld from production, who made the decisions about withholding, and other relevant questions." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1246 (11th Cir. 2008).

*Cole v. Federal Emergency Management Agency*, 340 F.R.D. 485, 487 (D.D.C. 2022).

The Court was unable to find guidance from the Eighth Circuit regarding discovery in FOIA actions. The Court is not convinced that the Eighth Circuit would heavily circumscribe discovery in FOIA cases as has become the practice in the D.C. Circuit. However, BHCWA's

4

requested records fall within even the D.C. Circuit's limitations on discovery because the records are related to the adequacy of the Forest Service's search.

Some circuit courts have noted that the decision whether to allow discovery in FOIA cases is within the district court's discretion. *See, e.g., World Publishing Co. v. U.S. Dep't of Justice*, 672 F.3d 825, 832 (10th Cir. 2012) ("The decision whether to allow discovery in FOIA cases is left largely to the discretion of the district court judge"); *Wood v. FBI*, 432 F.3d 78, 84–85 (2d Cir. 2005). District courts in the Eighth Circuit have broad discretion in managing discovery in other civil litigation. *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013); *see also Haviland v. Catholic Health Initiative-Iowa, Corp*, 692 F.Supp.2d 1040, 1044 (S.D. Iowa 2010) ("Because no single rule or deadline can encompass the myriad of variations in discovery, . . . judges are given broad discretion to manage the overall process in the interests of dispatch and fairness."). It is the Court's conclusion that it has broad discretion to manage discovery in this FOIA case.

In light of its broad discretion to manage discovery, and recognizing the parties' mutual confusion regarding the discovery deadline, the Court will allow BHCWA to discover documents related to the adequacy of the Forest Service's search. Accordingly,

**IT IS ORDERED** that, within 10 days from the date of this Order, Black Hills Clean Water Alliance may serve discovery requests on Defendants related to the adequacy of the Forest Service's efforts to search for responses to the FOIA request in this case. Responses shall be made as provided for in the Federal Rules of Civil Procedure. In lieu of depositions, the discovery requests may also request a narrative of the search processes in this case.

Dated this 21st day of September, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK