UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BLACK HILLS CLEAN WATER ALLIANCE,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE;<br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE,<br><br>        Defendants. | Case: 5:21-cv-05072-LLP<br><br><br>**DEFENDANTS'<br>ANSWERS AND RESPONSES TO<br>PLAINTIFF'S DISCOVERY REQUESTS** |

## <u>REQUESTS FOR ADMISSION</u>

1.    Admit or deny whether Defendants used one or more "Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form" or similar agency form, while acting to fulfill to the FOIA Request.  An example form is attached as Exhibit 1 to this Request.

      **RESPONSE:  Admit.**

2.    Admit or deny whether anyone, on behalf of any Defendants, used email communications to assist with the gathering of agency records responsive to the FOIA Request.

      **RESPONSE:  Admit.**

3.    Admit or deny whether anyone, on behalf of any Defendant, used written materials other than emails to assist with the gathering of agency records responsive to the FOIA Request. (Written materials may include paper documents, texts, bulletin boards, instructions in databases).

      **RESPONSE:  Admit.**

4.    Admit or deny, for each person listed in ECF No. 32-4 at 6-9, whether each such person possessed at least one agency record responsive to the FOIA request.

      **RESPONSE:  Admit that individuals listed in Docket 32-3 at pp. 6-9 were included on e-mail communications pertaining to the subject matter of the underlying FOIA request.**

5.    Admit or deny that no Forest Service person, other than those listed in RFA 5, created or obtained an agency record that is responsive to the FOIA Request.

      **RESPONSE: Defendants object to this Request for Admission as vague, ambiguous, and confusing. There are no persons listed in RFA 5.**

1

6.  Admit or deny that agency personnel were not required to ensure that documents responsive to the FOIA Request were routed through one of the agency persons identified in the summary judgment motion. ECF NO. 20 at 7-9.

    **RESPONSE: Defendants object to this Request for Admission as vague and ambiguous. Subject to this objection, Defendants admit there is no law or written policy requiring agency personnel to ensure that documents responsive to a particular FOIA request be routed through particular agency personnel.**

7.  Admit or deny that the "routed through" limitation resulted in a search that would only identify responsive agency records that were sent to personnel who conducted a search. ECF NO. 20 at 7-9.

    **RESPONSE: Deny. The custodians identified were the most likely to have unique records responsive to the request.**

8.  Admit or deny that the "routed through" search limitation would not identify responsive agency records that were not sent to one of the personnel who conducted a search. ECF NO. 20 at 7-9.

    **RESPONSE: Deny. The custodians identified were the most likely to have unique records responsive to the request.**

9.  Admit or deny that Defendants use a quasi-decentralized FOIA program.

    **RESPONSE: Defendants object to this Request for Admission as vague, ambiguous, and outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. See Docket 42.**

10. Admit or deny that Defendants' [sic] uses a decentralized recordkeeping system.

    **RESPONSE: Defendants object to this Request for Admission as vague, ambiguous, and outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. See Docket 42.**

## INTERROGATORIES

1.  Identify each and every Forest Service person who created or obtained agency records pertaining to the Black Hills National Forest that are responsive to the following description:

    > any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. [*Note: The time period for this Interrogatory may be limited to July 1, 2018 to the present*]

    **RESPONSE: The list of custodians was identified at ¶ 15 of the Declaration of Margaret Scofield, dated July 14, 2022. See Docket 23.**

2.  Identify each and every Forest Service person who created or obtained agency records

2

that are responsive to the specific categories of documents requested by the FOIA Request:

    a. all draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;

    b. all documentation related to gold-related exploration and mining activities by Mineral Mountain Resources. [*Note: There is no time limit on this portion of the Interrogatory*]

**RESPONSE:  <u>See</u> response to Interrogatory 1.**

3. Identify each and every person (whether Forest Service employee, contractor, attorney, agency, etc.) who has carried out official Forest Service duties with regard to ongoing mining or locatable mineral exploration activities in the Northern Hills District of the Black Hills National Forest.  The time period of this Interrogatory may be limited to July 1, 2018 to the present.

**RESPONSE: <u>See</u> response to Interrogatory 1. To the extent additional information is sought, Defendants object as outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. <u>See</u> Docket 42.**

4. Identify each and every proposal (written or oral) the Forest Service has received from a private entity that involves mining or locatable mineral exploration activities in the Northern Hills District of the Black Hills National Forest.  The time period of this Interrogatory may be limited to July 1, 2018 to the present.

**RESPONSE: Defendants object as outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. <u>See</u> Docket 42.**

5. Identify each agency person who Defendants determined was likely to possess one or more agency records responsive to the FOIA Request.

**RESPONSE:  <u>See</u> response to Interrogatory 1.  These custodians were identified because they were the most likely to possess "unique" agency records.**

6. Identify each agency person whose electronically stored information was searched for agency records responsive to the FOIA Request.

**RESPONSE:  <u>See</u> response to Interrogatory 1.**

7. Identify each agency person whose non-electronically stored information (e.g. paper files, maps) were searched for agency records responsive to the FOIA Request.

**RESPONSE:  <u>See</u> response to Interrogatory 1.**

8. Describe each and every electronic device that was searched for agency records responsive to the FOIA Request.

**RESPONSE: Information can be found on the enclosed search forms.**

9.  Identify each agency person who used a "Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form" or similar agency form, while acting to fulfill to the FOIA Request.  An example was filed as ECF No. 32-2.

    **RESPONSE: <u>See</u> response to Interrogatory 1.**

10. Identify each and every person who assisted with the gathering of agency records responsive to the FOIA Requests.

    **RESPONSE:**

    a.  **Louie Conroy, Environmental Coordinator, Supervisor's Office, Black Hills National Forest, Custer, South Dakota**

    b.  **Jason Collins, former Regional FOIA Coordinator, Rocky Mountain Region, Lakewood, Colorado.**

    c.  **Joshua Sidon, Deputy Director, Strategic Planning, Rocky Mountain Region, Lakewood, Colorado**

    d.  **Marry Stewart, Acting Regional FOIA Coordinator, Rocky Mountain Region, Lakewood, Colorado**

    e.  **Eileen Harke, Government Information Specialist, FOIA Program, Washington Office, Washington, DC**

    f.  **Aaron Rasor, Data Services Specialist, FOIA, Rocky Mountain Region, Lakewood, Colorado**

11. Describe, in narrative form setting forth the specific dates, the searches carried out by each agency person in response to the FOIA Request by describing each location and electronic device searched and the results of each search.

    **RESPONSE: Information can be found on the enclosed search forms.**

12. Describe the methods used by each agency personnel to search for non-electronic records that may be responsive to the FOIA Request.

    **RESPONSE: Information can be found on the enclosed search forms.**

13. Describe the search capabilities for each device containing electronically stored information (e.g. server, computer system, personal computer, cell phone, tablet, flash drive, CD-ROM, DVD) that is likely to contain agency records responsive to the FOIA Request.

    **RESPONSE: Defendants object as vague, ambiguous, and outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. <u>See</u> Docket 42.**

4

14. Describe the methods used by agency personnel to search each type of electronic device controlled by Defendants (e.g. server, personal computer, cell phone, tablet, flash drive, CD-ROM, DVD) that Defendants determined was likely to contain agency records responsive to the FOIA Request.

**RESPONSE: Methods used by custodians were manual and keyword searches. In addition, a FOIA eDiscovery request was submitted to the agency's eDiscovery and Enterprise Content Management Team in order to search for additional potentially responsive records in the form of email correspondence from January 1, 2018, through November 30, 2018. Defendants disclosed the additional responsive records to Plaintiff on August 31, 2022, and September 6, 2022.**

15. Describe the search terms and syntax used for each search of an electronic device Defendants determined was likely to contain records responsive to the FOIA Request.

**RESPONSE: Information can be found on the enclosed search forms.**

16. Describe the temporal limits used for each search for records responsive to the FOIA Request. [*Note: This is often referred to as "cut-off dates."*]

**RESPONSE: The underlying FOIA request asked for records from January 1, 2018, to date of search, which varied depending on the date the custodian conducted their search. Exact dates can be found on the enclosed search forms.**

17. Describe the means Defendants used to record the methods used in carrying out each search for agency records responsive to the FOIA Request.

**RESPONSE: Information can be found on the enclosed search forms.**

18. Describe the efforts, if any, taken by the Black Hills National Forest (from July 1, 2018 to the present) to ensure that no agency personnel limited the search based on belief that information submitted to the Forest Service by a mining proponent may be withheld until after Defendants began the National Environmental Policy Act process.

**RESPONSE: The search was carried out in compliance with the FOIA and staff were instructed to provide all responsive records.**

19. Describe the actions taken by Defendants to ensure each person who may have created or obtained an agency record responsive to the FOIA Request took steps to preserve all potentially responsive agency records.
**RESPONSE: Defendants object as outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. <u>See</u> Docket 42. Without waiving this objection, Defendants state that agency personnel are required to take annual records management training.**

20. Identify each document that was destroyed after October 20, 2020 that was responsive to any matter addressed in these discovery requests including the date, circumstances, policies, and persons relating to the document destruction.

**RESPONSE: Defendants object as outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. See Docket 42. Without waiving this objection, Defendants state that Defendants have not destroyed any responsive records.**

## REQUESTS FOR PRODUCTION

1.  All documents used to answer any of the above Interrogatories and/or Requests for Admissions.

    **RESPONSE: Defendants object to the production of any documents subject to the attorney client privilege and work product doctrine. Without waiving these objections, Defendants refer Plaintiff to documents previously produced and documents produced herewith.**

2.  All documents that were used in preparing the Statement of Facts (ECF No. 21), Scofield Declaration (ECF No 24), and Motion to Supplement (Doc 39-40) that have not already been filed with the Court or disclosed via through Rule 26(a).

    **RESPONSE: Defendants object as outside the scope of the Court's order permitting discovery related to the reasonableness of the underlying search. See Docket 42.**

3.  All documents created, obtained, or used by Defendants' personnel for the purpose of designing any aspect of the search for agency records responsive to the FOIA Request.

    **RESPONSE: Defendants refer Plaintiff to documents bates-stamped BHCWA-247-249 and 323-368.**

4.  All documents, including emails and other communications, created, obtained, or used by Defendants' personnel for the purpose of implementing the search for agency records responsive to the FOIA Request.

    **RESPONSE: Defendants refer Plaintiff to the documents identified in their response to Request for Production No. 3.**

5.  Each and every "Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form" or similar agency form, used while acting to fulfill to the FOIA Request. An example form is attached as Exhibit 1 to this Discovery Request.

    **RESPONSE: Defendants direct Plaintiff to the documents bates-stamped BHCWA-321-336, 343-344, 353-54.**

6.  All documents, including policy statements, memorandum, emails, etc, that support the assertion that all agency documents would have been "routed through or originated by one or more of these individuals" listed in the motion for summary judgment. ECF No. 20 at 7.

    **RESPONSE: Defendants object to this Request for Production to the extent it calls for the production of material subject to the attorney client privilege and work product doctrine. Without waiving these objections, Defendants represent that there are no**

6

**such documents.**

7.   All documents created or obtained by any agency persons, including but not limited to the Office of General Counsel, while processing search aspects of the FOIA Appeal that was assigned tracking number 2021-FS-WO-00072-A.

**RESPONSE: Defendants object to this Request for Production, as it calls for the production of material subject to the attorney client privilege and work product doctrine.**

8.   Each and every document created, obtained, or used during the search conducted pursuant to the FOIA Appeal that was assigned tracking number 2021-FS-WO-00072-A.

**RESPONSE: Defendants object to the production of any documents subject to the attorney client privilege and work product doctrine. Without waiving these objections, Defendants refer Plaintiff to documents previously produced and documents produced herewith.**

9.   Each and every document created, obtained, or used during the search described in the Motion to Supplement. ECF No. 39-40.

**RESPONSE: Defendants object to the production of any documents subject to the attorney client privilege and work product doctrine. Without waiving these objections, Defendants direct Plaintiffs to the documents bates-stamped BHCWA-356-368.**

Dated this 15th day of November, 2022.

MARGARET SCOFIELD

*Margaret Scofield*

Margaret Scofield
Assistant Director, FOIA
Forest Service

As to objections:

ALISON J. RAMSDELL
United States Attorney

*/s/ Alison J. Ramsdell*

Alison J. Ramsdell
P.O. Box 2638
Sioux Falls, SD 57101-2638
(605) 330-4400
Alison.Ramsdell@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Alison Ramsdell, hereby certify that on this 15th day of November, 2022, I caused copies of the foregoing Defendants' Answers and Responses to Plaintiff's Discovery Requests to be served upon the following:

Bruce Ellison
Belli4law@aol.com

☒ E-mail
☐ FedEx
☐ ECF
☐ hand delivered

Jeffrey C. Parsons
wmap@igc.org

☒ E-mail
☐ FedEx
☐ ECF
☐ hand delivered

Travis Stills
stills@eclawoffice.org

☒ E-mail
☐ FedEx
☐ ECF
☐ hand delivered

*/s/ Alison J. Ramsdell*

8

From: Conroy, Louie M -FS
Sent: Thursday, November 5, 2020 1:58 PM
To: Stores, Christopher P -FS <christopher.stores@usda.gov>; Emanuel, Karl -FS <karl.emanuel@usda.gov>; Eggers, Jessica -FS <jessica.eggers@usda.gov>; Kozel, Steve -FS <steve.kozel@usda.gov>; Gubbels, James R -FS <james.r.gubbels@usda.gov>; Krueger, Jerome A -FS <jerome.krueger@usda.gov>; Porter, David M -FS <david.m.porter@usda.gov>; Krueger, Elizabeth -FS <elizabeth.krueger@usda.gov>
Cc: Collins, Jason - FS <Jason.Collins2@usda.gov>; Rebain, Stephanie - FS <stephanie.rebain@usda.gov>; Word, Jonathan A -FS <jonathan.a.word@usda.gov>
Subject: BLACK HILLS CLEAN WATER ALLIANCE (NHRD) FOIA 2021-FS-R2-00696-F

Good Afternoon Folks,

**If you are receiving this and your name is in the "to" line above, you have been identified as someone that might have responsive documents to this FOIA request.  Responsive records are due no later than 11/13/2020.**

The subject matter for the search for records is:

- *All draft and final plans of operations that have been submitted to the Forest service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District.*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources.*

I set up a folder in pinyon for each of you. There will be a set of subfolders. There is also a folder that contains various resources including: a search form, information on reasonable searches, guidance on identifying deliberative records, and a how to perform for outlook searches. Those resources are available here: https://usfs.app.box.com/folder/125638225900

Resources were downloaded and are provided on pages 4-74

The FOIA directs that Federal records and documents must be made available upon request, unless they fall under one of the four exclusions or one or more of the nine enumerated exemptions provided by 5 U.S.C. 552(b) and (c). When records, or part of records, fall into one of these exclusions or exemptions, we redact or withhold the information. For this FOIA, the four most likely exemptions will be exemption 3, exemption 4, exemption 5, and exemption 6.

- **Exemption 3**  Information prohibited from disclosure by another statute, e.g. cultural resources, etc.

- **Exemption 4** states that specifically identified information and data submitted by the operator as confidential concerning trade secrets or privileged commercial or financial information will not be available for public examination. Information and data to be

withheld from public examination may include, but is not limited to, known or estimated outline of the mineral deposits and their location, attitude, extent, outcrops, and content, and the known or planned location of exploration pits, drill holes, excavations pertaining to location and entry pursuant to the United States mining laws, and other commercial information which relates to competitive rights of the operator (5 U.S.C. 552(b)(4)). **A submitter of confidential commercial information must use good-faith efforts to designate by appropriate markings, at the time of submission, any portion of its submission that it considers to be protected from disclosure under Exemption 4.** Please note that the source of this litigation relates to our inappropriate use of this exemption. Bottom-line, the Forest Service regulation pertaining to locatable minerals at 36 CFR § 228.6 states that all information submitted by an operator "shall be available for examination by the public at the Office of the District Ranger…"  The regulation further identifies a discreet subset of information that may be withheld as confidential (as noted previously).

- **Exemption 5** covers inter-agency or intra-agency memorandums or records that would not be available by law to a party other than the party in litigation with the agency. Privileges included in this exemption, among others, are: Deliberative Process Privilege, Attorney-Client Privilege, and/or Attorney-Work Product Privilege. See the document in the previously reference pinyon folder for some critical information regarding withholding under the deliberative privilege process.

- **Exemption 6** covers PII - this typically is personal emails, cell phones, addresses and VANTS lines for training/conference calls.

The subfolders that are set up are intended for you to separate your responsive material by potential exemption. The releasable folder is material that can be released without further review because nothing needs redacting. The folder for exemption 3 is for cultural resources. The confidential folder will include records associated with exemption 4. The deliberative folder will include records associated with exemption 5. The PII folder will include records associated with exemption 6. The last folder is a questions folder in case you are unsure of which folder the document goes into. The RO and myself will review records in the exemptions and question folders and apply the redactions where needed.

<mark>Responsive records are due no later than 11/13/2020,</mark> however, earlier responses would be very helpful. Whether you find responsive records or not, everyone must complete a search form. As noted previously, this search form is saved in the pinyon folder (a blank form is also attached to this email). Please download a copy of this form and save a completed form into your folder.

If you have any questions, don't hesitate to get a hold of me.

Thanks…………………….Lou.

BHCWA-248



**Lou Conroy**
**Forest Environmental Coordinator**

**Forest Service**
**Black Hills National Forest**

**p: 605-673-9207**
**f: 605-673-9350**
**louie.conroy@usda.gov**

1019 N 5th Street
Custer, SD 57730
www.fs.fed.us

**Caring for the land and serving people**

BHCWA-249

## Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**                    FS-6200-0025 (REV.09/23/2020)

### PART I - FOIA REQUEST

**FOIA Tracking Number**                                                          **Date:**

☐ Initial Request        ☐ Appeal        ☐ Lawsuit

**To:**                                                                            **Search Due Date:**

_____

**From FOIA POC:**

_____

**Requester:**

_____

**Description of Records Requested:**

### PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.

Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.

*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

### PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☐ **No records located.  Explain below:**           ☐ **FOIA Office release determination needed.**

☐ **Recommend full release of documents.**          ☐ **Recommend withholding records.  Does a statute apply? Explain below:**

                                                    ☐ **Other persons or offices may have responsive records.  Explain below:**

### PART IV - CERTIFICATION OF SEARCH

**1. Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.**

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**2. Which system or files did you search?** _____

**3. Why did you search these system or files?** _____

**4. Which keywords were used for the search?** _____

**5. How many pages/records did you locate?** _____

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
|  |  |  |

BHCWA-250

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**

**Requester:**

_____

**Requester Fee Category:**  ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

BHCWA-251

# Performing Reasonable Searches

If you have been tasked with performing a search for documents in order to respond to a FOIA request you should:

1. Only search for records if the FOIA Coordinator has requested you do so.  Sometimes you may be contacted as a subject matter expert to assist the FOIA Coordinator in understanding the request and determining if additional clarification may be needed from the requester.
2. Limit the search to your staff area. If you know there may be records within another staff area, contact the FOIA Coordinator.
3. Read the description of the records requested.  If you do not understand what records you should be searching for, immediately contact your FOIA Coordinator.
4. Provide records by the deadline given by the FOIA Coordinator or contact the Coordinator immediately to discuss the deadline if you cannot meet it.  FOIA requests require responses within 20 business days (workdays, not including weekends and holidays). If we do not respond within the timeframe, it puts the Agency at risk of litigation.
5. You are only required to perform a search that is "reasonably calculated to uncover all relevant documents." This refers to agency documents only and not personal documents.
   a. Only search in file locations where the requested records are likely to be located.
   b. You should not search random boxes of records unless you are reasonably certain the files may be in that particular box.
   c. You should not search files where the information is not likely to be found.  For example, if you are searching for a special use permit, you should search where you normally store special use permit files.
   d. You are not required to go on fishing expeditions for records.
   e. Simply because we should or at one point did have a record does not mean we currently have that record.  If you cannot find a record after searching all the places where it should be stored, that is OK.  The proper response to the FOIA Coordinator in this case would be that you have no records.
   f. Never obtain records from an outside entity.  If the records are not physically located within the Forest Service (paper or electronic) at the time the search is performed, then the proper response to your FOIA Coordinator is that you have no records.  If you believe a federal contractor may have records that the Agency does not have, contact the FOIA Coordinator.
   g. Records stored at a federal records center that have not been permanently transferred to NARA are still Forest Service agency records and are subject to FOIA and should be included in your search, if appropriate.
6. Never create records in response to a FOIA request.  If you are answering a request by replying to an email where you provide the information instead of providing a document, then you are creating a record.  Your response to a FOIA request should always be to provide a record or to state that you have no records.
7. Records can be both paper and electronic.  Possible locations to search are:
   a. Your Outlook inbox and outbox (Sent Items)
      i. If you are providing emails in their native format (msg), please do not provide separate copies of email attachments. Doing so will result in more work for you and duplicates of the same records.
   b. Your paper files
   c. File cabinets
   d. Your computer hard drive
   e. Network Drives
   f. Sharepoint sites
   g. File boxes

BHCWA-252

Exemption 4

Each component is responsible for making the final determination with regard to the disclosure or nondisclosure of business information in records submitted by an outside entity.

All information and data submitted by an operator shall be available for examination by the public at the office of the district ranger.

Specifically identified information and data submitted by the operator as confidential concerning trade secrets or privileged commercial or financial information will not be available for public examination.

Confidential commercial information means commercial or financial information obtained by the USDA from a submitter that may be protected from disclosure under Exemption 4 of the FOIA, 5 U.S.C. 552(b)(4).

Submitter means any person or entity, including a corporation, State, or foreign government, or Tribe, but not including another Federal Government entity, that provides confidential commercial information, either directly or indirectly, to the Federal Government.

Designation of confidential commercial information. A submitter of confidential commercial information must use good-faith efforts to designate by appropriate markings, at the time of submission, any portion of its submission that it considers to be protected from disclosure under Exemption 4. These designations expire 10 years after the date of the submission unless the submitter requests and provides justification for a longer designation period.

(d) When notice to the submitter is required.

(1) The component must promptly provide written notice to the submitter of confidential commercial information whenever records containing such information are requested under the FOIA if the component determines that it may be required to disclose the records, provided:

(i) The requested information has been designated in good faith by the submitter as information considered protected from disclosure under Exemption 4; or

(ii) The component has a reason to believe that the requested information may be protected from disclosure under Exemption 4 but has not yet determined whether the information is protected from disclosure.

(2) The notice must either describe the commercial information requested or include a copy of the requested records or portions of records containing the information. In cases involving a voluminous number of submitters, the component may post or publish a notice in a place or manner reasonably likely to inform the submitters of the proposed disclosure, instead of sending individual notifications.

(e) Exceptions to submitter notice requirements. The notice requirements of this section do not apply if:

(1) The component determines that the information is exempt under the FOIA and therefore will not be disclosed;
(2) The information has been lawfully published or has been officially made available to the public;
(3) Disclosure of the information is required by statute (other than the FOIA) or by a regulation issued in accordance with the requirements of Executive Order 12,600.

BHCWA-253

(4) The designation made by the submitter under paragraph (c) of this section appears obviously frivolous. In such case, the component must give the submitter written notice of any final decision to disclose the information within a reasonable number of days prior to a specified disclosure date.

(f) Submitter's opportunity to object to disclosure.

(1) The component must specify a reasonable time period within which the submitter must respond to the notice referenced in paragraph (d) of this section.
(2) If a submitter objects to disclosure of any portion of the records, the submitter must provide the component with a detailed written statement that specifies all grounds for withholding the particular information. The submitter must show why the information is a trade secret or commercial or financial information that is privileged or confidential.
(3) A submitter who fails to respond within the time period specified in the notice will be considered to have no objection to disclosure of the information. The component is not required to consider any information received after the date of any disclosure decision. Any information provided by a submitter under this subpart may itself be subject to disclosure under the FOIA.

(g) Notice of intent to disclose over submitter's objection. If a component decides to disclose confidential commercial information over the objection of a submitter, the component will give the submitter written notice, which will include:

(1) A statement of the reason(s) why each of the submitter's disclosure objections was not sustained;
(2) A description of the information to be disclosed or copies of the records as the component intends to release them; and
(3) A disclosure date subsequent to the notice.

(h) Notice of FOIA lawsuit. Whenever a requester files a lawsuit seeking to compel the disclosure of confidential commercial information, the component will promptly notify the submitter.
(i) Corresponding notice to requester. The component must notify the requester whenever it provides the submitter with notice and an opportunity to object to disclosure; whenever it notifies the submitter of its intent to disclose the requested information; and whenever a submitter files a lawsuit to prevent the disclosure of the information.

Information and data to be withheld from public examination may include, but is not limited to, known or estimated outline of the mineral deposits and their location, attitude, extent, outcrops, and content, and the known or planned location of exploration pits, drill holes, excavations pertaining to location and entry pursuant to the United States mining laws, and other commercial information which relates to competitive rights of the operator

36 CFR 228.6  https://www.law.cornell.edu/cfr/text/36/228.6

7 CFR 1.12  https://www.law.cornell.edu/cfr/text/7/1.8

BHCWA-254

# ASSERTING THE DELIBERTIVE PROCESS PRIVILEGE

The deliberate process privilege "protects from discovery 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Forest Service Handbook 6209.13 defines the Freedom of Information Act (FOIA) exemption (b)(5) as:

> <u>Exemption 5</u> - Inter-agency or intra-agency memorandums or records that would not be available by law to a party other than the party in litigation with the agency.  Privileges included in this exemption, among others, are:
>
> > a. Deliberative Process Privilege,
> >
> > b. Attorney-Client Privilege, and/or
> >
> > c. Attorney-Work Product Privilege.

To assert the deliberative process privilege in the context of document production responsive to a FOIA request, consideration should be given to the following criteria.

1. The document must pre-date the decision.

2. The document must be deliberative, *e.g.*, reflect the give-and-take of the consultative process.  Typically this would include opinions, advice or recommendations to the decision maker.

3. The document may represent internal or intra-agency discussions.  This includes a contractor who is acting as an employee.

4. A document that has been released to the public is not deliberative.

5. The deliberative process privilege does not apply to a document created 25 years or more before the date on which the record was requested.

6. The predecisional character of a document is not altered by the fact that a decision has been made or the mere passage of time, if less than 25 years.

7. Will disclosure of the document harm the agency's ability to have open, frank discussions on matters of policy between subordinates and superiors?

8. Will the premature disclosure of the document negatively impact a final policy or decision?

9. Could public confusion result from the disclosure of reasons or rationale that were not ultimately the basis of the agency's action?

10. Factual information contained in a document covered by the deliberative process privilege must be segregated and disclosed unless the information is so interwoven with the deliberative material that the information is not segregable.

## Extracting Outlook Emails From Your

## Proofpoint Exports

When you need to have someone do a search of their email, and want to be sure they capture all relevant records, the easiest way to do so it to have them run a Proofpoint search. This is something they have to do themselves since only they have access to their email archive. They can access Proofpoint here: https://usda.fed1.proofpointarchiving.net/Web.UI/Default.aspx?lc=1

Once you have set up your To: From: pair and keywords you're using Proofpoint will give you a list of all the emails that fit your search terms. Exporting all of these can create quite a mess in your inbox, so before you get too far, just export one of the emails. When it shows up in your inbox you will see an email from Proofpoint with the email you exported attached.

At this point you will want to create a folder under your inbox in outlook for the rest of the emails. Once you have that folder, click on the one email you exported and then click on **Rules** > **Create Rule** in the tool ribbon. You will then be able to set up a rule that sends all emails from Proofpoint to that new folder.

Now you will have to get all those email attachments out of the Proofpoint export emails. To do that follow these steps:

1. In your windows File Explorer, go to your Documents folder and create a folder called "Attachments" (capital A).



2. Select all the Proofpoint export emails and press the **Alt – F11** keys to open the **Microsoft Visual Basic for Applications** (VBA) window.
3. Click **Insert** > **Module** to open the **Module** window, and then copy the VBA code on the next page into the window.
4. Then Press **F5** to run the code, and all the emails attachments will export to the "Attachments" folder.

BHCWA-256

```
Public Sub SaveAttachments()
'Update 20191101
    Dim objOL As Outlook.Application
    Dim objMsg As Outlook.MailItem
    Dim objAttachments As Outlook.Attachments
    Dim objSelection As Outlook.Selection
    Dim i As Long
    Dim lngCount As Long
    Dim strFile As String
    Dim strFolderpath As String
    Dim strDeletedFiles As String
    strFolderpath = CreateObject("WScript.Shell").SpecialFolders(16)
    Set objOL = CreateObject("Outlook.Application")
    Set objSelection = objOL.ActiveExplorer.Selection
    strFolderpath = strFolderpath & "\Attachments\"
    For Each objMsg In objSelection
        Set objAttachments = objMsg.Attachments
        lngCount = objAttachments.Count
        strDeletedFiles = ""
        If lngCount > 0 Then
            For i = lngCount To 1 Step -1
                strFile = objAttachments.Item(i).FileName
                strFile = strFolderpath & strFile
                objAttachments.Item(i).SaveAsFile strFile
'objAttachments.Item(i).Delete()
                If objMsg.BodyFormat <> olFormatHTML Then
                    strDeletedFiles = strDeletedFiles & vbCrLf & "<Error!
Hyperlink reference not valid.>"
                Else
                    strDeletedFiles = strDeletedFiles & "<br>" & "<a
href='file://" & _
                    strFile & "'>" & strFile & "</a>"
                End If
                Next i
                If objMsg.BodyFormat <> olFormatHTML Then
                    objMsg.Body = vbCrLf & "The file(s) were saved to " &
strDeletedFiles & vbCrLf & objMsg.Body
                Else
                    objMsg.HTMLBody = "<p>" & "The file(s) were saved to " &
strDeletedFiles & "</p>" & objMsg.HTMLBody
                End If
                objMsg.Save
            End If
        Next
ExitSub:
        Set objAttachments = Nothing
        Set objMsg = Nothing
        Set objSelection = Nothing
        Set objOL = Nothing
End Sub
```

BHCWA-257

## Outlook Search - Job Aid

### Overview

The following table shows examples of searches you might find useful. The search query syntax, available when the Instant Search feature is enabled, follows this basic form: *keyword:your search criteria value*.
For example, from:Bobby
You can also use logical operators AND, NOT, OR, <, >, =, and so forth to refine your search, and these are noted in the table. Logical operators must be typed in uppercase letters.

Helpful search types include:

- Keyword - words found in email message, subject, sender
- Date - specific dates or date ranges when the message was sent/delivered
- Size - exact message size, specific range, or pre-defined range
- Attributes - has attachment(s), follow-up flag set, message category

### Search by Keywords

| Type this: | To find this: |
| --- | --- |
| bobby | Items containing bobby, BOBBY, BoBby, or any other combination of uppercase and lowercase letters. Instant Search is not case sensitive. |
| bobby moore | Items containing both bobby and moore, but not necessarily in that order. |
| bobby AND moore | Items containing both bobby and moore, but not necessarily in that order. Note that logical operators such as AND, NOT, and OR must be in uppercase letters. |
| bobby NOT moore | Items containing bobby, but not moore. |
| bobby OR moore | Items containing bobby, moore, or both. |
| "bobby moore" | Items containing the exact phrase bobby moore. Note the use of double quotes so that the search results match the exact phrase within the quotes. |
| from:"moore, bobby j" | Items sent from bobby j moore. Note the use of double quotes so that the search results match the exact phrase within the quotes. |
| from:"bobby moore" about:"status report" | Items sent from bobby moore where status report appears in the subject line, body, and attachment contents. Note the use of double quotes so that the search results match the exact phrase within the quotes. |
| subject:"performance review" | Items whose subject contains the phrase *performance review*. |
| subject:performance review | Items with *performance* in the subject line and with *review* anywhere else in the document. |
| cc:bobbymoore@contoso.com | Items in which the e-mail address bobbymoore@contoso.com is on the Cc line. |

BHCWA-258

## Search by Date

| Type this: | To find this: |
| --- | --- |
| received:yesterday | Items that arrived yesterday. |
| received:lastweek | Items that arrived last week. Note that if you run this query again a month from now you will obtain different results because it is a time relative query. |
| | Combination searches relative from today;<br>    Use; this, next, last, past, coming<br>    With; week, month, year<br>    For instance; thisweek, nextmonth, lastweek, pastmonth, comingyear |
| received:=1/1/2017 | Items that arrived on 1/1/2017. Note the use of the "equals" comparison operator (=). |
| received:>=10/1/16 AND received:<=10/5/16 | Items that arrived between 10/1/16 and 10/5/16. |
| received:>10/1/16 AND received:<10/5/16 | Items that arrived after 10/1/16 but before 10/5/16. |
| subject:status received:May | Items received from anyone during the month of May (any year) where the subject contains *status*. |
| sent: yesterday | Items that you sent yesterday. |

## Search by Size

| Type this: | To find this: |
| --- | --- |
| size:>15MB | Items that are at least 15MB in size |
| size:large | Items between 1-16MB (predefined - see below) |
| | Pre-defined size groups:<br><br>• Empty: 0KB<br>• Tiny: 0 – 10KB<br>• Small: 10 – 100KB<br>• Medium: 100KB – 1MB<br>• Large: 1 – 16MB<br>• Huge: 16 – 128MB<br>• Gigantic: >128MB |
| size:<5MB AND received:<lastweek | Items that are smaller than 5MB and happened before (but not including) last week. |

## Search by Attributes

| Type this: | To find this: |
| --- | --- |

| | |
|---|---|
| hasattachment:yes | Items that have attachments. You can also use hasattachment:true to get the same results. |
| attachments:presentation.pptx | Items that have attachments named presentation.pptx or if the attachment contains presentation.pptx within its contents. |
| followupflag:follow up | Items that are flagged for follow up. |
| importance:high | Items that are marked with high importance indicator |
| sensitivity:confidential | Items that are marked with confidential indicator |
| contents:(Potluck on Monday) | Items where body of message includes the phrase Potluck on Monday |

BHCWA-260

**Outlook Mail Advanced Searches**

This document will explain how to perform an advanced search in Outlook.  In the following example, a requester has asked for:

> E-mails containing the key words 'Cleghorn IRA' or 'Cleghorn Inventoried Roadless Area' And 'boundary' between the following dates: 1/1/11 and 10/1/12.

We will begin our search in Outlook.  This will show how to perform the search in your inbox.  This will include any sub-folders you have created in your inbox.  It will not include any archive files you have or any files that are only in your Sent Items folder.  You will have to perform the same search from within those areas.

While in your Outlook Inbox, click in the Search box towards the top right corner.  This will bring up the Search Tools.  Next click on the "Search Tools" Icon.



**From the list of choices, select "Advanced Find."**



**The Advanced Find window will pop-up. Select the "Advanced" tab in this window.**



BHCWA-262

We are going to enter our search terms first.  Remember the requester asked for:  E-mails containing the key words 'Cleghorn IRA' or 'Cleghorn Inventoried Roadless Area' And 'boundary.'  We are going to enter these search terms so that Outlook will look for them within the message body of all the emails in our Inbox. Begin by clicking on the "Field" button (1), then select "All Mail fields" (2), then select "Message" (3).



BHCWA-263

The "Conditionar" box should default to "contains." If it does, don't change this. If it doesn't, then click on the selection arrow and select "contains" from the drop-down menu.



Next we are going to enter our search terms in the "Value" box. Outlook search recognizes logical operators such as AND, NOT, OR, <, >, =, etc. Logical operators that are words must be typed in uppercase letters. If you are searching for a phrase or specific title consisting or more than one word, you should enclose them in quotation marks. Some Examples:

| Type This | To Find This |
|---|---|
| status | Items containing *status, STATUS, StaTus*, or any combination of uppercase and lowercase letters spelling the word *status*. |
| status report | Items containing both *status* and *report*, but not necessarily in that order. |
| status NOT report | Items containing *status*, but not *report*. |
| "status report" | Items containing the exact phrase *status report*. |
| status AND report | Items containing both *status* and *report*, but not necessarily in that order. |

BHCWA-264

Remember the requester asked for:  E-mails containing the key words 'Cleghorn IRA' or 'Cleghorn Inventoried Roadless Area' And 'boundary.'  We are going to enter these search terms in the "Value" box:

"Cleghorn IRA" OR "Cleghorn Inventoried Roadless Area" AND boundary

Next we are going to click on "Add to List."



Remember to click on "Add to List" every time you add a new search term.  If your search terms are not shown in the box labeled "Find items that match these" then Outlook will not include your search terms when it performs the search.  Check this box before performing your search to make sure that all your search terms have been entered.

Next we are going to enter the date parameters for our search.   Remember the requester asked for emails "between the following dates: 1/1/11 and 10/1/12."  We begin by clicking on "Field" (1), "Date/Time fields" (2) and then "Received" (3).



The "Conditioner" box should default to "Anytime."  We are going to change this to "between" by clicking on the selection arrow and selecting "between" from the drop-down menu.



BHCWA-266

Next, we are going to enter our search dates in the "Value" box.  Remember the requester asked for emails "between the following dates: 1/1/11 and 10/1/12." We are going to enter these terms in the "Value" box:

<div align="center">1/1/11 AND 10/1/12</div>

Again, we are going to click on "Add to List."  Remember, anytime you add a new search term, you must click on "Add to List."



Now we are going to perform the search by clicking on the "Find Now" button.



BHCWA-267

Any emails found will display in the bottom of the window.



BHCWA-268

Create a folder to save the emails to in Internet Explorer, then open the Outlook folder with the emails.   Click on the 1st email in the folder.



Scroll down to the last email in the folder. Hold down the "Shift" key and click on the last email. This will select all the emails in the folder.



Notice there are 32 emails in the folder

BHCWA-270

**Click on the highlighted emails and drag them into the folder you created.**



**Drag and Drop the Emails into the folder.**





BHCWA-271

The 32 emails in the Outlook folder have been saved into the folder.



BHCWA-272



**FOREST SERVICE HANDBOOK
NATIONAL HEADQUARTERS (WO)
WASHINGTON, DC**

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**

**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

**Amendment No.:** 6209.13-2012-1

**Effective Date:** June 20, 2012

**Duration:** This amendment is effective until superseded or removed.

**Approved:** KATHLEEN ATKINSON  **Date Approved:** 06/18/2012
    Associate Deputy Chief, OPS

**Posting Instructions:** Amendments are numbered consecutively by handbook number and calendar year. Post by document; remove the entire document and replace it with this amendment. Retain this transmittal as the first page(s) of this document. The last amendment to this handbook was 6209.13-2008-1 to 6209.13_10.

| New Document | 6209.13_10 | 48 Pages |
|---|---|---|
| **Superseded Document(s) by Issuance Number and Effective Date** | 6209.13_10 (Amendment 6209.13-2008-1, 8/28/2008) | 41 Pages |

**Digest:**

10 - Refers to the Freedom of Information Act and the Privacy Act as FOIA and PA, respectively, throughout the chapter.

10.01 - Establishes code and recodes to this section caption and authority previously set out in section 11.01.

11.05 - Adds new definitions.

11.1 - Revises and updates direction on reviewing and categorizing Freedom of Information Act requests.

BHCWA-273

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 2 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## Digest--Continued:

11.4 - Changes caption from "Make Fee Determination" to "Fee Determination".

11.41 - Adds direction on assessing fees for research or duplication circumstances.

11.46b - Establishes code and recodes to this section caption and direction previously set out in section 11.47.

11.47 through 11.48 - Recodes to these sections direction previously set out in sections 11.48 and 11.49.

11.65a - Establishes code, caption "Glomar Response", and recodes to this direction previously set out in sections 11.67 through 11.67a.

12 - Revises direction on the process when a requester is not satisfied with a Freedom of Information Act (FOIA) appeal response submitted by the Forest Service.

12.05 - Adds new definitions for the terms "Appeal," "Appellant," and "Moot".

13 - Revises direction on the process Washington Office and Regional FOIA Coordinators use to complete the required Annual FOIA Report to Department of Justice.

13.05 - Adds new definition for the term "Fee waiver".

BHCWA-274

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 3 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## Table of Contents

**10.01 - Authority** ........................................................................................................... **5**
**11 - REQUEST** ................................................................................................................ **5**
11.05 - Definitions .......................................................................................................... 6
11.1 - Review the Request ............................................................................................... 9
11.2 - Log in the Request ............................................................................................... 10
11.3 - Search for Records .............................................................................................. 11
11.4 - Fee Determination .............................................................................................. 12
11.41 - Chargeable Services and Associated Charges .................................................. 12
11.42 - Circumstances Under Which Not to Charge Fees ............................................ 12
11.43 - Category of Requester ...................................................................................... 13
11.43a - Commercial Use Requesters .......................................................................... 13
11.43b - Educational or Noncommercial Scientific Institution Requesters ................ 14
11.43c - Representatives of News Media ..................................................................... 14
11.43d - All Other Requesters ...................................................................................... 15
11.44 - Instances Where Photographic Reproductions May Be Provided Free ........... 15
11.45 - Discretionary Waiver of Fees or Reduction of Charges .................................. 15
11.46 - Request for Waiver or Reduced Fees .............................................................. 16
11.46a - Factors to Consider When Determining Whether to Waive or Reduce Fees ......... 16
11.46b - Other Considerations for Waivers of Fees and Charges ................................ 18
11.47 - Payment of Fees .............................................................................................. 18
11.48 - Content of Fee Waiver Denial Letters ............................................................ 18
11.5 - Evaluate the Records .......................................................................................... 19
11.6 - Determine Applicable Exemptions ..................................................................... 19
11.61 - Exemption 2 ...................................................................................................... 28
11.62 - Exemption 3 ...................................................................................................... 28
11.62a - Patents ............................................................................................................ 28
11.62b - The Archaeological Resources Protection Act of 1979 (16 U.S.C. 470hh) ........... 28
11.62c - The National Historic Preservation Act (16 U.S.C. 470 w-3) .......................... 28
11.62d - Cave Resources Act of 1988 (16 U.S.C. 4301-4309) ...................................... 28
11.62e - Whistleblower Protection Act of 1989 (5 U.S.C. 1201 et seq.) ...................... 29
11.62f - Contract Proposals .......................................................................................... 29
11.62g - Agricultural Producer or Owner Information ................................................. 29
11.62h - Reburial of Human Remains and Cultural Items on NFS Lands ..................... 29
11.63 - Exemption 4 ...................................................................................................... 29
11.64 - Exemption 5 ...................................................................................................... 32
11.64a - Deliberative Process Privilege ........................................................................ 32
11.64b - Attorney Work-Product Privilege .................................................................... 33
11.64c - Attorney-Client Privilege ................................................................................. 33
11.65 - Exemption 6 ...................................................................................................... 33
11.65a - Glomarization Procedure ................................................................................ 34
11.66 - Exemption 7 ...................................................................................................... 35

BHCWA-275

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 4 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

11.66a - (7)(A) Interference With Law Enforcement ............................................................. 35

11.66b - (7)(B) Deprivation of Right to Fair Trial ................................................................ 35

11.66c - (7)(C) Unwarranted Invasion of Personal Privacy ................................................. 36

11.66d - (7)(D) Disclosure of Confidential Sources or Information They Provide .............. 36

11.66e - (7)(E) Disclosure of Techniques and Procedures .................................................... 36

11.66f - (7)(F) Endangering Individuals ............................................................................... 36

11.7 - Respond to the Request ............................................................................................... 36

11.71 - Response Time to Initial Requests ............................................................................ 36

11.72 - Extension of Response Time ..................................................................................... 37

11.73 - Failure to Meet Administrative Deadlines ................................................................ 37

11.74 - Authority to Sign Letter of Extension ...................................................................... 38

11.75 - Other Items Regarding Response Letters .................................................................. 38

**12 - APPEALS** ........................................................................................................................ **39**

12.01 - Authority ................................................................................................................... 41

12.05 - Definitions ................................................................................................................ 41

12.1 - Review the Appeal ...................................................................................................... 41

12.2 - Log in the Appeal ....................................................................................................... 42

12.3 - Obtain Records and/or a Second Search Certification from Washington
        Office/Region/Station/Areas ....................................................................................... 43

12.4 - Evaluate the Appeal .................................................................................................... 44

12.5 - Evaluate the Withheld Records and/or Second Search ............................................... 44

12.6 - Make Fee Determination ............................................................................................ 45

12.7 - Prepare Response to the Appeal .................................................................................. 45

**13 - ANNUAL REPORT** ........................................................................................................ **46**

13.01 - Authority ................................................................................................................... 46

13.05 - Definitions ................................................................................................................ 46

13.1 - Annual Reporting Requirements ................................................................................ 48

13.2 - Report Requirements .................................................................................................. 48

13.3 - Washington Office Reporting Responsibilities .......................................................... 48

13.4 - Region, Station, and Area Reporting Responsibilities ............................................... 48

BHCWA-276

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 5 of 48

FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT

## 10.01 - AUTHORITY

Freedom of Information Act (FOIA) of 1966, as amended, (5 U.S.C. 552).  Directs agencies to make records available to the public, upon written request, and establishes exemptions to the Act describing circumstances in which records may be withheld.

For additional authorities, see FSM 6270.1.

## 11 - REQUEST

The Forest Service makes requested Agency records available to requesters in a cost-effective, efficient, legal, and timely manner utilizing the process and procedures as illustrated in exhibit 01.

BHCWA-277

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 6 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

**11 - Exhibit 01**

**Flowchart of Initial Request Process**



BHCWA-278

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 7 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.05 - Definitions

Administrative record.  A paper trail that documents the agency's decision-making process.

Adverse determination.  Agency response to an initial FOIA request where no records are located responsive to the request; records are denied in full or part pursuant to one or more of the nine FOIA exemptions; or, a fee waiver or a request for expedited processing is denied.

Agency records.  Records created or obtained by an agency that are in the possession of the agency at the time a FOIA request is made.

Aggregate.  To combine multiple requests and process them as one, or to combine fees for multiple requests when it is reasonable to believe that a requester is attempting to break a request into a series of related requests for the purpose of evading assessment of fees.

Business submitter.  An individual or business entity provides information about their business to the Government.

Compelling need.  Standard used by the Government to grant or deny requests for expedited processing under the FOIA.  This standard must include:

  1.  An imminent threat to life or physical safety, or

  2.  Loss of due process, or

  3.  Urgency to inform the public about an actual or alleged Federal Government activity, if made by an individual primarily engaged in disseminating information that is of public interest.

Complex request.  The multi-track type for a request that involves a high volume of records, and/or is very complicated, and/or involves multiple program staffs, or multiple Forest Service offices.

Consultation.  To consult with another agency or department outside of the U.S. Department of Agriculture (USDA) regarding records which were developed by those agencies and located in Forest Service's possession during our search for responsive records.  Consult with the other agency to obtain their agreement to release the records in entirety, or refer the records to that agency for a release determination.  Another agency can also request a consultation with the Forest Service regarding Forest Service records they located in their files that they wish to release, or they can refer the records to the Forest Service for a release determination.

BHCWA-279

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 8 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Date of receipt. The date a request is received in the office (Washington Office, regional office, station, Area, supervisor office) responsible for the records responsive to the request; but no later than 10 working days after a request is received by any USDA office. If the request is not perfected when it is received, a new date of receipt is established.

Expedited request. The multi-track type for a request when the requester has established a compelling need for the information. Requests in this track are processed quickly and out of sequence.

Freedom of Information Act (FOIA) request. A written request for access to agency records that reasonably describes the records sought. Request does not have to reference the FOIA.

Glomar response. A FOIA response that neither confirms nor denies the existence of investigatory records pertaining to a specifically named individual.

Multi-track processing. A system where requests are placed in one of several processing tracks. Requests in each track are processed on a first in/first out basis. For example: simple, complex, and expedited.

Official record. Any record made or received in the transaction of Government business and determined to be suitable for preservation, because of the informational or evidential value it contains.

Perfected. A request is perfected when it meets all of the following requirements:

1. Is received in writing,

2. Clearly describes the records sought, and

3. Contains a statement about willingness to pay unless a fee waiver is granted; unless fees will not be an issue.

Personal records. Records that are created and maintained by agency employees to be used for individual purposes and are not under the control of the agency.

Public interest. The FOIA interest in "shedding light on an agency's performance of its statutory duties."

Record. Official agency materials made or received by the Forest Service in conducting public business and preserved or appropriate for preservation as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government, or because of their informational value.

BHCWA-280

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 9 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Redact.  To obscure or remove information from an agency record.

Refer.  To forward a request to another agency or department outside of USDA, or to forward records created by another Federal agency, which were located during our search for responsive records.

Re-route.  A request forwarded to the proper component agency within USDA.  Requests re-routed to a separate component of USDA can involve records that were developed by those agencies that were located during our search for records and must be referred to the original agency for a release determination.

Segregate.  To provide pages of agency records in response to a FOIA request with information redacted pursuant to one or more FOIA exemptions.

Simple request.  The multi-track type for a request that involves a low volume of records and/or is not complex and/or involves one program staff.

Toll.  To stop the statutory time an agency has to respond to a FOIA request after it has begun.

Track.  One of three types of sequential paths for processing a request.

## 11.1 - Review the Request

Determine if the request is perfected and which processing track it should initially be placed in. A request must meet three criteria in order to be considered perfected.  The request must:

1.  Be submitted in writing, including paper submissions such as fax, mail, or delivery service and electronic submissions such as email or use of Web-based templates.

2.  Clearly describe the records sought.  Based on the description of the records, determine whether the records are Forest Service records and where they are most likely to be located.

3.  Either contain a statement requesting a fee waiver or indicate the willingness of the requester to pay fees, unless fees will not be an issue.

Requests meeting all three of these criteria are perfected and should be considered for purposes of meeting the time response requirements of the FOIA.

Notify requesters in writing and/or by telephone or email if their request is not perfected.  Inform requesters making a verbal request that all requests must be in writing.  Correspondence that consists entirely of questions and/or complaints concerning Forest Service activities is not a FOIA request.

BHCWA-281

WO AMENDMENT 6209.13-2012-1                                      6209.13_10
EFFECTIVE DATE: 06/20/2012                                      Page 10 of 48
DURATION: This amendment is effective until superseded or removed.

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Review the request to determine what FOIA processing category it should be placed in. If the request contains a statement requesting expedited processing, the request should be categorized as "Expedited". Where the records sought are few, do not involve a complicated review process, or involves only one program staff, the request is categorized as "Simple". Where the records sought are voluminous, involve a complicated review process, or involves more than one program staff or Forest Service office, the request is categorized as "Complex".

Read the request carefully. Answer the following questions before processing further:

1. What records does the requester seek?

    a. Are the records adequately described?

    b. Does the requester need contacted to clarify the request?

    c. Is a date range for responsive records specified?

2. Are Forest Service records sought?

3. Where are the records located? Which office and staff?

4. Are there any special processing concerns (for example, format, expedited processing, fee waiver, companion litigation, and so forth)?

5. What is the estimated volume of responsive records?

6. Is this a request for records, or simply questions to which the author is seeking answers?

Do not respond to questions in the context of a FOIA response; refer questions to the appropriate program staff for response.

## 11.2 - Log in the Request

All Forest Service FOIA coordinators shall utilize the National database tracking system to maintain a log of all FOIA requests (FSM 6270.42d). Ensure the following required data fields are completed in the currently approved Forest Service tracking system:

1. Tracking number,

2. Date of request,

3. Date received,

4. Date perfected,

BHCWA-282

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 11 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

5. Final actions,

6. Billing, and

7. Close the request.

If records will not be released within 10 days, send the requester an acknowledgement of receipt of the request.  Do not provide the requester with a tentative or estimated response date to receive records.  The acknowledgement should indicate the date the request was received by the Forest Service, provide a means for the requester to check on the status of their request, and provide the case number that has been assigned to the request.  The acknowledgment may also address issues such as:  seeking clarification, seeking additional information concerning willingness to pay estimated FOIA processing fees or to narrow the scope of the request, responding to requests for fee waivers and/or expedited processing, or re-routing the request to another office or agency.

## 11.3 - Search for Records

FOIA requires a search reasonably calculated to find responsive records.  A FOIA analyst or coordinator shall consider the description provided by the requester as well as their own knowledge of Agency records to help define areas to search.  A good beginning is to ask where the records would logically be located.  Also ask what office would be the office of record for the requested records.  For example, if a requester seeks all records on a specific contract for trail maintenance services, conduct a search of the acquisition staff records and not the recreation staff records.

All records in the possession of the Forest Service at the time a FOIA request is received are subject to the FOIA; the records can be in any form or format.  A record can be physical, such as a typed or handwritten paper or a photo; electronic, such as a video or audio recording, an email, or a database.  However, after review by a FOIA analyst or coordinator, a record may be determined to be personal; personal records are not subject to the FOIA.  Determining whether records are personal is done on a case-by-case basis and is dependent on their creation, use, and disposition.

FOIA requests capture only responsive records that exist at the time the search begins.  Thus, FOIA does not require creation of a record, nor does FOIA require an update, revision, or repackaging of responsive records.  However, manipulating electronic data to produce specific information requested under the FOIA would not be considered creating a new record, assuming the database is capable of producing the requested information.

BHCWA-283

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 12 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.4 - Fee Determination

FOIA requires the establishment of fees applicable to the processing of requests and payable by the requester, in addition to procedures and guidelines for determining when such fees should be waived.  The fee schedule for the Forest Service is established by USDA in Title 7, Code of Federal Regulations (CFR) Part 1, Subpart A, Appendix A.  The basic standard for fees is the actual cost of processing the request.

## 11.41 - Chargeable Services and Associated Charges

Subject to the criteria in section 11.43 of this handbook under FOIA, fees may be assessed for search, review, and duplication based on the category of the requester.  Fees may also be charged for other services and direct costs.  Refer to Title 7, CFR Part 1, Subpart A, Appendix A for the current rates and direction.

Aggregate and assess fees as if multiple requests were a single request when it is reasonable to believe that the requester is attempting to break a request down into a series of related requests for the purpose of evading the assessment of fees.

Depending on the fee category of the requester, fees may not be assessed for search or duplication when the Agency does not respond to a FOIA request within the 20 working days statutory timeframe unless "unusual" or "exceptional" circumstances apply.  Unusual circumstances are when there is a need to:

1. Search for and collect records from field offices or other establishments;

2. Search for, collect, and examine a voluminous amount of records; or

3. Consult with another agency or with more than two components within the same agency.

Exceptional circumstances are not specifically defined by the statute or case law.  However, the statute states that they cannot include situations where there is a backlog of requests that is the result of predictable workloads unless the Agency is making reasonable progress in reducing such backlog.  This is discussed in the following sections as it pertains to each category of requester.

## 11.42 - Circumstances Under Which Not to Charge Fees

Do not charge fees:

1. For the first 100 pages of records and the first 2 hours of manual search time or the equivalent value of computer search time except for requests seeking records for a commercial purpose.

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 13 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

2.  For time spent resolving legal or policy issues.

3.  For normal postage cost.

4.  For duplication when requesters provide their own copying equipment.

5.  For additional search time resulting from the Agency's failure to maintain records in a reasonably accessible manner.

6.  For the salary of a person making copies; this has been factored into the per page charge for duplication.

7.  For the time it takes to mark records for redaction.

8.  If the Agency does not respond to the request within 20 working days, unless a 10-day extension has been granted or certain circumstances apply.

9.  If the cost of collecting a fee would be equal to or greater than the fee itself; this figure is calculated using Title 7 CFR, Part 1, Subpart A, Appendix A.

## 11.43 - Category of Requester

The FOIA establishes four categories of requesters:

1.  Commercial use requesters (sec. 11.43a);

2.  Educational and noncommercial scientific institutions (sec. 11.43b);

3.  Representatives of the news media (sec. 11.43c); and

4.  All other requesters (sec. 11.43d).

In cases where a request is made on behalf of an individual, business, or organization, the fee category is determined by the category of the individual, business, or organization rather than the person making the request.

## 11.43a - Commercial Use Requesters

A commercial use requester seeks information to further the commercial, trade, or profit interests of the requester or the person on whose behalf the request is made.  Determine whether the requester properly belongs in this category, and whether the documents will be put to commercial use.

BHCWA-285

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 14 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

This category of requester pays for search, review, duplication, and other services and direct costs. However, if the Agency does not respond to the request within 20 working days, search fees may not be assessed, except where "unusual" or "exceptional" circumstances occur. Review and duplication fees may still be assessed.

## 11.43b - Educational or Noncommercial Scientific Institution Requesters

Requesters must show that the request is authorized by and under the auspices of an eligible institution, and the records are not sought for commercial use but for furtherance of scholarly or scientific research. Requesters seeking records in furtherance of their own educational purposes, for example, completion of degree requirements or research for a class project, do not meet this standard.

An eligible educational institution refers to a preschool, public or private elementary or secondary school, an institution of graduate higher education, an institution of undergraduate higher education, an institution of professional education, or an institution of vocational education which operates a program or programs of scholarly research.

An eligible noncommercial scientific institution refers to an institution not operated on a commercial basis and operated solely to conduct scientific research intended to promote any product or industry.

This category of requester pays only for duplication after the first 100 pages and other services and direct costs. If the Agency does not respond to the request within 20 working days, do not assess any applicable duplication fees except where "unusual" or "exceptional" circumstances occur.

## 11.43c - Representatives of News Media

A representative of the news media is any person actively gathering news for an entity that is organized and operated to publish or broadcast news about current events of interest to the public. News media includes television or radio stations broadcasting to the public at large; publishers of periodicals that disseminate news and make products available for purchase or subscription by the general public; and alternative media such as those that disseminate newspapers through telecommunications services. "Freelance" journalists are regarded as working for a news organization if they can demonstrate a solid basis for expecting publication through an organization, even though not actually employed by it. The past publication record of the requester may be considered when determining if requesters fall into this fee category.

This category of requester pays for duplication after the first 100 pages and other services and direct costs. If the Agency does not respond to the request within 20 working days, do not assess any applicable duplication fees except where "unusual" or "exceptional" circumstances occur.

BHCWA-286

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 15 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.43d - All Other Requesters

This category of requester pays for search beyond the first 2 hours, duplication after the first 100 pages, and other services and direct costs.  If the Agency does not respond to the request within 20 working days, do not assess any applicable search or duplication fees except where "unusual" or "exceptional" circumstances occur.  Duplication fees may still be assessed.

Exhibit 01 shows the level of fee charges for each category of requester.

### 11.43d - Exhibit 01

### LEVEL OF FEE CHARGES FOR EACH CATEGORY OF REQUESTER

| Requester | Search | Review | Duplication |
|---|---|---|---|
| Commercial Use | [+]Yes | Yes | [+]Yes |
| Educational and Noncommercial Scientific Institution | No | No | [+]*Yes |
| Representatives of News Media | No | No | [+]*Yes |
| All Others (Do not fit into the other three categories) | [+]**Yes | No | [+]*Yes |

*Do not charge for the first 100 pages.
**Do not charge for the first 2 hours of manual or the equivalent computer search time.
[+]Do not charge if response time is more than 20 working days barring unusual or exceptional circumstances.

## 11.44 - Instances Where Photographic Reproductions May Be Provided Free

Photographic reproductions may be provided for free where:

1.  Press, radio, or television representatives are distributing the photograph to the general public.

2.  State and local governments are performing a function that will help accomplish an objective of the U.S. Department of Agriculture.

## 11.45 - Discretionary Waiver of Fees or Reduction of Charges

If the disclosure will primarily benefit the general public and is not primarily in the commercial interest of the requester, fees may be waived or reduced, regardless of whether a requester sought a waiver or reduction of fees.

BHCWA-287

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 16 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.46 - Request for Waiver or Reduced Fees

Any requester may apply in writing for a waiver of the fees associated with processing a request. Consider requests for a fee waiver or reduction of fees on a case-by-case basis.

1. Information necessary to a fee waiver determination includes:

    a. Requester name or identity,

    b. If the requester is a group or an organization, its purpose(s),

    c. A specific description of the requested records,

    d. The use(s) for which the records are sought,

    e. The manner in which the requested records are expected to primarily benefit the general public,

    f. The segment or portion of the public and/or geographic area expected to benefit from the records sought, and,

    g. The requester's knowledge of the availability of the records from any other source.

2. If the requester has neither addressed the fee waiver criteria nor met all the fee waiver criteria initially, seek additional information from the requester and suggest the requester furnish:

    a. Documents that substantiate the requester's stated qualifications,

    b. An explanation of how the requester used records received under a previous fee waiver, and

    c. Information about whether the requester will use the records to generate income.

## 11.46a - Factors to Consider When Determining Whether to Waive or Reduce Fees

When determining whether to waive or reduce fees, consider the following factors:

1. The subject matter of the request, that is, whether the subject of the requested records concerns "the operations or activities of the Government".

    a. Are the requested Agency records actually about identifiable Forest Service operations or activities?  Examples that are about such activities include records related to grazing permits, forest plans, budget documents, Government contracts, and

BHCWA-288

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 17 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

special uses. Examples that are not about such activities include letters received during notice and comment, notices of intent to sue under the Endangered Species Act, and citizen letters to the Agency.

2. The informative value of the information to be disclosed, that is, whether disclosure of the records is "likely to contribute" to an understanding of Government operations or activities.

   a. Are the records meaningfully informative about specific Forest Service activities? For example, what is the value of an audio tape when a transcript of the tape has been released? Records that would be meaningfully informative include vacancy files, contracts, information from the Chief, and those not already in the public domain.

   b. What insight the record provides about what the Forest Service does? Do the records shed light on Government operations or activities?

3. The contribution to an understanding of the subject by the general public likely to result from disclosure; will disclosure of the requested records contribute to "public understanding" of Government operations or activities.

   a. How will the information be made available to the public at large? How will it be made available to a reasonably broad audience? How will the requester disseminate the information? Passive availability is not enough to meet this standard.

   b. Does the requester have the knowledge and expertise to synthesize and analyze the requested information? What is the requester's expertise in the subject matter of the requested records? Can the requester effectively convey the results of the synthesis and analysis? Simply providing duplicates of the records to members of the public is insufficient to meet the criterion.

4. The significance of the contribution to public understanding, that is, whether disclosure of the requested records is likely to contribute "significantly" to the public understanding of Government operations or activities.

   a. Will the information enhance public understanding of the subject matter of the request?

   b. Does disclosure increase or promote public understanding of the subject matter? Does it do so significantly?

BHCWA-289

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 18 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

5. The existence and magnitude of a commercial interest, that is, whether the requester has a commercial interest that would be furthered by the requested disclosure.

6. The primary interest in disclosure, that is, whether the magnitude of the identified commercial interest of the requester is sufficiently large in comparison with the public interest in disclosure.

## 11.46b - Other Considerations for Waivers of Fees and Charges

Granting a fee waiver to a requester does not guarantee that they will qualify for the next fee waiver; fee waivers are determined on a case-by-case basis. If a requester has previously been delinquent in the payment of FOIA fees, determine fees for any new request and require full payment before processing.

Requesters must pay for search time even if the search produces no responsive records. If a requester owes fees, the fees must be paid before processing any future requests.

## 11.47 - Payment of Fees

If estimated costs exceed $250, the requester must pay a minimum of 50 percent of the estimated fee before the material is reproduced. Otherwise, bill the requester when the requested material is furnished using the Bill for Collection created by the Financial Management staff. The Bill for Collection informs the requester how much to pay, whom to pay, and where to send the payment.

## 11.48 - Content of Fee Waiver Denial Letters

Denials of requests for waiver or reduction of fees must:

1. Analyze each fee waiver factor, clearly state whether each factor is met, and explain the reason(s) for denial;

2. Inform the requester of the right to appeal to the Chief (36 CFR 200.11, 7 CFR 1.14, and FSM 6271.2);

3. Indicate that an appeal must be in writing and received by the Chief within 45 days of the date of the denial letter; and

4. Give the name and title or position of the employee responsible for the denial (the official who signs the letter, FSM 6271.3).

BHCWA-290

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 19 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.5 - Evaluate the Records

Evaluate the records by analyzing the answers to the following:

1.  Are the records responsive to the request?

    a.  Are they in the correct timeframe as specified in the request?

    b.  Are they on the correct topic?

    c.  Do they conform to the requester's description?

2.  Are there segregable portions that can be released?  There are only a few circumstances where pages can be withheld in entirety.

3.  Do any of the records originate with another Federal agency?  Should the records be referred to that agency or should the agency be "consulted" on the processing of the records?

## 11.6 - Determine Applicable Exemptions

The Freedom of Information Act (FOIA) directs that Federal records and documents must be made available upon request, unless they fall under one of the three exclusions or one or more of the nine enumerated exemptions provided by 5 U.S.C. 552(b) and (c).

Exhibit 01 contains a brief description of each exemption.  Exhibit 02 summarizes potential applications of the exemptions most commonly used in the Forest Service.

Exercise judgment and apply exemptions on a case-by-case basis being consistent with previous or similar requests and case law.

Indicate in the margin(s) next to the text that has been redacted the exemption(s) that applies.

BHCWA-291

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 20 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

### 11.6 - Exhibit 01

### FREEDOM OF INFORMATION ACT EXEMPTIONS

Exemptions 2, 3, 4, 5, 6, and 7 are used most frequently in the Forest Service.
Release a record to the public unless it falls under one of the following nine exemptions:

Exemption 1 - Classified records related to national defense or foreign policy matters required by an Executive order to be kept secret.

Exemption 2 - Matters related solely to the agency's internal personnel rules and practices.  Applies to personnel matters only.

Exemption 3 - Information prohibited from disclosure by another statute only when one of two requirements are met:

  a.  The other statute requires that the information be withheld from the public in such a manner as to leave no discretion on the issue, or

  b.  The other statute establishes particular criteria for withholding or refers to particular types of matters to be withheld.

Exemption 4 - Trade secrets and commercial or financial information that is obtained from a person that is privileged or confidential where release would:

  a.  Cause substantial harm to the competitive position of the business submitter, or

  b.  Impair the Government's ability to obtain necessary information in the future.

Exemption 5 - Inter-agency or intra-agency memorandums or records that would not be available by law to a party other than the party in litigation with the agency.  Privileges included in this exemption, among others, are:

  a.  Deliberative Process Privilege,

  b.  Attorney-Client Privilege, and/or

  c.  Attorney-Work Product Privilege.

Exemption 6 - Personnel, medical, or similar files when the release of the information would be a clearly unwarranted invasion of personal privacy.  Balance the privacy interest in the information against the insight about agency operations.

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 21 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

### 11.6 - Exhibit 01--Continued

Exemption 7 - Records or information compiled for law enforcement purposes that if disclosed:

    a.  Could reasonably be expected to interfere with enforcement proceedings;

    b.  Would deprive a person of a right to a fair trial or an impartial adjudication;

    c.  Could reasonably be expected to constitute an unwarranted invasion of personal privacy;

    d.  Could reasonably be expected to disclose the identity of a confidential source, which includes a State, local, foreign agency, authority, or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation,

    e.  Would disclose techniques and procedures for law enforcement investigations or prosecutions guidelines reasonably be expected to risk circumvention of the law; or

    f.  Could reasonably be expected to endanger the life or physical safety of any individual.

Exemption 8 - Protects certain records of agencies that regulate or supervise financial institutions.

Exemption 9 - Covers geological and geophysical information data, including maps concerning wells.

BHCWA-293

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 22 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

### 11.6 - Exhibit 02

### APPLYING FOIA EXEMPTIONS 2, 3, 4, 5, 6, AND 7

(Note:  The following are general guidelines only.  See the cited sections of this Forest Service Handbook for further direction.

| | If the Record: | Then Apply Exemption: | And Take The Following Action: |
|---|---|---|---|
| **INTERNAL HUMAN RESOURCE PERSONNEL RULES AND PRACTICES ONLY** | | | |
| 1 | Discloses names, duty addresses, and office telephone numbers (Personnel Lists) 5 CFR 293.311. | 6 & 7(C) (sec. 11.65 ) | Usually release (except in investigations) |
| 2 | Discloses interview questions for potential employment. | 2 (sec. 11.61) | Withhold interview questions |
| **PROPOSED, ENDANGERED, AND THREATENED SPECIES AND/OR THEIR HABITAT** | | | |
| 3 | Discloses location, nesting sites, or other information regarding threatened or endangered plant or animal species. | No exemption applies | Release unless borders National Park; if so, check with FOIA coordinator |
| **PATENTS** | | | |
| 4 | Is from patent application. | 3 (sec. 11.62a) | Do not release |
| 5 | Relates to invention for which patent has not yet been filed. | 3 (sec. 11.62a) | Do not release |
| 6 | Presents scientific conclusions closely related to Forest Service decision to apply for patent. | 3 (sec. 11.62a) | Do not release |
| **CULTURAL RESOURCES** | | | |
| 7 | Discloses nature or location of archaeological or historic resources. | 3 (sec. 11.62b,c) | Do not release |
| 8 | Would not pose risk or harm to resources if released, or would further the purposes of Archaeological Resources Protection Act or National Historic Preservation Act. | No exemption applies Review Exemption 3 (sec. 11.62b,c) | Release |
| 9 | Is requested by State Governor (SHPO) provided requests meet certain provisions and commitments of confidentiality. | 3 may apply (sec. 11.62b) | Release |
| 10 | Discloses human burial sites or the location of cultural or cultural item sites. | 3 (sec. 11.62h) | Do not release |
| **BUSINESS PROPOSALS** | | | |
| 11 | Unsuccessful proposal submitted for competitive Federal contract. | 3 (sec. 11.62f) | Do not release |
| 12 | Successful proposal NOT incorporated into the awarded Federal contract. | 3 (sec. 11.62f) | Do not release |
| 13 | Successful proposal incorporated into the awarded Federal contract. | Exemption 4 might apply to portions (for example, discounted unit prices) | Release all except Exemption 4 information |

BHCWA-294

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 23 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

### 11.6 - Exhibit 02-Continued

| | **If the Record**: | **Then Apply Exemption**: | **And Take The Following Action**: |
|---|---|---|---|
| | **COMMERCIAL, FINANCIAL, AND TRADE INFORMATION** | | |
| 14 | Discloses commercial or financial information or trade secrets for which release could (1) cause substantial harm to the submitter's competitive position, or (2) impair the Government's ability to obtain future information. | 4 (sec. 11.63) | Do not release |
| 15 | Is marked "Proprietary," but contains no confidential financial or commercial information or trade secrets. | No exemption applies Review Exemption 4 (sec. 11.63) | Release |
| 16 | Is provided by private interests to meet legal requirements for procurement and is incorporated into the contract. | No exemption applies Review Exemption 4 (sec. 11.63) | Release |
| 17 | Confidential commercial or financial business information supplied voluntarily to Forest Service. | 4 (sec. 11.63) | Notify business submitter; request competitive harm statement; do not release |
| 18 | Includes statements on sales, volume of business, investments, and profits and losses submitted by business at request of agency, but not required. | 4 (sec. 11.63) | Notify business submitter; request competitive harm statement; do not release |
| 19 | Contains a business submitter's raw scientific data and conclusions. | 4 (sec. 11.63) | Notify business submitter; request competitive harm statement; do not release |
| | **TIMBER SALES** | | |
| 20 | Provides data on cost and selling values from timber-sale purchases for use in timber appraisal, and provides information about purchases in rate redetermination or other purposes related to timber sales. | No exemption applies Review Exemption 4 (sec. 11.63) | Release |
| 21 | Gives total points scored by board on contract awards, but not individual scores by board member. | No exemption applies Review Exemption 4 (sec. 11.63) | Release |
| 22 | Lists bidders' names and addresses. | No exemption applies Review Exemption 4 (sec. 11.63) | Release names and addresses |
| 23 | Gives bottom line price figures. | No exemption applies Review Exemption 4 (sec. 11.63) | Release prices |
| 24 | Gives appraisal information before sale is reviewed and approved. | 5 (sec. 11.64) | Do not release |
| 25 | Includes management plan inventory data (plot cards, summary sheets, and type and condition class maps) before they are checked and ready for use. | 5 (sec. 11.64) | Do not release analysis; release factual data |

BHCWA-295

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 24 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.6 - Exhibit 02-Continued

| | If the Record: | Then Apply Exemption: | And Take The Following Action: |
|---|---|---|---|
| **RECORDS OF POLICY DELIBERATIONS AND DECISIONMAKING** | | | |
| 26 | Forest Service estimates of engineering costs for construction or maintenance work before bids are opened and read (except for sale-purchaser road construction and maintenance in timber sale reports and appraisals). | 5 (sec. 11.64a) | Withhold estimates (redact) |
| 27 | Records of deliberations in policy determination. | 5 (sec. 11.64a) | Withhold deliberations (redact) |
| 28 | Contains letters and reports from contract consultants whose recommendations are integrated into agency's decision-making process. | 5 (sec. 11.64a) | Withhold recommendations (redact); release factual information |
| 29 | Is a final agency decision or policy. | 5 may not apply (sec. 11.64) | Release |
| 30 | Is an EIS, EA, or FONSI (40 CFR, sec. 1506.6(f)). | 5 may not apply (sec. 11.64) | Release |
| 31 | Is a draft document which has been shared with a non-Federal cooperator (for example, State, local government). | 5 does not apply | Release |
| **LAND SALE, EXCHANGE, AND ACQUISITION** | | | |
| 32 | Must be furnished to landowner under Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. | 5 may not apply (sec. 11.64) | Release |
| 33 | Gives appraisal report or appraised value released by Justice Department for condemnation case. | 5 may not apply (sec. 11.64) | Release |
| 34 | Gives total values and inventory data before approval of appraisal. | 5 (sec. 11.64) | Do not release |
| 35 | Gives appraisal report on selected land before approval of land exchange. | 5 (sec. 11.64) | Do not release |
| 36 | Provides approved appraisal report on offered land before consent by exchange proponent. | 5 (sec. 11.64) | Do not release |
| 37 | Provides approved appraisal report after publication of notices in local newspaper, but prior to issuance of decision. | 5 (sec. 11.64) | Do not release |
| 38 | Provides approved appraisal report after decision memorandum is signed. | 5 may not apply (sec. 11.64) | Release |
| 39 | Gives agency approved values and/or approved appraisal reports for land purchases before property owner delivers acceptable option or deed to Government. | 5 (sec. 11.64) | Do not release |

BHCWA-296

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 25 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.6 - Exhibit 02-Continued

| If the Record: | Then Apply Exemption: | And Take The Following Action: |
|---|---|---|
| **PRIVATE INFORMATION ABOUT INDIVIDUALS** | | |
| 40   Contains information of a private, intimate nature about individuals that would be a "clearly unwarranted invasion of privacy" if disclosed. (5 CFR 293.311)<br><br>EXAMPLES:<br>Place and date of birth, age, marital status, home address and telephone number, personal email addresses, details of health and insurance benefits, promotion recommendations, supervisory assessments of professional conduct and ability, information provided by a reference, prior employment unrelated to employee's occupation, primary and secondary education, allegations of misconduct or arrest, military service number, matters not pertinent to employee's duties, Social Security number. | 6 (sec. 11.65) | Do not release |
| 41   Gives information about individuals which the Office of Personnel Management has declared public information (5 CFR 293.311).<br><br>EXAMPLES:<br>Name, present and past grades, present and past salary rates (including performance awards or bonuses), incentive awards, merit pay amount, Meritorious or Distinguished Executive ranks, and allowances and differentials (Do not release deduction or withholding information), present and past duty stations (including room numbers, shop designations, or other information about buildings or places of employment), position descriptions, job elements, and performance standards, sanitized copy of resume or other application format of successful applicant for job. | 6 may not apply (sec. 11.65) | Release |

BHCWA-297

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 26 of 48

FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT

### 11.6 - Exhibit 02-Continued

| | If the Record: | Then Apply Exemption: | And Take The Following Action: |
|---|---|---|---|
| 42 | Performance appraisals. | 6 (sec. 11.65) | Do not release (redact) |
| 43 | Information about Permittees. | 6 may apply (sec. 11.65) | Commercial use permittees have no privacy interests; therefore, release their information. Private, recreational users/individuals – protect their information, except you can release their name, city, state & zip code |
| 44 | If a request is formulated in such a way (request names investigated individual) that even acknowledgement of the existence of responsive records would invade the subject's privacy, then that privacy can be protected by refusing to confirm or deny that responsive records exist. | 6 (sec. 11.65), Glomar (sec. 11.65a) | Refuse to confirm or deny records exist. |
| | **LAW ENFORCEMENT RECORDS AND INFORMATION** | | |
| 45 | Would interfere with active law enforcement proceedings or civil and administrative actions (for example, by harming Government's case for pending or likely litigation, or by alerting subject to existence of investigation). | 7(A) (sec. 11.66) Glomar (sec. 11.65a) | Do not release or use Glomar response (refuse to confirm or deny records exist) |
| 46 | Relates to completed law enforcement proceeding. | 7(A) may not apply (sec. 11.66) | Release unless another exemption applies |
| 47 | Would cause prejudicial publicity before trial and deprive individual or governmental organization of right to fair trial, or give unfair advantage to party in proceeding. | 7(B) (sec. 11.66) | Do not release |
| 48 | Contains information about individuals that is personal if release could reasonably be expected to be an unwarranted invasion of privacy. | 7(C) (sec. 11.66) | Do not release (redact) |
| 49 | Contains information about individuals that is personal when release is warranted for public interest. | 7(C) may not apply (sec. 11.66) | Release |
| 50 | Contains information found in law enforcement files about a specifically named individual or individuals to the extent that even acknowledgement of the existence of responsive records would be a "clearly unwarranted invasion of privacy" if disclosed. | 7(C) (sec. 11.66), Glomar (sec. 11.65a) | Refuse to confirm or deny records exist |

BHCWA-298

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 27 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.6 - Exhibit 02-Continued

| | If the Record: | Then Apply Exemption: | And Take The Following Action: |
|---|---|---|---|
| 51 | Would disclose confidential sources or information provided by such sources in civil and criminal law enforcement investigations. | 7(D) (sec. 11.66) | Do not release (redact) |
| 52 | Would disclose investigation techniques and procedures that are not routine and not generally known outside the Government (example, records about techniques used to prevent collusive bidding for NF timber). | 7(E) (sec. 11.66) | Do not release (redact) |
| 53 | Would endanger life or physical safety of any individual. | 7(F) (sec. 11.66) | Do not release (redact) |
| 54 | Radio frequencies used for field operations, fire, and law enforcement. | 7 (E) & (F) (sec. 11.66) | Do not release (redact) |
| 55 | Includes documents related to an accident investigation which are considered as an attorney work product according to USDA Departmental Regulation 2510, section 7c, and if released could damage the Government's defense in claims cases. | 5 (sec. 11.64) | Do not release |
| 56 | Includes witness statements or other documents which would impinge on an individuals' privacy. | 5, 6, 7 (sec. 11.64, 11.65, 11.66) | Do not release (redact). Consider survivor's privacy. |
| 57 | Summarizes certain information from investigation documents for incidents of high public and/or media interest when release of such information has been approved by appropriate officials. | 5 may have been waived (sec. 11.64) | Release |
| 58 | Position descriptions, job elements, and performance standards release of which would not interfere with law enforcement programs or severely inhibit agency effectiveness. | 6 and 7 may not apply (sec 11.65, 11.66) | Release |

BHCWA-299

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 28 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.61 - Exemption 2

This exemption prohibits disclosure of material related solely to the Agency's internal Human Resource personnel rules and practices.

## 11.62 - Exemption 3

This exemption prohibits disclosure of information specifically exempted by Federal statute other than 5 U.S.C. 552(b)(3). State statutes are generally not applicable.

## 11.62a - Patents

Exemption 3 prohibits disclosure of information on any invention until a patent application is granted.

## 11.62b - The Archaeological Resources Protection Act of 1979 (16 U.S.C. 470hh)

The Archaeological Resources Protection Act of 1979 (16 U.S.C. 470hh) prohibits disclosure of information about the nature and location of archeological resources, except when:

1.  Disclosure furthers the purposes of the Act or presents no risk of harm to the resources.

2.  Disclosure is to a State Governor and is about cultural resources, provided the State request meets certain provisions and commitments of confidentiality.

## 11.62c - The National Historic Preservation Act (16 U.S.C. 470 w-3)

The National Historic Preservation Act (16 U.S.C. 470 w-3) applies to information pertaining to the location, character, or ownership of historic resources. It requires Federal agencies to consult with the Secretary of the Interior, if it is determined that disclosure may:

1.  Cause significant invasion of privacy,

2.  Risk harm to the historic resource, or

3.  Impede the use of a traditional religious site by practitioners.

## 11.62d - Cave Resources Act of 1988 (16 U.S.C. 4301-4309)

The Federal Cave Resources Act of 1988 (16 U.S.C. 4301-4309) prohibits the disclosure of information concerning the specific location of any significant cave, unless the Secretary of Agriculture or the Secretary of the Interior (as appropriate) determines that the disclosure of such information would further the purposes of the Act, and would not create a substantial risk of

BHCWA-300

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 29 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

harm to, theft from, or destruction of the cave.  The Secretary may make available information regarding significant caves upon written request by Federal and State governmental agencies and bona fide educational and research institutions.

### 11.62e - Whistleblower Protection Act of 1989 (5 U.S.C. 1201 et seq.)

The Whistleblower Protection Act of 1989 (5 U.S.C. 1201 et seq.) prohibits Federal agencies from retaliating against Federal employees who engage in whistleblowing activities.

### 11.62f - Contract Proposals

The National Defense Authorization Act of 1997 (P.L. 104-201) section 821 prohibits the release of a contractor's proposal submitted in response to a competitive solicitation by the Federal Government for a competitive proposal, except when incorporated into or referenced in the awarded contract.

### 11.62g - Agricultural Producer or Owner Information

Section 1619, Confidentiality Provision in the Food, Conservation, and Energy Act of 2008 (FCEA), (Pub. L. No. 110-2461) prohibits USDA, its contractors, and cooperators from disclosing information provided by an agricultural producer or owner of agricultural land concerning the agricultural operation, farming or conservation practices, or the land itself, in order to participate in a USDA program, as well as geospatial information maintained by USDA with respect to such agricultural land or operations, subject to certain exceptions and authorized disclosures.

### 11.62h - Reburial of Human Remains and Cultural Items on NFS Lands

The Food, Conservation, and Energy Act of 2008/Title VIII: Forestry Subtitle B – Cultural and Heritage Cooperation Authority, Section 8106 prohibits the unauthorized disclosure of information regarding burial sites, including the quantity and identity of human remains and cultural items on the sites and location of the sites.

### 11.63 - Exemption 4

This exemption prohibits disclosure of trade secrets and commercial or financial information obtained from a person for which release might:

> 1.  Cause substantial harm to the business submitter's competitive position.  In exempting a record under this provision, be prepared with extensive information to demonstrate the "substantial competitive harm".  The business submitter should provide much of the information needed to meet this standard.  To show that the submitter customarily

BHCWA-301

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 30 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

maintains this information in confidence, the submitter must explain fully all grounds upon which it opposes disclosure. See exhibit 01 for questions to provide to the business submitter.

2. Impair the Government's ability to obtain necessary information in the future. Information exempted under this standard must relate to a decision-making function and must be furnished voluntarily to the Forest Service. This exemption does not apply to information supplied by private interests to meet legal requirements, such as information submitted in a contract proposal.

3. Cause harm to an identifiable private or governmental interest.

Consider the following guidelines in applying Exemption 4

1. Records marked with a restrictive term, such as "Proprietary", are not necessarily exempt from release and must be reviewed against the provisions of this exemption.

2. Pursuant to Executive Order 12600, promptly notify the business submitter of a FOIA request that captures business information, and if appropriate, provide the business submitter an opportunity to respond to the questions in exhibit 01. Specify the date, typically 7 to 14 days after notification is sent by the submitter's response. The submitter's response should describe and explain in detail the basis for wanting the information withheld.

3. Provide the business submitter the responsive records marked as the Agency intends to release them. That will help the submitter understand the need to segregate the information and to concentrate on the portions to be withheld.

4. On a case-by-case basis, use the business submitter's answers to the questions in exhibit 01 to determine if release of the information would cause substantial harm to the submitter's competitive position or to the Government's ability to obtain information in the future.

5. If the Agency decision is to disclose any of the submitter's records, provide the submitter with notice prior to the disclosure date, in order that the business submitter may consider the matter for possible judicial intervention.

6. The threshold requirement for application of Exemption 4 is the information received from a person who is not a Federal employee.

BHCWA-302

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 31 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

### **11.63a - Exhibit 01**

### **QUESTIONS TO AID IN THE APPLICATION OF EXEMPTION 4**

Under Exemption 4, information may not be released if it causes substantial harm to the competitive position of the business submitter.  Send the following questions to the business submitter for response.  Use the responses to help determine whether or not the exemption applies:

1. **Confidentiality.**

   a.  Does your firm continue to operate in the same business or in a substantially similar business to which the commercial or financial information is relevant?

   b.  How would each item of commercial or financial information reveal the basis or method of operation of your business?

   c.  Given the age of the information, does it continue to have a commercial vitality or value?

   d.  Are any subcontractors listed in the subject records currently associated with your business?  Is all commercial or financial information associated with any such subcontractors current?

   e.  How would disclosure of the information affect the government's ability to obtain similar data from your firm in the future?

2. **Existence of Competition.**

   a.  Describe the current market in which your business is involved.

   b.  Who are the successful businesses involved in the market described above?

   c.  Indicate the specifics of how the disclosure of the information will harm your competitive position.

3. **Substantial Competitive Injury.**

   a.  Describe the nature of your business and how particular commercial or financial information could be used by a competitor to injure your business.

   b.  Would release of the information allow competitors advantageous insight into your business operations?  If so, explain how and why.

   c.  Could a competitor construct a theoretical model of your business' cost and profit?

BHCWA-303

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 32 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.64 - Exemption 5

Exemption 5 is the only exemption that agencies have the discretion to "waive" a withholding. Any discretionary decision to disclose information, otherwise protected under the Freedom of Information Act (FOIA), must be made only after full and deliberate consideration of the Agency interests.

Exemption 5 protects from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party, other than a party in litigation with the agency. Incorporated in Exemption 5 are three primary privileges:

1. The deliberative process privilege,

2. The attorney work-product privilege, and

3. The attorney-client privilege.

These privileges are detailed in sections 11.64a through 11.64c. However, other privileges such as the self-critical analysis privilege are also incorporated into the exemption.

## 11.64a - Deliberative Process Privilege

The deliberative process privilege prevents injury to the quality of agency decisions. For the deliberative process privilege to apply, three requirements must be met:

1. The communication must be inter- or intra-agency,

2. The communication must be predecisional and developed prior to the adoption of an agency policy, and

3. The communication must be deliberative, and a direct part of the deliberative process that makes recommendations or expresses opinions on legal or policy matters.

There are three policy purposes that constitute the basis for the deliberative process privilege:

1. To encourage open, frank discussions on matters of policy between subordinates and superior,

2. To protect against premature disclosure of proposed policies before they are adopted, and

3. To protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

BHCWA-304

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 33 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Documents that are commonly protected by the deliberative process privilege include advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.  These documents may also include briefing materials and drafts.

Evaluate the content and context of the records.  In general, Exemption 5 does not protect factual information unless it is "inextricably intertwined" with policymaking matters and; therefore, disclosure would reveal or impinge on Agency deliberations.

Not all opinions, recommendations, and advice are exempt; rather they must be in records generated as part of a process leading to a decision or policy.

## 11.64b - Attorney Work-Product Privilege

The attorney work-product privilege protects records and documents prepared by an attorney or at an attorney's direction in contemplation or anticipation of litigation, including administrative proceedings.

For example, the privilege applies to:

1.  Records of law enforcement investigations, when the investigation is based upon specific wrongdoing and represents an attempt to obtain evidence and build a case against the suspected.

2.  Information shared with a party holding a common legal interest with the agency.

3.  Reports of Investigation prepared to provide background on a Federal Torts Claim Act for USDA/Office of the General Counsel (OGC) and at the request of an OGC attorney.

## 11.64c - Attorney-Client Privilege

The attorney-client privilege protects confidential communication between an attorney and a client relating to a legal matter for which the client has sought professional advice.  The privilege applies to facts divulged by a client to an attorney, and communications between attorneys which reflect client-supplied information.

## 11.65 - Exemption 6

This exemption prohibits disclosure of information about individuals in "personnel and medical files and similar files" when release would constitute a "clearly unwarranted invasion of personal privacy."  The threshold requirement is records within "personnel, medical files, and similar files." These terms are interpreted broadly and generally include any record that contains information about an individual.

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 34 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Next, determine whether release of the information would constitute a "clearly unwarranted invasion of personal privacy."  This determination requires balancing the public's right to disclosure against the individual's right to privacy.

Assess the privacy interest by ascertaining whether a protectable privacy interest exists that would be compromised by disclosure.  Determine if there is any expectation of privacy relative to the information sought.  Remember, Exemption 6 encompasses "survivor" privacy; therefore, it is permissible to withhold information about a survivor's decedent if the information is graphic (for example, photographs and autopsy report) and release of the graphic information implicates the privacy of the survivor.  For example, withhold graphic descriptions in an autopsy report if release would violate the privacy interest of surviving family members.

Assess the public interest by asking whether the requested information sheds light upon the Agency's performance of its statutory duties.

Then, weigh the privacy interest against the public interest.  If no public interest exists, withhold the information.  If no invasion of privacy would occur, release the requested data.

## 11.65a - Glomarization Procedure

If a request is formulated in such a way (requested by name of investigated individual) that even the acknowledgement of the existence of responsive records would invade an individual's privacy, then the person's privacy may be protected by refusing to confirm or deny that responsive records exist.  For example, when a request is focused on records about an identifiable individual, and the records are particularly sensitive, such as any investigation report or records related to the counseling of an individual by the Employee Assistance Program (EAP), prepare a Glomar response.  A Glomar response is most often used in conjunction with Exemption 6 (secs. 11.65 and 11.66c of this handbook) or 7(C).

This approach is proper when acknowledgment of the existence of records would be tantamount to disclosing an actual record, and the disclosure would constitute a clearly unwarranted invasion of personal privacy.  This response is only effective when given consistently for a distinct category of requests.  If it becomes known that the Agency gives a Glomar response only when records do exist and gave a "no records" response otherwise, then the purpose of this special approach would be defeated.

The following response should be used when providing a Glomar response to a requester:

> **"You have made a request for investigation records on a specifically named individual(s), other than yourself.  Pursuant to Exemption 6 of the FOIA, lacking an individual's consent, proof of death, or an overriding public interest, we can neither confirm nor deny the existence of Forest Service investigative records requested by a third party, on a specific named or identifiable individual, when even the**

BHCWA-306

Case 5:21-cv-05072-LLP    Document 49-1    Filed 01/20/23    Page 69 of 130 PageID #:
751

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 35 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

> **acknowledgement of such records would likely cause an unwarranted invasion of an individual's privacy, 5 U.S.C. 552(b)(6).  Under the FOIA, a first party requester is defined as the individual investigated, and whose name the investigation record is retrievable (filed) by.  A third party FOIA requester is defined as anyone, other than the individual investigated, who requests the investigation records.  The FOIA provides you the right to appeal this decision to neither confirm nor deny the existence of records responsive to the request [add remainder of appeal paragraph]."**

The Office of Personnel Management (OPM) has determined that certain records about federal employees are public information which should be released to a requester.  These records are listed in section 11.6, exhibit 02, paragraph 41.

Withhold from third parties all information about an employee's personal life and family status, unless the individual concerned gives written consent for release.

### 11.66 - Exemption 7

The Freedom of Information Reform Act of 1986 broadened FOIA exemptions to encompass records compiled for law enforcement purposes.  To apply Exemption 7, there must be a reasonable possibility that one or more of the consequences outlined in sections 11.66a through 11.66f of this handbook will result from disclosure.  Exemption 7 prohibits the disclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production could interfere with one of the following.

### 11.66a - (7)(A) Interference With Law Enforcement

Exemption (7)(A) prohibits the release of investigative records of active law enforcement proceedings, including civil and administrative actions.  For example, units may withhold records of an ongoing investigation about a potential Government employee if release could interfere with the investigation.  Once the enforcement proceeding is completed and all administrative actions have been taken, Exemption (7)(A) no longer applies although other exemptions may apply.

### 11.66b - (7)(B) Deprivation of Right to Fair Trial

Exemption (7)(B) prohibits the release of information which would deprive a private person of their right to a fair trial.  It typically applies to material that would cause prejudicial publicity in advance of a trial, or give an unfair advantage to a party in an adversarial proceeding.

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 36 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

### 11.66c - (7)(C) Unwarranted Invasion of Personal Privacy

Exemption (7)(C) prohibits the release of personal information in law enforcement records; it is similar to Exemption 6. If information could reasonably be expected to constitute an unwarranted invasion of personal privacy, it should be withheld. This standard is lower than the Exemption 6 standard because the invasion of privacy does not have to exist clearly, also it may be applied in a more categorical way. When deciding whether the exemption applies, balance the individual's right to privacy against the public's interest in having the material available. Refer to section 11.65a regarding a Glomar response under Exemption 7(C) and to section 11.05 for a definition of public interest.

### 11.66d - (7)(D) Disclosure of Confidential Sources or Information They Provide

Exemption (7)(D) deals solely with civil and criminal law enforcement. In most civil and criminal law enforcement cases, it is proper to withhold names, addresses, and other identifying information about citizens who submit reports or complaints of possible violations of law.

### 11.66e - (7)(E) Disclosure of Techniques and Procedures

Exemption (7)(E) protects records from release if they would:

1. Disclose investigative techniques and procedures for, or unique to law enforcement investigations or prosecutions, or

2. Disclose guidelines for law enforcement investigations or prosecutions when disclosure could reasonably be expected to risk circumvention of the law.

### 11.66f - (7)(F) Endangering Individuals

Exemption (7)(F) applies to records when their disclosure would endanger the life or physical safety of an individual.

### 11.7 - Respond to the Request

### 11.71 - Response Time to Initial Requests

See sections 11.1 and 11.75 of this handbook.

The 20 working day period begins the day following receipt of a request and does not include Saturdays, Sundays, or legal public holidays. This time may only be tolled (stopped) in two circumstances. These circumstances are only applicable after the 20-day response time has begun. First, the time may be tolled one time if additional information not related to fees is needed from the requester. Before contacting the requester for additional information, the

BHCWA-308

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 37 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Agency should examine the request carefully, because the clock may only be stopped one time to request additional information.  That does not mean the Agency may not contact the requester again for additional information, just that the Agency may not stop the clock again.

The second circumstance in which the response time may be tolled is to contact the requester regarding fees.  The clock may be stopped as many times as necessary to conduct fee discussions with a requester.

A FOIA request captures responsive records in existence on the date the search for records begins, unless the requester provides a specific timeframe to search for records (for example, records from June 2005 through August 2008).

FOIA coordinators are encouraged to provide partial responses to requesters when dealing with a voluminous amount of records or large fees.  Partial responses reinforce the agency's commitment to provide records to the requester.  Partial responses will also assist the Agency in its defense if there is FOIA litigation.

## 11.72 - Extension of Response Time

In unusual circumstances, an extension of a total of 10 working days may be taken to respond to requests or appeals.  The 10-day extension may be divided between the initial request and appeal process.

Unusual circumstances are limited to:

1.  Search for collection of requested records from field offices or other establishments that are separate from the office processing the request,

2.  Search for collection of and examination of a voluminous amount of records for a single request, or

3.  Consultation with another agency or another Forest Service unit, having a substantial interest in the determination of the request.

Consultation regarding policy or legal issues is not a basis for extension.  Negotiate any additional or different extension of time with a requester.  Confirm any agreement in writing and specify the time agreed upon.

## 11.73 - Failure to Meet Administrative Deadlines

Notify the requester in writing when unable to meet administrative deadlines.  State reasons for the delay and the estimated date a determination will be provided.  Continue processing the request expeditiously.  Refer to sections 11.41 through 11.43 of this handbook regarding assessing fees when unable to meet administrative deadlines.

BHCWA-309

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 38 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 11.74 - Authority to Sign Letter of Extension

See FSM 6271.3 for proper signing authority.  Regional foresters, station directors, Area Director, Institute Director, deputy chiefs, Washington Office staff directors, regional special agents in charge, and forest supervisors (or their designated acting) are delegated the authority to sign a notification letter to a requester about time extensions.

## 11.75 - Other Items Regarding Response Letters

1.  Use appropriate file code 6270 for all files and correspondence.

2.  Do not respond to questions in a FOIA response.

3.  Provide only one copy of the responsive records, no matter what the format.

4.  Provide only records in existence at the time of the search for responsive records.  Do not create new records to respond to a FOIA request.  Producing reports from an electronic database is not creating a new record.

5.  If the response states that no records exist, documentation of search is important.

6.  Any redacting must include the amount of information redacted, the location of the redaction, and the exemption applied to the redaction.

7.  The determination letter should clearly explain the basis for withholding and cite the exemption(s).

8.  Provide appeal rights in all final FOIA responses.  Include one of the two (a or b) following appeal rights when it is believed the request is fully-satisfied, or when some or all of the information requested is denied, no records are located, expedited processing is denied, or fee waiver is denied:

   a.  **"I believe your request is fully-satisfied.  However you have the right to appeal my response.  Any appeal must be made in writing, within 45 days from the date of this letter, to the Chief, USDA, Forest Service: 1) by email to *wo_foia@fs.fed.us*; 2) by regular mail to Mail Stop 1143, 1400 Independence Avenue, SW, Washington, DC 20250-1143; 3) by Fed Ex or UPS to 201 14th Street, SW, Washington, DC 20250-1143; telephone (202) 205-1542; or by 4) by fax at (202) 260-3245.  The term "FOIA APPEAL" should be placed in capital letters on the subject line of the email or on the front of the envelope.  To facilitate the processing of your appeal, please include a copy of this letter and/or the FOIA control number assigned to your FOIA request."**

BHCWA-310

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 39 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

b.  **"The FOIA provides you the right to appeal my decision.  Any appeal must be made in writing, within 45 days from the date of this letter, to the Chief, USDA, Forest Service: 1) by email to *wo_foia@fs.fed.us*; 2) by regular mail to Mail Stop 1143, 1400 Independence Avenue, SW, Washington, DC 20250-1143; 3) by Fed Ex or UPS to 201 14th Street, SW, Washington, DC 20250-1143; telephone (202) 205-1542; or by 4) by fax at (202) 260-3245.  The term "FOIA APPEAL" should be placed in capital letters on the subject line of the email or on the front of the envelope.  To facilitate the processing of your appeal, please include a copy of this letter and/or the FOIA control number assigned to your FOIA request."**

9.  The Forest Service and FOIA policy does not require an index be provided to a requester.  Any index may be prepared for internal use only.

10.  If agreed upon by the agency, a FOIA requester may "view" records after any exempt material has been removed.  An Agency employee must be present during the entire viewing and must exercise control over the viewing.  If new records are requested, as result of this review, inform the requester that a new FOIA request must be submitted.

11.  Requests from other Federal agencies for Forest Service records should not be processed as FOIA requests.  However, requests from State and local governments should be processed as FOIA requests.

12.  Congressional requests for records are processed under the FOIA unless it is received in writing from a Congressional committee chair for official committee business.

13.  Subpoenas for Forest Service records, in judicial or administrative proceedings in which the United States is not a party, must be processed as FOIA requests (see 7 CFR, Subtitle A, Part 1, Subpart K, Section 1.215).

## 12 - APPEALS

The Freedom of Information Act (FOIA) of 1966 as amended (5 U.S.C. 552) directs agencies to make records available to the public upon written request, establishes exemptions to the Act describing circumstances in which records may be withheld, and provides for an administrative appeal of the withholding of records.

The Forest Service responds to administrative appeals in a cost-effective, efficient, legal, and timely manner utilizing the process and procedures below (exhibit 01).

BHCWA-311

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 40 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

**12 - Exhibit 01**

**Flowchart of Appeal Process**



BHCWA-312

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 41 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 12.01 - Authority

See FSM 6270.1.

## 12.05 - Definitions

The following definitions apply only to the appeal section.  For additional definitions pertaining to this chapter, see section 11.05.

Appeal.  A requester asking that the request and response be reviewed at a higher administrative level.

Appellant.  An original FOIA requester who has sought administrative review of an adverse determination issued in response to the original FOIA request.

Freedom of Information Act (FOIA) appeal.  A written petition by the original requester seeking administrative review of an adverse determination issued in response to an original FOIA request.

Moot.  A determination sought on a matter which, when rendered, cannot have any practical effect on the existing case.

Timely appeal.  An appeal received by the Chief's office not later than 45 days from the date of the letter affording the appeal rights.

Untimely appeal.  An appeal received by the Chief's office beyond the 45 days from the date of the letter affording the appeal rights.

## 12.1 - Review the Appeal

All Freedom of Information Act (FOIA) appeals are processed in the Washington Office FOIA Service Center, by a FOIA analyst.

An appeal may only be submitted by or on behalf of the original requester.  Appeals by a different person that are employed by the same organization are valid if the original request was made on behalf of the organization.  Requests that were made on behalf of a person or persons may be appealed by different representatives.  For example, if a law firm made an original request on behalf of John Smith, a different law firm may properly submit an appeal on behalf of John Smith; or if John Smith made an original request himself, a law firm may properly file an appeal on his behalf.  Simply stating in the correspondence that this is an "appeal" does not make it a FOIA appeal.  Carefully review to determine if the "appeal" is a non-FOIA matter.  If so, it should be forwarded to the appropriate program staff for response.

BHCWA-313

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 42 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

The appeal should be reviewed to determine if it is timely and pertains to an issue that is ripe for appeal.  The appeal must be received within 45 days from the date the initial appeal rights were given.  The analyst should check for the data signed on the initial response letter.  If the appeal was received within 45 days of that date, it is timely; otherwise the appeal is untimely.  An untimely appeal should not be processed, and the appellant should be sent a letter stating the appeal was untimely.  However, an untimely appeal may be reviewed and accepted if it is determined to be in the best interest of the government to accept the appeal.

If the appeal is timely, it should be further examined to determine if it pertains to an issue that is ripe for appeal.

The FOIA analyst shall read the appeal carefully and answer the following questions before processing further:

1.  Was the appeal received by the Chief's office within 45 days of the date of the denial letter?

    a.  If yes, proceed with processing the appeal.

    b.  If no, notify requester via letter.  Appeal is moot.

2.  Is issue ripe for appeal?

    a.  Expedited processing determination.

    b.  Fee waiver determination

    c.  Adequacy of search.

    d.  Denial of records or portions thereof.

    e.  No records determination.

## 12.2 - Log in the Appeal

The Washington Office FOIA Service Center must use the national electronic tracking system to track all FOIA appeals received.  The tracking system must contain:

1.  Date of the appeal,

2.  Date the appeal was received,

3.  Appellant's name and address,

4.  Subject of the appeal,

BHCWA-314

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 43 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

5. Program staff assignment,

6. Date the response is due,

7. Date of the response,

8. Information related to fees and fee waivers,

9. List of the exemptions applied, and

10. Disposition information.

Acknowledge receipt of the appeal within 48 hours of receipt.  The acknowledgement should indicate the date the appeal was received by the Forest Service, provide the tracking number that has been assigned to the appeal, and provide a means for the appellant to ascertain the status of the appeal.  The acknowledgment may also address issues that are apparent from the initial review of the appeal, such as:  denial of expedited processing, denial of a fee waiver, seeking clarification, or requesting additional information.

## 12.3 - Obtain Records and/or a Second Search Certification from Washington Office/Region/Station/Areas

Records that are subject of the appeal may not include all of the records that were the subject of the initial request.  If the appeal pertains withholding of certain records and not all records that were initially withheld, do not review records that are not the subject of the appeal.  If the appeal does not specifically question the adequacy of the search in responding to the initial request, a second search is not necessary.  However, if an appeal directly or indirectly questions the original search, a second search certification is needed.  Contact the FOIA office that processed the initial request to acquire the records and background documentation for the appeal including:

1. The initial request,

2. All correspondence related to the request,

3. All withheld records that are at issue in the appeal with an unredacted version showing specifically what exemptions were applied and where, and

4. A certification of second search, if applicable.

If applicable, a second search must be completed which is reasonably calculated to find responsive records.  A second search requires a search designed to capture only responsive records that existed at the time the initial search began.  Records that were created or added to files after the first search was conducted are not responsive to an appeal.  Consider the description provided by the requester and your knowledge of Agency records to help define areas to search.

BHCWA-315

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 44 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Document the following information related to a second search:

1. Who performed the search, and why was that the appropriate person to search?

2. Where did that person search and why?

3. What type of files were searched (electronic, hard copy, and so forth)?

4. If records normally would exist but none were located, explain why none were located (such as, file retention period expired, destroyed in fire, or flood)?

## 12.4 - Evaluate the Appeal

Evaluate the appeal by analyzing the answers to the following:

1. What records did the requester initially seek?

2. Compare the initial request to the appeal.  Is the appeal within the scope of the initial request?  If any portion of the appeal is outside the scope of the initial request, it must be logged in as a new FOIA request and the requester notified of the status.

3. Does the requester need to be contacted for clarification of the appeal?

4. Is a date range for responsive records applicable?

## 12.5 - Evaluate the Withheld Records and/or Second Search

Evaluate the withheld records by analyzing the answers to the following:

1. Are the withheld records responsive to the request?

    a. Are they within correct date range, as specified by the requester?

    b. Are they pertaining to the correct topic?

    c. Do they conform to the requester's description?

2. Are there segregable portions of records that were withheld in entirety?

3. Did any of the records originate with another Federal agency?  Should the records be referred to that agency?

4. If records contain confidential business information, is there adequate documentation from the business submitter to withhold this information?

BHCWA-316

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 45 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK**
**CHAPTER 10 – FREEDOM OF INFORMATION ACT**

5.  Was the proper FOIA exemption asserted for the information withheld?

If applicable, evaluate the second search for records and determine if it was adequate.

## 12.6 - Make Fee Determination

Charge as appropriate and in accordance with new FOIA amendment fees.  See section 11.4 of this handbook for details regarding fees and categories of requesters.

## 12.7 - Prepare Response to the Appeal

Read the appeal carefully.  Follow these guidelines before processing:

1.  Use file designation 6270.

2.  Prepare a double-spaced draft response letter.  Include the right to judicial review clause in the letter and OGIS contact information if records are continuing to be withheld.

4.  Prepare final package for the Office of the General Counsel (OGC) legal sufficiency review.  Separate items in final package using index tabs:

   a.  Draft response letter,

   b.  Appeal,

   c.  Initial response,

   d.  Initial request,

   e.  Records at issue, and

   f.  Background material (including second search certification, if applicable).

5.  After the OGC concurs for legal sufficiency, prepare single-spaced final response and route for signature by the appropriate deputy chief or associate chief.

6.  Mail signed and dated response letter and any records being released to the appellant with a courtesy copy to the appropriate region/station/Area/Washington Office staff.

7.  Prepare the official FOIA file to reside in the Washington Office FOIA/PA Service Center.  Mark the folder with the proper retention period.

8.  Follow appropriate agency guidance to comply with the Federal Rules for Civil Procedure.

BHCWA-317

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 46 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

## 13 - ANNUAL REPORT

### 13.01 - Authority

See FSM 6270.1.

### 13.05 - Definitions

The following definitions apply only to this annual report section.  For definitions pertaining to this chapter, see section 11.05.

Agency records.  Records created or obtained by an agency or that are under the dominion and control of the agency.

Appeal.  A requester asking that the request be reviewed at a higher administrative level.

Average number.  The number obtained by dividing the sum of a group of numbers by the quantity of numbers in the group.  For example, of 3, 7, and 14, the average number is 8.

Complex request.  A FOIA request that an agency using multi-track processing places in a slower track based on the volume and/or complexity of records requested.

Date of receipt.  The date a request is received in the office (Washington Office, regional offices, stations, Area, supervisor offices, and so forth) that is responsible for the records responsive to the request.  If the request is not perfected when it is received, a new date of receipt is established when it is perfected.

Day.  A working day (Monday through Friday; excluding Federal holidays).

Denial.  An agency decision not to release all or any part of a record or records in response to a FOIA request because the information is determined to be exempt under one or more of the FOIA's exemptions, or for some procedural reason (such as because no records were, or the fee waiver or expedited processing request was denied).

Exemption 3 statute.  A separate Federal statute that prohibits the disclosure of a certain type of information thus authorizing its withholding under FOIA subsection (b)(3).

Expedited processing.  Is granted when a requester has shown an exceptional need or urgency for the records.

Fee Waiver.  The requester is not required to pay the fee because the requirement of the six fee waiver criteria has been met.

BHCWA-318

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE: 06/20/2012
DURATION: This amendment is effective until superseded or removed.

6209.13_10
Page 47 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

Glomar response. A response to a FOIA request that "neither confirms nor denies" the existence of any responsive records regarding a specifically named individual, and where the disclosure would constitute an invasion of personal privacy.

Grant. An agency decision to disclose all records in response to a FOIA request, grant expedited processing, or grant a fee waiver.

Initial request. A request for access to records under the Freedom of Information Act.

Median number. A middle, not an average number. For example, of 3, 7, and 14, the median number is 7.

Multi-track processing. A system which simple requests requiring relatively minimal review are placed in one processing track and voluminous and complex requests are placed in one or more other tracks. Requests in each track are processed on a first-in/first-out basis. A requester who has an urgent need for records may request expedited processing.

Partial grant. An agency decision to disclose a record in part in response to a FOIA request, withholding information determined to be exempt under one or more FOIA exemptions; or a decision to disclose some records in their entirety, but to withhold other records in whole or in part; or a combination of one of the above with a "no records" determination for a portion of the request.

Perfected request. A request is perfected when it:

    a. Is received in writing,

    b. Clearly describes the records sought, and

    c. Contains a statement about willingness to pay unless a fee waiver is granted, unless processing costs will not reach the level of charging fees.

Processed request or appeal. A request or appeal which an agency takes a final action on the request or the appeal in all respects.

Simple request. A FOIA request that an agency using multi-track processing places in its fastest (non-expedited) track based on the volume and/or simplicity of records requested.

Time limits. The time period in the Freedom of Information Act for an agency to respond to a FOIA request (ordinarily 20 working days from proper receipt of a "perfected" FOIA request).

BHCWA-319

WO AMENDMENT 6209.13-2012-1
EFFECTIVE DATE:  06/20/2012
DURATION:  This amendment is effective until superseded or removed.

6209.13_10
Page 48 of 48

**FSH 6209.13 – FREEDOM OF INFORMATION ACT/PRIVACY ACT HANDBOOK
CHAPTER 10 – FREEDOM OF INFORMATION ACT**

### 13.1 - Annual Reporting Requirements

Each FOIA Service Center must ensure all FOIA data has been timely entered into the national case tracking system so that the Washington Office (WO) FOIA Service Center can run the mandatory annual report by October 15 of each year (7 CFR 1.20).

### 13.2 - Report Requirements

For the previous fiscal year, the FOIA Service Center of each USDA component agency must gather and compile agency-wide FOIA and Privacy Act (PA) data as identified by the USDA FOIA Officer.  The Washington Office FOIA Service Center will create one consolidated national report and submit the report to USDA.

### 13.3 - Washington Office Reporting Responsibilities

The Washington Office FOIA Service Center maintains all categories of FOIA/PA information except for overhead costs and staffing.

The Washington Office FOIA Service Center compiles, consolidates, and validates the FOIA/PA program overhead costs and staffing data provided by the region, station, and Area into a final annual report for submission to the USDA and to Department of Justice.

Comply with any other requirements imposed by USDA.

### 13.4 - Region, Station, and Area Reporting Responsibilities

By October 15 of each year, provide an accurate consolidated report for overhead costs and staffing for each region, station, and Area to the Washington Office FOIA Service Center at *wo_foia@fs.fed.us*.  Direct any questions on the report to the Washington Office FOIA Service Center.

BHCWA-320

## Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**

FS-6200-0025 (REV.09/23/2020)

### PART I - FOIA REQUEST

**FOIA Tracking Number**

2021-FS-R2-00696-F

☐ Initial Request    ☐ Appeal    ☐ Lawsuit

**Date:**

**To:**

**Search Due Date:**

**From FOIA POC:**

**Requester:**

**Description of Records Requested:**

### PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.
Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.
*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

### PART III - COMMENTS FROM SEARCH OFFICE

***Mark all that apply.***

☒ **No records located.  Explain below:**     ☐ **FOIA Office release determination needed.**

☐ **Recommend full release of documents.**     ☐ **Recommend withholding records.  Does a statute apply? Explain below:**

    ☐ **Other persons or offices may have responsive records.  Explain below:**

I have no records that are responsive to this request because I have not been involved in these projects.

### PART IV - CERTIFICATION OF SEARCH

1. Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Elizabeth Krueger/Bearlodge Ranger District | 11/10/2020 | GS-11/10 | 0 | 0 |
| | | | | |
| | | | | |
| | | | | |

2. **Which system or files did you search?**   None

3. **Why did you search these system or files?**

4. **Which keywords were used for the search?** None

5. **How many pages/records did you locate?** 0

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Elizabeth Krueger/Resource Planner | ELIZABETH KRUEGER  *Digitally signed by ELIZABETH KRUEGER Date: 2020.11.10 08:50:48 -07'00'* | 11/10/2020 |

File Code: 6270     For technical questions and Section 508 accommodation, please contact fseforms@fs.fed.us

BHCWA-321

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only. See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**

**Requester:**

_____

**Requester Fee Category:**  ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### C. DUPLICATION

☐  _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐  _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐  Number of CDs or discs _____ at actual cost= _____

☐  Other duplicated _____ at actual cost= _____

### D. COMMENTS

### E. GRAND TOTAL

_____

BHCWA-322

## Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**

FS-6200-0025 (REV.09/23/2020)

### PART I - FOIA REQUEST

**FOIA Tracking Number**

2021-FS-R2-00696-F

☒ Initial Request ☐ Appeal ☐ Lawsuit

**Date:**

**To:**

**Search Due Date:**

**From FOIA POC:**
Black hills clean water alliance/20 October 2020

**Requester:**

**Description of Records Requested:**

### PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.

Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.

*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

### PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☐ No records located.  Explain below:

☐ Recommend full release of documents.

☐ FOIA Office release determination needed.

☐ Recommend withholding records.  Does a statute apply? Explain below:

☐ Other persons or offices may have responsive records.  Explain below:

### PART IV - CERTIFICATION OF SEARCH

1. Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Jerome Krueger | 11/06/2020 | GS-14/60.26 | 1 | 0.5 |
| | | | | |
| | | | | |
| | | | | |

2. **Which system or files did you search?**  computer/email

3. **Why did you search these system or files?**  this is where I keep my records

4. **Which keywords were used for the search?**  MMR and gold

5. **How many pages/records did you locate?**  many

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Jerome Krueger/Deputy Forest Supervisor | JEROME KRUEGER  Digitally signed by JEROME KRUEGER  Date: 2020.11.06 10:37:40 -07'00' | |

BHCWA-323

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**

**Requester:**

_____

**Requester Fee Category:**    ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Total  _____

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Total  _____

### C. DUPLICATION

☐  _____  photocopies < 8½"x11" at $0.20 per copy =  _____

☐  _____  photocopies > 8½"x11" at $0.50 per lineal foot on longest side =  _____

☐  Number of CDs or discs  _____  at actual cost=  _____

☐  Other duplicated  _____  at actual cost=  _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

BHCWA-324

# Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**                    FS-6200-0025 (REV.09/23/2020)

## PART I - FOIA REQUEST

**FOIA Tracking Number**
2021-FS-R2-00696-F

☒ Initial Request    ☐ Appeal    ☐ Lawsuit

**Date:**
11/12/2020

**To:**
Jessica Eggers

**Search Due Date:**
11/12/2020

**From FOIA POC:**
Lou Conroy

**Requester:**
CWA

**Description of Records Requested:**

• All draft and final plans of operations that have been submitted to the Forest service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District.

• All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources.

## PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.
Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.
*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

## PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☐ No records located.  Explain below:          ☐ FOIA Office release determination needed.

☒ Recommend full release of documents.        ☐ Recommend withholding records.  Does a statute apply? Explain below:

☐ Other persons or offices may have responsive records.  Explain below:

## PART IV - CERTIFICATION OF SEARCH

1. **Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.**

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Black Hills National Forest, Mystic District | 11/12/2020 | GS9, Step 8 | 1 | 1 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

2. **Which system or files did you search?**  C drive, T drive, Outlook email

3. **Why did you search these system or files?**  search for project documents

4. **Which keywords were used for the search?**  MMR, exploration, Mineral Mountain Resources

5. **How many pages/records did you locate?**

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Jessica Eggers / Assistant NEPA Planner | JESSICA EGGERS   Digitally signed by JESSICA EGGERS Date: 2020.11.12 13:35:40 -07'00' |  |

BHCWA-325

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**
2021-FS-R2-00696-F

**Requester:**
CWA

**Requester Fee Category:** ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total | |

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total | |

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

BHCWA-326

# Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**    FS-6200-0025 (REV.09/23/2020)

## PART I - FOIA REQUEST

**FOIA Tracking Number**
2021-FS-R2-00696-F

[X] Initial Request    [ ] Appeal    [ ] Lawsuit

**Date:**
11/16/2020

**Search Due Date:**
11/16/2020

**To:**
Jason Collins

**From FOIA POC:**
Lou Conroy

**Requester:**
Black Hills Clean Water Alliance

**Description of Records Requested:**

• All draft and final plans of operations that have been submitted to the Forest service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District.

• All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources.

## PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.

Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.

*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

## PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

[ ] **No records located.  Explain below:**    [X] **FOIA Office release determination needed.**

[ ] **Recommend full release of documents.**    [X] **Recommend withholding records.  Does a statute apply? Explain below:**

[ ] **Other persons or offices may have responsive records.  Explain below:**

Exemption 5 (Deliberative) & Exemption 6 (PII)..............possibly.

## PART IV - CERTIFICATION OF SEARCH

1. **Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.**

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

2. **Which system or files did you search?** Electronic files and emails.

3. **Why did you search these system or files?** That is where responsive records would be located.

4. **Which keywords were used for the search?** Mineral Mountain & MMR

5. **How many pages/records did you locate?** 82

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Louie m. Conroy | LOUIE CONROY  Digitally signed by LOUIE CONROY  Date: 2020.11.16 11:47:45 -07'00' | Nov 16, 2020 |

BHCWA-327

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**
2021-FS-R2-00696-F

**Requester:**
Black Hills Clean Water Alliance

**Requester Fee Category:**   ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total | |

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total | |

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

File Code: 6270

BHCWA-328

## Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**

FS-6200-0025 (REV.09/23/2020)

### PART I - FOIA REQUEST

**FOIA Tracking Number**
2021-FS-R2-00696-F

[X] Initial Request    [ ] Appeal    [ ] Lawsuit

**Date:**
12/2/2020

**Search Due Date:**
11/10/2020

**To:**

**From FOIA POC:**

**Requester:**
BHCWA

**Description of Records Requested:**

### PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.

Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.

*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

### PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

[ ] No records located.  Explain below:      [X] FOIA Office release determination needed.

[ ] Recommend full release of documents.     [ ] Recommend withholding records.  Does a statute apply? Explain below:

[ ] Other persons or offices may have responsive records.  Explain below:

### PART IV - CERTIFICATION OF SEARCH

1. Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Steve Kozel/Northern Hills Ranger District | 11/10/2020 | 13/10 | 2 | 1 |
| | | | | |
| | | | | |
| | | | | |

2. **Which system or files did you search?** Government computer system and email

3. **Why did you search these system or files?** All communication and documentation was located in these systems

4. **Which keywords were used for the search?** Mineral Mountain Resources and Eleventh Hour Mine

5. **How many pages/records did you locate?**

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Steve Kozel/Northern Hills District Ranger | STEVEN KOZEL — Digitally signed by STEVEN KOZEL Date: 2020.12.02 09:39:16 -07'00' | 12/2/2020 |

File Code: 6270      For technical questions and Section 508 accommodation, please contact fseforms@fs.fed.us

Page 1 of 2

BHCWA-329

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**

**Requester:**
BHCWA

**Requester Fee Category:** ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

File Code: 6270    For technical questions and Section 508 accommodation, please contact fseforms@fs.fed.us    Page 2 of 2

BHCWA-330

## Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**

FS-6200-0025 (REV.09/23/2020)

### PART I - FOIA REQUEST

**FOIA Tracking Number**
FOIA 2021-FS-R2-00696-F

☒ Initial Request    ☐ Appeal    ☒ Lawsuit

**Date:**
12/06/2020

**Search Due Date:**

**To:**
Jim Gubbels

**From FOIA POC:**
Lou Conroy

**Requester:**
Black Hills Clean Water Alliance (NHRD)

**Description of Records Requested:**
Records related to MMR

### PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.

Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.

*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

### PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☐ **No records located.  Explain below:**        ☒ **FOIA Office release determination needed.**

☒ **Recommend full release of documents.**      ☐ **Recommend withholding records.  Does a statute apply? Explain below:**

☐ **Other persons or offices may have responsive records.  Explain below:**

I copied some drill location files and maps to the Questions folder for review and determination if this is confidential information from MMR.

### PART IV - CERTIFICATION OF SEARCH

1. **Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.**

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Jim Gubbels | 12/06/2020 | GS13/3 | 2 | 2 |
| | | | | |
| | | | | |
| | | | | |

2. **Which system or files did you search?**  C drive on government laptop, Mystic Mining folder

3. **Why did you search these system or files?**  This is where I have organized and saved files from this topic

4. **Which keywords were used for the search?**  MMR, MMR POO, MMR drill sites

5. **How many pages/records did you locate?**  about 24 files

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Jim Gubbels-District Ranger, Mystic RD | JAMES GUBBELS  Digitally signed by JAMES GUBBELS Date: 2020.12.06 15:11:17 -07'00' | Dec 6, 2020 |

BHCWA-331

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**
FOIA 2021-FS-R2-00696-F

**Requester:**
Black Hills Clean Water Alliance (NHRD)

**Requester Fee Category:**  ☐ Commercial Use  ☐ Favored  ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total |  |

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total |  |

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

File Code: 6270    For technical questions and Section 508 accommodation, please contact fseforms@fs.fed.us

Page 2 of 2

BHCWA-332

# Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**                           FS-6200-0025 (REV.09/23/2020)

## PART I - FOIA REQUEST

**FOIA Tracking Number**
2021-FS-R2-00696-F

☒ Initial Request       ☐ Appeal       ☐ Lawsuit

**Date:**
11/09/2020

**Search Due Date:**
11/13/2020

**To:**
Louie Conroy

**From FOIA POC:**
David M. Porter

**Requester:**
BLACK HILLS CLEAN WATER ALLIANCE

**Description of Records Requested:**

• All draft and final plans of operations that have been submitted to the Forest service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District.

• All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources.

## PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.
Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.
*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

## PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☐ **No records located.  Explain below:**          ☒ **FOIA Office release determination needed.**

☐ **Recommend full release of documents.**         ☐ **Recommend withholding records.  Does a statute apply? Explain below:**

☐ **Other persons or offices may have responsive records.  Explain below:**

I believe that these emails fall under Exemption 5 in that they include include opinions, advice or recommendations to the decision maker. Please note that the emails include information related to a separate mining POO (Eleventh Hour Gulch). That information is not relevant to this FOIA request and should be redacted. I included the initial MMR POO and maps and the updated POO in the "Fully Releasable" folders.

## PART IV - CERTIFICATION OF SEARCH

**1. Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.**

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| David M. Porter/ Northern Hills Ranger District | 11/09/2020 | GS-9/4 | 1 | 1 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**2. Which system or files did you search?** Microsoft Outlook, Pinyon

**3. Why did you search these system or files?** That is where any information would be located

**4. Which keywords were used for the search?** MMR, Mineral Mountain Resources

**5. How many pages/records did you locate?** 8 records

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| David M. Porter/ District Archaeologist | DAVID PORTER  Digitally signed by DAVID PORTER  Date: 2020.11.09 08:49:15 -07'00' | Nov 9, 2020 |

BHCWA-333

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**
2021-FS-R2-00696-F

**Requester:**
BLACK HILLS CLEAN WATER ALLIANCE

**Requester Fee Category:** ☐ Commercial Use    ☐ Favored    ☐ All Others

## A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
| $27.88 | 1 | $27.88 |
| | | |
| | | |
| | | |

| | **Total** | $27.88 |
|---|---|---|

## B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
| $27.88 | 1 | $27.88 |
| | | |
| | | |
| | | |

| | **Total** | $27.88 |
|---|---|---|

## C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

## D.  COMMENTS

## E. GRAND TOTAL

$55.76

BHCWA-334

## Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**                    FS-6200-0025 (REV.09/23/2020)

### PART I - FOIA REQUEST

**FOIA Tracking Number**

2021-FS-R2-00696-F

☒ Initial Request    ☐ Appeal    ☐ Lawsuit

**Date:** 11/10/2020

**Search Due Date:** 11/13/2020

**To:**
Chris Stores

**From FOIA POC:**
Lou Conroy

**Requester:**
Black Hills Clean Water Alliance

**Description of Records Requested:**

• All draft and final plans of operations that have been submitted to the Forest service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District.
• All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources.

### PART II - INSTRUCTIONS

Determine if the request is actionable. Contact the FOIA POC if the request should be clarified or narrowed.

Search your records for responsive documents, and if located, provide a copy to the FOIA POC. If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.

*Complete only page 1 of this form. The FOIA Office will complete page 2.*

### PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☐ No records located. Explain below:        ☒ FOIA Office release determination needed.

☒ Recommend full release of documents.      ☐ Recommend withholding records. Does a statute apply? Explain below:

☐ Other persons or offices may have responsive records. Explain below:

Most documents are fully releasable, with the exception of the Plans of Operations, which will need to have personally identifiably information redacted prior to release.

### PART IV - CERTIFICATION OF SEARCH

1. Complete for all assisting with or conducting the search. Enter hourly rate for contractors. Enter hours to the nearest .25.

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Chris Stores, Northern Hills Ranger District | 11/10/2020 | GS-09, step 8 | 3 | 3 |
| | | | | |
| | | | | |
| | | | | |

2. **Which system or files did you search?** Outlook, Pinyon, hard drive

3. **Why did you search these system or files?** That's where all of my project files and emails are stored.

4. **Which keywords were used for the search?** MMR Rochford Project, exploratory drilling, Eleventh Hour

5. **How many pages/records did you locate?** 148 records (26 documents and 122 emails)

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Chris Stores, Assistant NEPA Planner | CHRIS STORES Digitally signed by CHRIS STORES Date: 2020.11.10 10:43:31 -07'00' | Nov 10, 2020 |

File Code: 6270          For technical questions and Section 508 accommodation, please contact fseforms@fs.fed.us

BHCWA-335

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**

**Requester:**
Black Hills Clean Water Alliance

**Requester Fee Category:**  ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total |  |

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total |  |

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

File Code: 6270    For technical questions and Section 508 accommodation, please contact fseforms@fs.fed.us

BHCWA-336

**2021-FS-WO-00072-A Search and Review Recap**
**Prepared by Eileen Harke on September 7, 2021**

Initial Search Effort - Region 2 confirmed that they strongly believe an adequate search was done initially by the following individuals -

- Lou Conroy - completed search on 11/16/2020
- Christopher Stores - completed search on 11/10/2020
- Jessica Eggers - completed search on 11/12/2020
- Steve Kozel - completed on 11/10/2020
- James Gubbels - completed search on 12/6/2020
- Jerome Krueger - completed search on 11/6/2020
- David Porter - completed search on 11/9/2020
- Elizabeth Krueger - completed search on 11/10/2020 - no records found as she was not involved in this project

Outstanding Search Needed - the only outstanding search was for Karl Emanual who did not submit his search results during the initial response effort.  I received his search results on July 21, 2021, and I then compared them to the original release and identified 217 pages of unique content.

Appeal Item VI. Search - the appeal states that "some email records released reference attachments that do not readily appear in the produced materials"

- It appears that all of the attachments were in the releases and that they immediately followed the emails.
- The way emails are imported into our FOIA processing system, the attachments are automatically imported.
- This seems to be boiler plate language and not based on the actual delivered documents.

Appeal Item VI. Search – the appeal specifically states that there are missing meeting notes or minutes related to meetings.  During my review, I identified all meetings and sent a list to the SME, Lou Conroy, to see if there were in fact any missing meeting notes and/or minutes.  He found one which is included in the final response set.

SME Review - the subject matter expert, Lou Conroy, responded to several of my emails regarding the search and review effort.  See the following emails in case file -

- 5/25/2021 – SME responded to inquiry regarding "retirees"
- 6/4/2021 – SME completed a "search form" regarding the portion of the appeal that addressed the meeting minutes
- 6/7/2021 – SME responding to my email regarding the meeting minutes in more detail and provided a new document

BHCWA-337

| | |
|---|---|
| **From:** | Conroy, Louie -FS |
| **To:** | Harke, Eileen - FS |
| **Cc:** | Sidon, Joshua - FS; Rasor, Aaron - FS; Coldwell, Barbie -FS; Stewart, Marry -FS |
| **Subject:** | RE: Search Needed re FOIA Appeal 2021-FS-WO-00072-A |
| **Date:** | Tuesday, May 25, 2021 12:44:27 PM |
| **Attachments:** | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |

Hi Eileen,

The only retiree is Mike Hilton. However, he was not involved with the search because David Porter is the archeologist on the Northern Hills Ranger District and would have been the direct contact for any of the projects that are of question. I will reach out to Karl Emanuel to have him either perform a search or complete the form if one has already been done.

Thanks……………Lou.

**From:** Harke, Eileen - FS
**Sent:** Tuesday, May 25, 2021 11:33 AM
**To:** Conroy, Louie -FS <louie.conroy@usda.gov>
**Cc:** Sidon, Joshua - FS <Joshua.Sidon@usda.gov>; Rasor, Aaron - FS <aaron.rasor@usda.gov>; Coldwell, Barbie -FS <barbie.coldwell@usda.gov>; Stewart, Marry -FS <marry.stewart@usda.gov>
**Subject:** Search Needed re FOIA Appeal 2021-FS-WO-00072-A

Thank you Lou for this detailed response and my apologies for taking so long to response. I was focused on the review of Exemptions so that we could get a partial release out to the requester as soon as possible (it's with OGC right now) and on a review of the responsive pages to identify meetings (sent to Josh and Marry a few minutes ago).

It appears that the only outstanding search is for Karl Emanuel, therefore I've attached the original request and a search form for Karl to complete. Please let him know that he should provide all emails/documents that are responsive and I will deal with eliminating anything that has already been produced by his colleagues.

**Retired?** I recall one person on the list of "searchers" had retired. If that person was Karl, let me know and I can use the eDiscovery system to search for his emails.

Thanks everyone! Let me know if you have any questions.



**Eileen Harke, CRM**
**Government Information Specialist**

**Forest Service**
**Office of Regulatory and Management Services**
**WO Detached at Olympia Forest Sciences Lab**
Hours: 8:00AM-4:30PM PST

BHCWA-338

Phone: 360-480-1510

Eileen.Harke@usda.gov

1400 Independence Avenue SW, Mailstop 1143
Washington, DC 20250

www.fs.fed.us



**Caring for the land and serving people**

---

**From:** Conroy, Louie -FS <louie.conroy@usda.gov>
**Sent:** Tuesday, May 4, 2021 12:59 PM
**To:** Harke, Eileen - FS <Eileen.Harke@usda.gov>
**Cc:** Sidon, Joshua - FS <Joshua.Sidon@usda.gov>; Rasor, Aaron - FS <aaron.rasor@usda.gov>; Coldwell, Barbie -FS <barbie.coldwell@usda.gov>
**Subject:** FW: Search Forms for FOIA Appeal 2021-FS-WO-00072-A

Hello Eileen,

Here are the responses to your questions to Josh via email on Tuesday April 27, 2021.

- Completed search forms for Chris Stores, David Porter, Elizabeth Krueger, Steve Kozel, James Gubbels, Jessica Eggers & Lou Conroy (attached).
- Communications that might shed light on the decision to have the date range be from January 1, 2018 to November 3, 2020 (which might already be captured in the search forms)

  November 3rd was the date that I received the notification from the District Ranger, Steve Kozel.
- On page 11, the requester specifically notes that "very few records appear from agency personnel that have been publicly involved in the processing of the mining proposals, including Christopher Stores (Natural Resources Planner), Michael Hilton (Tribal Liaison), or Karl Emanuel (Northern Hills Ranger District staff)." Can you confirm that searches were done by these individuals? A search was completed by Chris Stores, search form is attached. Mike Hilton (Forest Heritage Program Manager, Retired) was not involved in the search for responsive records. Mike Hilton was not included because David Porter is the archeologist on the Northern Hills Ranger District and would have been the direct contact for any of the projects that are of question. I did not find a search form or any records for Karl Emanuel.


I will also send you an invitation to the Black Hills FOIA folder.

Thanks…………………Lou.


**From:** Sidon, Joshua - FS

**Sent:** Tuesday, April 27, 2021 4:11 PM
**To:** Harke, Eileen - FS <Eileen.Harke@usda.gov>
**Cc:** Scofield, Margaret - FS <margaret.scofield@usda.gov>; Sloan, Jenna - FS <jenna.sloan@usda.gov>; Rasor, Aaron - FS <aaron.rasor@usda.gov>; Tomac, Jeff- FS <Jeffrey.Tomac@usda.gov>; Krueger, Jerome -FS <jerome.krueger@usda.gov>; Minckler, Kirk - OGC, Lakewood, CO <kirk.minckler@usda.gov>; Conroy, Louie -FS <louie.conroy@usda.gov>
**Subject:** RE: Search Forms for FOIA Appeal 2021-FS-WO-00072-A

Hi Eileen,

We'll get working on this ASAP. I think a call would be a good idea given that we are in litigation with this group on a previous/similar FOIA. Please let me know if you think that would be a good idea and what your availability is.

Also, do you have the FOIA tracking number handy? (For the request, not the appeal.)

Other folks – Black Hills Clean Water Alliance has appealed our response to the recent FOIA on gold exploration on the Northern Hills District (attached). We will get going on responding to Eileen's (WO) questions and may turn to the Forest for some support.

Thanks!

Josh



**Josh Sidon**
**Deputy Director**
**Strategic Planning**
**Forest Service**
**Rocky Mountain Region**
p: ~~303-275-5152~~
c: (b) (6)
joshua.sidon@usda.gov
1617 Cole Blvd., Bldg. 17
Lakewood, CO 80401
www.fs.fed.us



**Caring for the land and serving people**

---

**From:** Harke, Eileen - FS <Eileen.Harke@usda.gov>
**Sent:** Tuesday, April 27, 2021 3:42 PM
**To:** Sidon, Joshua - FS <Joshua.Sidon@usda.gov>
**Cc:** Scofield, Margaret - FS <margaret.scofield@usda.gov>
**Subject:** Search Forms for FOIA Appeal 2021-FS-WO-00072-A

Hi there Joshua.  Unfortunately this one got overlooked so I never talked with Jason about it before he left.  I have confirmed that the litigation Meg mentions below is about another FOIA altogether so I don't think it impacts this appeal.

I have access to the responsive files through FOIA Express so that is helpful.  Can you please provide the following so that I can address the search issues that are raised in the appeal letter, which is attached -

- Completed search forms
- Communications that might shed light on the decision to have the date range be from January 1, 2018 to November 3, 2020 (which might already be captured in the search forms)
- On page 11, the requester specifically notes that "very few records appear from agency personnel that have been publicly involved in the processing of the mining proposals, including Christopher Stores (Natural Resources Planner), Michael Hilton (Tribal Liaison), or Karl Emanuel (Northern Hills Ranger District staff)."  Can you confirm that searches were done by these individuals?

I appreciate your help on this.



**Eileen Harke, CRM**
**Government Information Specialist**

**Forest Service**
**Office of Regulatory and Management Services**
**WO Detached at Olympia Forest Sciences Lab**
Hours: 8:00AM-4:30PM PST

Phone: 360-480-1510

Eileen.Harke@usda.gov

1400 Independence Avenue SW, Mailstop 1143
Washington, DC 20250

www.fs.fed.us

**Caring for the land and serving people**

---

**From:** Scofield, Margaret - FS <margaret.scofield@usda.gov>
**Sent:** Tuesday, March 16, 2021 2:53 PM
**To:** Harke, Eileen - FS <Eileen.Harke@usda.gov>
**Subject:** FW: FOIA Appeal Acknowledgement 2021-FS-WO-00072-A

Hi Eileen:
Just a heads up this appeal was also on copy to the Chief
Joe connected this requester with the FOIA litigation, 2020-FS-WO-00008-L, with R2 and the Black Hills Clean Water Alliance (see attached background email on the settlement fees, which may still be in progress)

As a heads up, Jason Collins in R2 has accepted a FOIA position with DOI; not sure when his last day is/was - ? But best to connect with him soonest on any relevant background

Thanks

Meg

---

**From:** sm.fs.wofoia@usda.gov <sm.fs.wofoia@usda.gov>
**Sent:** Tuesday, March 16, 2021 5:42 PM
**To:** stills@frontier.net
**Cc:** Harke, Eileen - FS <Eileen.Harke@usda.gov>; FS-wo FOIA <SM.FS.WOFOIA@usda.gov>
**Subject:** FOIA Appeal Acknowledgement 2021-FS-WO-00072-A

Dear Travis Stills:

This email acknowledges receipt of your Freedom of Information Act (FOIA) appeal, dated March 16, 2021, which was received in the Washington Office (WO) FOIA Service Center on the same date. You stated you are one of two attorney's hired by BHCWA. You are appealing the final response to FOIA#2021-FS-R2-00696-F on behalf of your client.

Please note that in accordance with Title 7 CFR, Subtitle A, 1.14 appeals, our final appeal response may require review by the USDA Office of General Counsel (OGC) for legal sufficiency. Once OGC has completed their review, our final determination will be provided to you.

To check on the status of your request you may contact Eileen Harke via e-mail to Eileen.Harke@usda.gov. Please reference your assigned case number, 2021-FS-WO-00072-A.

Thank you,

FOIA Service Center Team
Forest Service

BHCWA-342

# Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**                     FS-6200-0025 (REV.09/23/2020)

## PART I - FOIA REQUEST

**FOIA Tracking Number**
2021-FS-WO-00072-A

☐ Initial Request     ☒ Appeal     ☐ Lawsuit

**Date:**
05/25/2021

**Search Due Date:**
06/18/2021

**To:**
Region 2

**From FOIA POC:**
Eileen Harke

**Requester:**
Travis Stills, Attorney for Energy and Conservation Law (representing BHCWA)

**Description of Records Requested:**

Seeking records related to gold exploration at the Northern Hills District Office or the Black Hills NF Office.

Appeal Portion re Meetings - The appeal letter states that "the produced records contain a number of agendas and emails about meetings conducted about the project, including communications with representatives of the mining project proponent and its representatives and contractors. However, there do not appear to be any meeting notes or minutes related to these meetings."

## PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.
Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.
*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

## PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☒ **No records located.  Explain below:**          ☐ **FOIA Office release determination needed.**

☐ **Recommend full release of documents.**          ☐ **Recommend withholding records.  Does a statute apply? Explain below:**

☐ **Other persons or offices may have responsive records.  Explain below:**

There weren't any notes taken at the Mineral Mountain Resources (MMR) meeting (06/29/20) that is referenced by the requester. The meeting was via conference call, regarding general information as it pertained to the Memorandum of Understanding (MOU) and the 3rd Party NEPA process.

The meeting requested by Jason Sutton of Grouse Mountain Environmental Consultants on (07/01/20) was via conference call. I visited with Mr. Sutton and his staff explaining the 3rd party NEPA process and how it works. There were not any notes taken for this meeting.

## PART IV - CERTIFICATION OF SEARCH

**1. Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.**

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Lou Conroy | 06/04/2021 | | 0.5 | 0.5 |
| | | | | |
| | | | | |
| | | | | |

**2. Which system or files did you search?**  C: drive on computer & reviewed files in FOIAxpress

**3. Why did you search these system or files?**  C: drive on computer

**4. Which keywords were used for the search?**  N/A

**5. How many pages/records did you locate?**  0

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Lou Conroy/ BKF Environmental Coordinator | LOUIE CONROY  Digitally signed by LOUIE CONROY Date: 2021.06.04 09:44:55 -06'00' | Jun 4, 2021 |

File Code: 6270          For technical questions and Section 508 accommodation, please contact fseforms@fs.fed.us          Page 1 of 2

BHCWA-343

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**
2021-FS-WO-00072-A

**Requester:**
Travis Stills, Attorney for Energy and Conservation Law (representing BHCWA)

**Requester Fee Category:**  ☐ Commercial Use     ☐ Favored     ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total** _____

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

File Code: 6270

BHCWA-344

| | |
|---|---|
| **From:** | Conroy, Louie -FS |
| **To:** | Harke, Eileen - FS |
| **Cc:** | Sidon, Joshua - FS; Stewart, Marry -FS |
| **Subject:** | RE: Search Focus Area re FOIA Appeal 2021-FS-WO-00072-A (Stills) |
| **Date:** | Monday, June 7, 2021 2:22:31 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | 121719CEDayMeetingNotes.docx |

Hello Eileen,

I provided some clarifying language in *"red"* to each bullet below. I hope this helps.

Thanks………………Lou.

**From:** Stewart, Marry -FS
**Sent:** Tuesday, June 1, 2021 11:21 AM
**To:** Conroy, Louie -FS <louie.conroy@usda.gov>
**Subject:** FW: Search Focus Area re FOIA Appeal 2021-FS-WO-00072-A (Stills)

Good morning Lou,

I hope your week's off to a great start.

I talked to Eileen this morning and she clarified that you should look at the dates in the email below and determine if there are any meetings minutes that exist that go with the meeting agenda(s) and provide them if so. I recall on Friday that you said there were no meeting notes. Please confirm, fill out the attached search form and send it back to me so we can document this.

Thanks again!

Marry

**From:** Harke, Eileen - FS <Eileen.Harke@usda.gov>
**Sent:** Tuesday, May 25, 2021 11:11 AM
**To:** Sidon, Joshua - FS <Joshua.Sidon@usda.gov>
**Cc:** Stewart, Marry -FS <marry.stewart@usda.gov>
**Subject:** Search Focus Area re FOIA Appeal 2021-FS-WO-00072-A (Stills)

Hi there Josh and Marry.  I sent the partial response addressing the use of Exemptions to OGC yesterday and I am hopeful that we will be able to get that out to the requester soon.  Now it's time to focus on the secondary search for the appeal, which I know from our conversation with the SMEs should be fairly limited because of the quality of the initial search.  I will respond separately to an earlier email from Lou (which was in response to my initial questions) but this email is focused only on the <u>adequacy of search as it relates to meetings</u>.  Here is what the

BHCWA-345

appeal letter states on page 10-11 -

> "The produced records contain a number of agendas and emails about meetings conducted about the project, including communications with representatives of the mining project proponent and its representatives and contractors. However, there do not appear to be any meeting notes or minutes related to these meetings."

While it appears that much of the language in the appeal letter is template language, because they specifically mention these meetings I did a review of all pages from both releases and found mention of meetings and identified the dates and pages of those references. I do expect that many, if not all of these, will be limited to "memory jogger notes" that individuals might have produced/maintained for their own use and they are not produced under the FOIA. However, I thought it might be good for your subject matter expert(s), to take a look at this list to see if there is anything that might need to be produced that wasn't in the initial search results. I'm sending this to you and Marry only so that you can pass along the search assignment to the appropriate staff.

**Meetings in FX** – this is a list of all references to "meetings" that I found in the documents in FX, those with additional documents about the meetings and those withouth -

- January 24, 2018 – email mentioned a "sit down with Gail Mayer" on page 924 of "Eggers Fully Releasable" *District Ranger requesting help from Gary Haag (Geologist (retired) to "sit down with Gail Mayer", (Civil Engineering Technician (retired) on how to prepare a standard road use permit. Internal discussion between two employees, availability of transcribed notes is highly unlikely.*

- November 30, 2018 – notes provided for this meeting, see page 74-75 in "Krueger fully releasable" *Internal meeting amongst Mystic Ranger District specialists regarding what would be required from several resources in terms of project planning. The notes provided display the preliminary needs in terms of field survey and report writing in order for a potential contractor to conduct the NEPA analysis.*

- December 18, 2019 – C. Stores mentions that "Karl just presented a POO from MMR…" on page 29 of "Lou Conroy fully releasable" set *Email refers to Karl Emanuel (Geologist) bringing the proposed Mineral Mountain Resources (MMR) Plan of Operations (PoO) to the Northern Hills Ranger District CE (Categorical Exclusion) day meeting. The meeting occurs once a month, and is standard practice on the District, where all types of proposals for projects are presented to the Interdisciplinary Team (IDT) of specialists for preliminary review. The team identifies any potential conflicts/concerns per resource and possible design criteria to mitigate those concerns. The level of environmental review (NEPA) needed is also discussed. The notes from the meeting are attached.*

- January 16, 2020 – mention of a public meeting held on the 16th (see page 892 of "Kozel Questions") *The "public meeting held on the 16th", is referring to the meeting that was held at the Mystic Ranger District Office for the Jenny Gulch Exploration Project, which started the NEPA process for the that particular project. The meeting*

*was an open house forum where FS representatives fielded questions from the public.*

- February 4, 2020 – see email on page 70 in "Kozel Questions" *An email sent by Twila Morris (Executive Assistant (retired) on behalf of Jerome Krueger (Deputy Forest Supervisor) to determine availability of folks to have an internal discussion regarding the MMR Plan of Operations.  Meeting was most likely via conference call and availability of transcribed notes is highly unlikely.*

- February 21, 2020 – see email from Jessica Eggers regarding a meeting with Jim and Kevin, per Kevin's request (see "Gubbels fully releaseable" page 236 and "Eggers Fully Releasable" page 197) *The meeting that is being referred to was an informative meeting regarding general information as it pertained to the Memorandum of Understanding (MOU), collection agreement, and the 3rd Party NEPA process. Notes were not transcribed.*

- March 2, 2020 – discussion of a possible internal meeting on page 994 of "Kozel Questions" and page 484 of "Stores Questions" *Internal meeting to discuss the Northern Hills Ranger District's response to MMR's Proposed Plan of Operations. Notes were not transcribed.*

- April 15, 2020 – I  found many meeting minutes and agendas for this meeting so I am not providing any pages for reference.  I only mention this meeting as a contrast to the others were there are not agendas or minutes (see page 71 – 85 in "Kozel Questions") in case it is of use.  *National Forest Advisory Meeting (NFAB) with notes provided.*

- May 29, 2020 – I found many references to this meeting but it was ultimately cancelled (see page 159 of "Kozel Questions"), just mention this one as an FYI *This email was in regards to a cancelled internal meeting regarding Mineral Mountain Resources.*

- June 24, 2020 – I found meeting notes attached to email on page 71 and 1,054 of "Kozel Questions"; also found a Teams Meeting invite for a "MMR pre-work discussion" on page 486 of "Kozel Questions" *This email is reference to the Mineral Mountain resources meeting that took place on June 29th. 2020. The meeting was via conference call, regarding general information as it pertained to the Memorandum of Understanding (MOU) and the 3rd Party NEPA process. Notes were not transcribed.*

- June 29, 2020 – found an email regarding the meeting on page 479 and 1,055 of "Kozel Questions" as well as an agenda starting on page 480 (also found reference to this in the "Lou Conroy fully releasable" set starting on page 120 as well as a conference number on page 323) *The meeting was via conference call, regarding general information as it pertained to the Memorandum of Understanding (MOU) and the 3rd Party NEPA process. Notes were not transcribed.*

- July 1, 2020 – Jason Sutton aska for a visit with Lou Conroy (see page 295 in the "Lou Conroy fully releasable" set) *The meeting requested by Jason Sutton of Grouse Mountain Environmental Consultants on (07/01/20) was via conference call. I visited*

*with Mr. Sutton and his staff explaining the 3rd party NEPA process and how it works. Notes were not transcribed.*

- July 16, 2020 – see email from Steve Kozel to Chris Fare re "good visiting with you Chris" on page 1,078 in Kozel Questions. *Email is in regard the Eleventh Hour Gulch Project. The proponent submitted their Proposed Plan of Operations (PoO) to the Forest Service for review. However, the proponent eventually rescinded their proposal and the project was cancelled.*

**Eileen Harke, CRM**
**Government Information Specialist**

**Forest Service**
**Office of Regulatory and Management Services**
**WO Detached at Olympia Forest Sciences Lab**
Hours: 8:00AM-4:30PM PST

Phone: 360-480-1510

Eileen.Harke@usda.gov

1400 Independence Avenue SW, Mailstop 1143
Washington, DC 20250

www.fs.fed.us

**Caring for the land and serving people**

| | |
|---|---|
| **From:** | Conroy, Louie -FS |
| **To:** | Stewart, Marry -FS; Harke, Eileen - FS |
| **Cc:** | Sidon, Joshua - FS; Coldwell, Barbie -FS; Rasor, Aaron - FS |
| **Subject:** | RE: BHCWA FOIA APPEAL 2021-FS-WO-00072-A |
| **Date:** | Wednesday, July 21, 2021 11:56:41 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

Hello Eileen & Marry,

It appears that Karl Emanuel did upload 128 responsive records in the "fully releasable" folder, located at https://usfs.app.box.com/folder/131505398954 However, he didn't complete the search form. I sent the form back to him today. I will send it once I receive it.

Thanks………………..Lou.

---

**From:** Stewart, Marry -FS
**Sent:** Tuesday, July 20, 2021 8:22 AM
**To:** Harke, Eileen - FS <Eileen.Harke@usda.gov>; Conroy, Louie -FS <louie.conroy@usda.gov>
**Cc:** Sidon, Joshua - FS <Joshua.Sidon@usda.gov>; Coldwell, Barbie -FS <barbie.coldwell@usda.gov>; Rasor, Aaron - FS <aaron.rasor@usda.gov>
**Subject:** RE: BHCWA FOIA APPEAL 2021-FS-WO-00072-A

Hi Eileen & Lou,

If it's okay with Lou, I'll let him follow up with Karl since he sent the original email, may know the status, and possibly has received some search results from Karl. How does that sound, Lou? Please let me know if you'd like me to reach out to Karl and I will happily do so.

Cheers,

Marry

---

**From:** Harke, Eileen - FS <Eileen.Harke@usda.gov>
**Sent:** Monday, July 19, 2021 5:36 PM
**To:** Conroy, Louie -FS <louie.conroy@usda.gov>; Sidon, Joshua - FS <Joshua.Sidon@usda.gov>; Stewart, Marry -FS <marry.stewart@usda.gov>; Coldwell, Barbie -FS <barbie.coldwell@usda.gov>; Rasor, Aaron - FS <aaron.rasor@usda.gov>
**Subject:** RE: BHCWA FOIA APPEAL 2021-FS-WO-00072-A

Lou and Marry -

BHCWA-349

As I'm catching up on this appeal case, it appears that I did not yet receive the search results from Karl.  If I'm mistaken, can you resend the results to me?  Or ask Karl about the status?

Thanks much!

Eileen Harke

**From:** Conroy, Louie -FS <louie.conroy@usda.gov>
**Sent:** Tuesday, May 25, 2021 1:49 PM
**To:** Harke, Eileen - FS <Eileen.Harke@usda.gov>; Sidon, Joshua - FS <Joshua.Sidon@usda.gov>; Stewart, Marry -FS <marry.stewart@usda.gov>; Coldwell, Barbie -FS <barbie.coldwell@usda.gov>; Rasor, Aaron - FS <aaron.rasor@usda.gov>
**Subject:** FW: BHCWA FOIA APPEAL 2021-FS-WO-00072-A

I just sent this. I got ahead of myself and forgot to add you. My apologies ☺

Lou

**From:** Conroy, Louie -FS
**Sent:** Tuesday, May 25, 2021 2:46 PM
**To:** Emanuel, Karl -FS <karl.emanuel@usda.gov>
**Cc:** Kozel, Steve- FS <Steven.Kozel@usda.gov>; Adam, Ralph -FS <ralph.adam@usda.gov>; Makuck, Christine -FS <christine.makuck@usda.gov>; Stores, Christopher- FS <Chris.Stores@usda.gov>
**Subject:** BHCWA FOIA APPEAL 2021-FS-WO-00072-A

Hello Karl,

**Last October 2020, we received a FOIA request  from the Black Hills Clean Water Alliance (BHCWA). We provided responsive records to the BHCWA in December of 2020. However, since that time the requestor has exercised their right to appeal the response to the Washington Office. If you have completed a search and no records were retrieved please complete that attached search form. If a search is still pending, please complete the search and place any responsive records into Pinyon, <mark>no later than 06/02/2021</mark>. The dates of for your search should be from January 1, 2018 to November 3. 2020.**

The subject matter for the search for records is:

- *All draft and final plans of operations that have been submitted to the Forest service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District.*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources.*

I set up a folder in pinyon for you. There will be a set of subfolders. There is also a folder that contains various resources including: a search form, information on reasonable searches, guidance on identifying deliberative records, and a how to perform for outlook searches. Those resources are available here: https://usfs.app.box.com/folder/125638225900

The FOIA directs that Federal records and documents must be made available upon request, unless they fall under one of the four exclusions or one or more of the nine enumerated exemptions provided by 5 U.S.C. 552(b) and (c). When records, or part of records, fall into one of these exclusions or exemptions, we redact or withhold the information. For this FOIA, the four most likely exemptions will be exemption 3, exemption 4, exemption 5, and exemption 6.

- **Exemption 3**  Information prohibited from disclosure by another statute, e.g. cultural resources, etc.

- **Exemption 4** states that specifically identified information and data submitted by the operator as confidential concerning trade secrets or privileged commercial or financial information will not be available for public examination. Information and data to be withheld from public examination may include, but is not limited to, known or estimated outline of the mineral deposits and their location, attitude, extent, outcrops, and content, and the known or planned location of exploration pits, drill holes, excavations pertaining to location and entry pursuant to the United States mining laws, and other commercial information which relates to competitive rights of the operator (5 U.S.C. 552(b)(4)). **A submitter of confidential commercial information must use good-faith efforts to designate by appropriate markings, at the time of submission, any portion of its submission that it considers to be protected from disclosure under Exemption 4.** Please note that the source of this litigation relates to our inappropriate use of this exemption. Bottom-line, the Forest Service regulation pertaining to locatable minerals at 36 CFR § 228.6 states that all information submitted by an operator "shall be available for examination by the public at the Office of the District Ranger…"  The regulation further identifies a discreet subset of information that may be withheld as confidential (as noted previously).

- **Exemption 5** covers inter-agency or intra-agency memorandums or records that would not be available by law to a party other than the party in litigation with the agency. Privileges included in this exemption, among others, are: Deliberative Process Privilege, Attorney-Client Privilege, and/or Attorney-Work Product Privilege. See the document in the previously reference pinyon folder for some critical information

BHCWA-351

regarding withholding under the deliberative privilege process.

- **Exemption 6** covers PII - this typically is personal emails, cell phones, addresses and VANTS lines for training/conference calls.

The subfolders that are set up are intended for you to separate your responsive material by potential exemption. The releasable folder is material that can be released without further review because nothing needs redacting. The folder for exemption 3 is for cultural resources. The confidential folder will include records associated with exemption 4. The deliberative folder will include records associated with exemption 5. The PII folder will include records associated with exemption 6. The last folder is a questions folder in case you are unsure of which folder the document goes into. The RO will review records in the exemptions and question folders and apply the redactions where needed.

==Responsive records are due no later than 06/02/2021==, however, earlier responses would be very helpful. ==**Whether you find responsive records or not, please complete the attached search form**==.

If you have any questions, don't hesitate to get a hold of me.

Thanks……………………Lou.



**Lou Conroy**
**Forest Environmental Coordinator**

**Forest Service**
**Black Hills National Forest**

p: 605-673-9207
f: 605-673-9350
louie.conroy@usda.gov

1019 N 5th Street
Custer, SD 57730
www.fs.fed.us

**Caring for the land and serving people**

BHCWA-352

# Freedom of Information Act (FOIA) Records Search Request, Certification, and Billing Form

**(Refer to FSH 6209.13)**

FS-6200-0025 (REV.09/23/2020)

## PART I - FOIA REQUEST

**FOIA Tracking Number**
2021-FS-WO-00072-A

☐ Initial Request    ☒ Appeal    ☐ Lawsuit

**Date:**
05/25/2021

**Search Due Date:**
06/18/2021

**To:**
Region 2/Karl Emanuel

**From FOIA POC:**
Eileen Harke

**Requester:**
Travis Stills, Attorney for Energy and Conservation Law (representing BHCWA)

**Description of Records Requested:**

Seeking records related to gold exploration at the Northern Hills District Office or the Black Hills NF Office.

There is no record that a search was conducted by Karl during the initial response to the FOIA Request (2021-FS-R2-00696-F)

Date Range - January 1, 2018 to November 3, 2020

## PART II - INSTRUCTIONS

Determine if the request is actionable.  Contact the FOIA POC if the request should be clarified or narrowed.
Search your records for responsive documents, and if located, provide a copy to the FOIA POC.  If the search yields voluminous records, provide the POC an estimated number of pages and the additional processing time required before the due date.
*Complete only page 1 of this form.  The FOIA Office will complete page 2.*

## PART III - COMMENTS FROM SEARCH OFFICE

*Mark all that apply.*

☐ **No records located.  Explain below:**

☐ **Recommend full release of documents.**

☒ **FOIA Office release determination needed.**

☐ **Recommend withholding records.  Does a statute apply? Explain below:**

☐ **Other persons or offices may have responsive records.  Explain below:**

## PART IV - CERTIFICATION OF SEARCH

**1. Complete for all assisting with or conducting the search.  Enter hourly rate for contractors.  Enter hours to the nearest .25.**

| Name/Duty Station | Date of Search | Grade/Step or Hourly Rate | Hours of Search | Hours of Review |
|---|---|---|---|---|
| Karl M. Emanuek | 05/26/2021 | GS-9 Step 7 | 8 | 2 |
| | | | | |
| | | | | |
| | | | | |

**2. Which system or files did you search?** E-mail and Phone notes files

**3. Why did you search these system or files?** to include all exploration activity vs just Mineral Mountain

**4. Which keywords were used for the search?** exploration, minerals, POO

**5. How many pages/records did you locate?** 127

I certify that to the best of my knowledge a diligent search of all activities and locations most likely to have records responsive to this request was conducted, and that this search included relevant paper-based files and electronic records.

| Name/Title | Signature | Date |
|---|---|---|
| Karl M Emanuel - N. Zone Geologist | Karl M Emanuel  Digitally signed by Karl M Emanuel Date: 2021.07.23 08:33:08 -06'00' | Jul 23, 2021 |

BHCWA-353

FS-6200-0025 (REV.09/23/2020)

## PART V - BILLING DATA

*This page will be completed by the FOIA Office only.  See 7CFR Appendix A to Subport A of Part 1.*

**FOIA Tracking Number**
2021-FS-WO-00072-A

**Requester:**
Travis Stills, Attorney for Energy and Conservation Law (representing BHCWA)

**Requester Fee Category:**    ☐ Commercial Use    ☐ Favored    ☐ All Others

### A. SEARCH TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Total _____

### B. REVIEW TIME

| Hourly Rate | # of Hours at Rate | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Total _____

### C. DUPLICATION

☐ _____ photocopies < 8½"x11" at $0.20 per copy = _____

☐ _____ photocopies > 8½"x11" at $0.50 per lineal foot on longest side = _____

☐ Number of CDs or discs _____ at actual cost= _____

☐ Other duplicated _____ at actual cost= _____

### D.  COMMENTS

### E. GRAND TOTAL

_____

File Code: 6270

BHCWA-354



| FOIA Tracking Number | 2021-FS-WO-00003-L |
|---|---|
| | **Email any attachments (reference FOIA Tracking Number) to ediscovery_lit_hold@ms.fs.fed.us** |
| Due Date | 7/28/2022 |
| FOIA Coordinator | Harke, Eileen - FS |
| Request Description | Gold Exploration on the Northern Hills Ranger District |
| Keywords | Gold (AND/OR)<br><br>plan of operations (AND/OR)<br><br>POO (AND/OR)<br><br>exploratory drilling (AND/OR)<br><br>exploration (AND/OR)<br><br>Mineral Mountain (AND/OR)<br><br>MMR (AND/OR)<br><br>MMR drill sites (AND/OR)<br><br>Eleventh Hour (AND/OR)<br><br>11th (AND/OR)<br><br>Rochford (AND/OR)<br><br>kevin leonard (AND/OR)<br><br>test holes (AND/OR)<br><br>Mineral Mt. |

| Beginning Search Date* | 1/1/2018 |
|---|---|
| Ending Search Date | 12/31/2018 |
| Custodians<br>(Full names of employees and email addresses if available) | Louie Conroy - louie.conroy@usda.gov<br><br>Jessica Eggers – jessica.eggers@usda.gov<br><br>James Gubbels – james.r.gubbels@usda.gov<br><br>Steve Kozel – Steven.Kozel@usda.gov<br><br>Jerome Krueger – jerome.krueger@usda.gov<br><br>David Porter – david.m.porter@usda.gov<br><br>Christopher Stores – Chris.Stores@usda.gov<br><br>Karl Emanuel - karl.emanuel@usda.gov |

BHCWA-355

| | |
|---|---|
| **From:** | Sidon, Joshua - FS |
| **To:** | Emanuel, Karl -FS; Stores, Christopher- FS; Porter, David -FS; Krueger, Jerome -FS; Kozel, Steve- FS; Gubbels, James -FS; Eggers, Jessica -FS; Conroy, Louie -FS |
| **Cc:** | Tomac, Jeff- FS; Sloan, Jenna - FS; Harke, Eileen - FS; Walton, Matthew - OGC, Washington, DC; Scherrer, Kenny - FS, LAKEWOOD, CO |
| **Subject:** | BHCWA FOIA litigation (Northern Hills) - supplemental search due by 7/28 |
| **Date:** | Thursday, July 21, 2022 7:39:01 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | Search Steps for BHWCA2 FOIA Litigation.docx |
| | Teams Chat Search with BHWCA2 search terms.docx |

Hi all,

As some of you are already aware, we received a court Order on the other BHCWA FOIA litigation (gold mining on the Mystic). That Order directed us to completed some additional tasks including a supplemental search from our original custodians. For consistency, OGC and DOJ would like us to pre-emptively conduct a supplemental search for the BHCWA FOIA request related to gold mining on the Northern Hill that is also in litigation. The search will be narrow and focused on paper records, Teams chat, and text messages.

Attached is a search form ("Search Steps for BHCW2") that will guide you through the supplemental search. The second attachment ("Teams Chat Search with BHCWA2 search terms") provides detailed instructions for searching Teams chat. Please have your supplemental search completed **no later than next Thursday, July 28th.** Please let me know if you're unable to meet that deadline.

I have shared a pinyon folder with you all for any responsive documents (https://usfs.app.box.com/folder/168048700787). Also, please save a completed version of the "Search Steps.." form to document that you have completed the supplemental search. Finally, once you're done, please send me and Eileen Harke an email letting us know.

If you have any questions, please reach out to me or Lou. Thank you so much all.

Josh



**Josh Sidon**
**Deputy Director**
**Strategic Planning**

**Forest Service**
**Rocky Mountain Region**

p: ~~303 275 5152~~
c: (b)(6) ███████
joshua.sidon@usda.gov

1617 Cole Blvd., Bldg. 17
Lakewood, CO 80401
www.fs.fed.us

**Caring for the land and serving people**

BHCWA-356

**Supplemental Search for 2021-FS-R2-00696-F**
***Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest***

| Name | Position | Date of search |
|------|----------|----------------|
|      |          |                |

**Requester:** Black Hills Clean Water Alliance
**Date Range for Search:** January 1, 2018 to August 1, 2020

**Requested:** *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|-----------|-------------------|------------------------|
| Hardcopy Files | ☐ Yes<br><br>☐ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes<br><br>☐ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes<br><br>☐ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

BHCWA-357

**Conducting a Search in MS Teams for Chats Only for BHCWA2**

**Conduct Search Step 1** – open Teams and copy and paste the search term(s) below.  There is a <u>limit</u> to how much can be included in the search so please conduct two distinct searches which may result in duplicate messages.  **Note** – please add additional search terms as appropriate.

> <u>Attempt 1</u>:  "Gold" OR "Plan of operations" OR "POO" OR "Mineral mountain" OR "exploratory drilling" OR "eleventh" OR "11th" OR "MMR"

> <u>Attempt 2</u>:  "rochford" OR "drill sites" OR "exploration"



**Conduct Search Step 2** - select "message" which will offer up search parameters



**Conduct Search Step 3** – narrow the results of the search by selecting "chat" and selecting June 19, 2019 to August 1, 2020 as the date range. You must navigate to the date range, rather than type it.



BHCWA-358



**IMPORTANT NOTE ABOUT DATE RANGE** – sometimes the results are outside of the date range requested. Be sure to navigate the results until you find the date range that you are seeking.

**Review Results Step 1** – if there are no results, the search of Teams is complete, note the results on your search form, no further steps needed

**Review Results Step 2** – if you do have results, select the items that need detailed review and remember to select "next" if additional results were found that aren't reflect in the top results



BHCWA-359

**Review Results Step 3** – when you hover over a message it will show the "go to message" option, then select message that requires additional review -



**Responsive?**

- If responsive to the FOIA request, following the next steps to produce.  If it is not responsive, move on to review the next result.
- Please note that if the chat is only about the FOIA collection/review/litigation, it is not responsive to the request

**Review Results Step 4** – if responisve, produce the chat by either copying ans pasting into a MS Word Document or doing a screenshot (see last page for steps to add "snip & sketch" to your taskbar for easy screenshots)

### Option 1 – create a screenshot (see next page for app info)



### Option 2 - copy text and paste to a word document

**Scofield, Margaret - FS**5/24 2:57 PM
Hi Eileen - I'm trying to wrap up a release to CBD (my oldest appeal), just downloaded a bunch of files from FX but they are too big for email. Melani made me a shared folder via Pinyon Public, but I'm getting an error message when I try to access

**Review Results Step 5** - use the top left arrows to navigate back to your search results and repeat above steps



BHCWA-360

**Creating Screenshots with Snip and Sketch**

**Step 1** – install by searching for "snip & sketch", then right-click on the app and pin to taskbar



**Step 2** – once you have the image you want to screenshot ready, select the icon, then select new

 

**Step 3** – once "new snip" is selected it will prompt you to outline the image you want to capture



**Step 4** – save the image, name it whatever makes sense, like Teams Chat 1



BHCWA-361

**Supplemental Search for 2021-FS-R2-00696-F**
*Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest*

| Name | Position | Date of search |
|------|----------|----------------|
| Lou Conroy | Forest Environmental Coordinator | 07/29/2022 |

**Requester:** Black Hills Clean Water Alliance
**Date Range for Search:** January 1, 2018 to August 1, 2020

**Requested:** *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|-----------|-------------------|------------------------|
| Hardcopy Files | ☐ Yes<br><br>☒ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes<br><br>☒ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes<br><br>☒ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

**Supplemental Search for 2021-FS-R2-00696-F**

***Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest***

| Name | Position | Date of search |
|------|----------|----------------|
| Chris Stores | Natural Resources Planner | 7/22/22 |

**Requester:** Black Hills Clean Water Alliance
**Date Range for Search:** January 1, 2018 to August 1, 2020

**Requested:** *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|-----------|-------------------|------------------------|
| Hardcopy Files | ☐ Yes<br><br>☒ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes<br><br>☒ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes<br><br>☒ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

**Supplemental Search for 2021-FS-R2-00696-F**

***Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest***

| Name | Position | Date of search |
|---|---|---|
| Jessica Eggers | BHNF, Mystic District, NEPA Planner | 07/22/22 |

**Requester:**  Black Hills Clean Water Alliance
**Date Range for Search:**  January 1, 2018 to August 1, 2020

**Requested:**  *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|---|---|---|
| Hardcopy Files | ☐ Yes<br><br>☒ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes<br><br>☒ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes<br><br>☒ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

BHCWA-364

**Supplemental Search for 2021-FS-R2-00696-F**
*Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest*

| Name | Position | Date of search |
|------|----------|----------------|
| Jim Gubbers | District Ranger | 7/28/22 |

**Requester:** Black Hills Clean Water Alliance
**Date Range for Search:** January 1, 2018 to August 1, 2020

**Requested:** *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|-----------|-------------------|------------------------|
| Hardcopy Files | ☐ Yes<br>☑ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes<br>☑ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes<br>☑ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

BHCWA-365

**Supplemental Search for 2021-FS-R2-00696-F**
***Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest***

| Name | Position | Date of search |
|------|----------|----------------|
| Jerome Krueger | Budget Director | 25 July 2022 |

**Requester:** Black Hills Clean Water Alliance
**Date Range for Search:** January 1, 2018 to August 1, 2020

**Requested:** *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|-----------|-------------------|------------------------|
| Hardcopy Files | ☐ Yes<br><br>☒ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes<br><br>☒ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes<br><br>☒ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

**Supplemental Search for 2021-FS-R2-00696-F**

***Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest***

| Name | Position | Date of search |
|------|----------|----------------|
| Karl M. Emanuel | Zone Geologist | 07/26/2022 |

**Requester:** Black Hills Clean Water Alliance
**Date Range for Search:** January 1, 2018 to August 1, 2020

**Requested:** *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|-----------|-------------------|------------------------|
| Hardcopy Files | ☐ Yes <br><br> ☒ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes <br><br> ☒ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes <br><br> ☒ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

BHCWA-367

**Supplemental Search for 2021-FS-R2-00696-F**
***Exploratory Gold Drilling in the Northern Hills District of the Black Hills National Forest***

| Name | Position | Date of search |
|---|---|---|
| David Porter | Archaeologist | 7/26/2022 |

**Requester:** Black Hills Clean Water Alliance
**Date Range for Search:** January 1, 2018 to August 1, 2020

**Requested:** *any and all agency records created or obtained by the Northern Hills District Office or the Black Hills National Forest Office that relate to exploratory gold drilling in the Northern Hills District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:*

- *All draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018, involving existing or proposed exploration or mines in the Northern Hills Ranger District;*

- *All documentation related to gold-related exploration and mining activities by Mineral Mountain Resources."*

**Supplemental Search for Original Custodians:** Conduct a search for each category and indicate if records were or were not located by checking the appropriate box.

| File Type | Found = Yes or No | Production Suggestions |
|---|---|---|
| Hardcopy Files | ☐ Yes<br><br>☒ No hardcopy files found | If found, coordinate with Josh Sidon (joshua.sidon@usda.gov or 720-556-1191) regarding steps for scanning. |
| Text Messages | ☐ Yes<br><br>☒ No text messages found | If text messages are found on your government issued cellphone, create a screenshot that includes the date and time, if possible. |
| Chats in MS Teams | ☐ Yes<br><br>☒ No chat messages found | See separate instructions on how to conduct a search and produce any chats that are responsive to the request |

Location for Search Results – place responsive files in your individual supplemental search folder, which can be found here.

BHCWA-368